UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | ) ) ) ) | MDL No. 1668 |
| In Re Fannie Mae Securities Litigation | ) ) ) ) | Consolidated Civil Action. No. 1:04-cv-1639 (RLJ) |

**LEAD PLAINTIFFS' RESPONSE TO THE EVERGREEN AND
FRANKLIN PLAINTIFFS' OBJECTIONS TO CONSOLIDATION**

Lead Plaintiffs, the Ohio Public Employees Retirement System and the State Teachers Retirement System of Ohio ("Lead Plaintiffs") respectfully submit this response to the Objections to Consolidation filed by Plaintiffs in the opt-out actions entitled *Evergreen Equity Trust et. al. v. Federal National Mortgage Association, et. al.,* Civil Action No. 1:06-cv-00082 (D.D.C.) ("Evergreen Action") and *Franklin Managed Trust et. al. v. Federal National Mortgage Association et. al.*, Civil Action No. 1:06-cv-00139 (D.D.C.) ("Franklin Action").

On January 17, 2006, Evergreen filed an individual "opt-out" action with this Court. Shortly thereafter, the Franklin Plaintiffs filed an identical individual "opt-out" complaint on January 25, 2006. The Evergreen and Franklin Complaints allege the same core of operative facts concerning accounting violations at the Federal National Mortgage Association ("Fannie Mae") as those alleged in the Amended Consolidated Complaint filed by Lead Plaintiffs on March 4, 2005, and sustained by the Court on February 10, 2006.

Lead Plaintiffs agree that the Evergreen and Franklin plaintiffs have a right to "opt out" of the class action litigation against Fannie Mae. They do *not*, however, have the right to pursue a separate action with teams of additional lawyers with complete discretion to pursue discovery, motions and engage in any other litigation tactic they wish if they disagreed with the strategy pursued by Lead Plaintiffs. Clearly, even in the case of a separate "opt out" action, it is essential that a sensible case management structure be imposed by the Court.

Lead Plaintiffs oppose an absolute consolidation of the Evergreen and Franklin Actions, as proposed by Defendants Fannie Mae and Leanne Spencer in their respective responses to the Objections to Consolidation. Indeed, counsel in the class action and the opt-out actions have separate fiduciary obligations to their respective clients which requires them

1

to proceed with their own complaints. Moreover, the opt-out and the class action are at separate procedural stances – the class action complaint has been sustained and the parties are commencing discovery. In contrast, the opt-out complaints were filed only a month ago and briefing on the motions to dismiss has yet to begun.

Lead Plaintiffs believe the better approach is to follow the case management structure in the *WorldCom* and *Xerox* litigations, with regard to coordination of the opt-out actions and the class action. In fact, counsel for Lead Plaintiffs worked through this very same issue of consolidation with counsel for Evergreen and Franklin in *Carlson v. Xerox Corporation, et. al.*, 3:00CV01621 (D. Conn.) and counsel, in that case, agreed to be bound by this structure. Inexplicitly, here, counsel for Evergreen and Franklin filed its Opposition to Consolidation without first conferring with Lead Plaintiffs and attempting to reach an agreement – the same one reached in the *Xerox* case. Lead Plaintiffs posit that what was amendable to Evergreen and Franklin's counsel in *Xerox* should also be agreeable here.

In *Xerox*, the individual action and class action agreed to be consolidated as follows:

- The individual opt-out action would be coordinated for all pre-trial proceedings with the class action litigation;

- All discovery would be coordinated through class counsel in consultation with counsel for the opt-out action;

- Counsel in the opt-out action could serve its own discovery, to the extent it was non-duplicative of the discovery requests served in the class action;

- Counsel in the opt-out action could notice witness or party depositions only to the extent they identify a prospective witness to class counsel and class counsel does not intend to take that deposition;

- Class counsel shall take the lead in the questioning of witnesses at depositions, though counsel in the opt-out action may ask non-duplicative questions of the witnesses; and

- Counsel in the opt-out action could enter into settlement negotiations on behalf of their action only.

*See Carlson v. Xerox Corporation, et. al.*, 3:00CV01621 (D. Conn.), Third Superceding Order Consolidating Actions, attached hereto as Exhibit A.

This very same approach was also endorsed by Judge Cote in the *WorldCom* securities litigation. *See In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2003 U.S. Dist. LEXIS 8525, at *18-20 (S.D.N.Y. May 22, 2003) (attached hereto as Exhibit B). As in the *Xerox* litigation, Judge Cote placed the class action lead counsel in charge of discovery, while allowing counsel in the individual actions to request, through lead plaintiff, any non-duplicative discovery and to ask any non-duplicative questions at depositions. *Id.*

With regard to discovery, the Evergreen and Franklin Actions involve the same course of conduct by Fannie Mae and involve common questions of law and fact as alleged by Lead Plaintiffs in the class action. Regardless of how these facts are pled, including whether state law claims are pled, the discovery parameters in both cases are the same. *See Worldcom*, 2003 U.S. Dist. LEXIS 8525, at 12-13 (noting individual action and class action "all stem from the same course of conduct . . . [i]t is not apparent that there will be any discovery of any defendant that will be unique to any Individual Action" and that "it is highly unlikely that any additional discovery will be required to support state law claims."). Furthermore, since the class action is the lead action, its counsel should govern the bounds of discovery, except to the extent there are unique claims asserted in the opt-out action.[1]

Lead Plaintiffs believe the proposed Order (attached as Exhibit C), which incorporates the approach used in *Xerox* and *WorldCom*, best addresses the concerns of all the parties by

---

[1] When the opt-out plaintiffs are entitled to discovery, and whether they are subject to a stay of discovery under the Private Securities Litigation Reform Act remains an open question. In any event, the class' right to begin discovery now should not be curtailed or hampered in any way.

avoiding gross inefficiencies of duplicate actions, allowing the class action to remain unimpeded and preserving the constitutional right of the opt-out action to proceed.

## CONCLUSION

For all of the foregoing reasons, Lead Plaintiffs respectfully request that this Court enter the attached Order coordinating the Evergreen and Franklin Actions with the Class Action.

Dated: March 1, 2006               Respectfully submitted,

    ATTORNEY GENERAL OF OHIO
    JIM PETRO

    WAITE, SCHNEIDER, BAYLESS
    & CHESLEY CO., L.P.A.
    /s/ Stanley M. Chesley
    Stanley M. Chesley (Ohio Bar #0000852)
    James R. Cummins (DC Bar #OH0010)
    Melanie S. Corwin (Ohio Bar #0046513)
    1513 Fourth & Vine Tower
    One West Fourth Street
    Cincinnati, Ohio 45202
    Telephone: (513) 621-0267
    Facsimile: (513) 621-0262
    E-mail:  jcummins@wsbclaw.com

    *Special Counsel for the Attorney General of Ohio and Lead Counsel for Lead Plaintiffs Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio*

    BERMAN DEVALERIO PEASE TABACCO
    BURT & PUCILLO
    /s/ Jeffrey C. Block
    Jeffrey C. Block
    Kathleen M. Donovan-Maher
    Julie A. Richmond
    One Liberty Square
    Boston, MA 02109
    Telephone: (617) 542-8300
    Facsimile: (617) 542-1194

        Email: jblock@bermanesq.com

        *Co-Lead Counsel for Lead Plaintiffs Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio*

        COHEN, MILSTEIN, HAUSFELD
        & TOLL, P.L.L.C.
        /s/ Steven J. Toll
        Steven J. Toll (DC Bar #225623)
        Daniel S. Sommers (DC Bar #416549)
        Matthew K. Handley
        1100 New York Avenue, N.W.
        Washington, D.C. 20005
        Telephone: (202) 408-4600
        Facsimile: (202) 408-4699
        E-mail: stoll@cmht.com

        *Local Counsel for Lead Plaintiffs Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio*

OF COUNSEL:

BARRETT & WEBER L.P.A.
Michael R. Barrett (0018159)
Suite 500, 105 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 721-2120
Facsimile: (513) 721-2139
E-mail: mrbarrett@barrettweber.com
*Special Counsel for the Attorney General Of Ohio*

STATMAN, HARRIS, SIEGEL
  & EYRICH, LLC
Alan J. Statman (0012045)
Jeffrey P. Harris (0023006)
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202-2912
Telephone: (513) 621-2666
Facsimile: (513) 587-4477
E-mail: ajstatman@shselegal.com
E-mail: jharris@shselegal.com

5