# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Russell Carlson, | Civil No.3:00CV01621 (AWT) |
| v. | |
| Xerox Corporation, et al. | |
| | |
| MASTER CASE | |
| | |
| Florida State Board of | Civil No.3:02CV01303 (AWT) |
| Administration, et al. | |
| v. | |
| Xerox Corporation, et al. | |
| | |
| MEMBER CASE | |

### THIRD SUPERCEDING ORDER
### CONSOLIDATING ACTIONS

    This order shall govern the consolidation of all
pre-trial proceedings in the above-captioned actions.

1.  The action captioned <u>Florida State Board of
    Administration, et al. v. Xerox Corporation, et al.</u>,
    3:02CV01303 (AWT) ("<u>FSBA</u> Action") shall be coordinated
    for all pre-trial proceedings with <u>Carlson v. Xerox
    Corporation, et al.</u>, 3:00CV01621 (AWT) ("Class
    Action").

2.  All discovery, including but not limited to document
    requests, interrogatories, depositions, requests to
    admit and any and all motions directed thereto shall be
    coordinated through Class Counsel in cooperation with
    and in consultation with counsel for the <u>FSBA</u> Action.

3.    The <u>FSBA</u> Action is subject to Section V of the Second
      Superceding Order Consolidating the Actions and
      Scheduling the Initial Phase of the Case, dated June 4,
      2001, as modified by the Superceding Order Appointing
      Lead Plaintiffs, Counsel and Liaison Counsel, dated
      January 4, 2002, except as provided herein:

      a.    Counsel for the <u>FSBA</u> Action may serve discovery
            requests, including document requests, third-party
            subpoenas, interrogatories and requests to admit,
            only to the extent they are non-duplicative of the
            discovery requests served in the Class Action, and
            to the extent that when combined with the Class
            Action discovery requests, are still within the
            limits prescribed by the rules or the court;

      b.    Class Counsel and counsel for the <u>FSBA</u> Action
            shall coordinate to ensure that the service of any
            document requests is timed in such a manner so as
            to avoid defendants having to review the same
            files multiple times;

      c.    Any and all documents produced in the Class Action
            shall be maintained at a document depository and
            the parties to the <u>FSBA</u> Action shall have access
            to such documents and further shall be entitled to
            make a copy of any or all documents in the
            depository at their own expense;

2

d.  Counsel for the FSBA Action may notice witness or party depositions only to the extent they identify a prospective witness to Class Counsel and (i) Class Counsel informs the counsel for the FSBA Action that they do not intend to take that deposition or (ii) by 120 days prior to the close of discovery Class Counsel have not noticed that deposition;

e.  Class Counsel shall take the lead in the questioning of witnesses at depositions and shall proceed in cooperation with counsel for the FSBA Action to allow sufficient time for counsel for the FSBA Action to ask non-duplicative questions of witnesses;

f.  Class Counsel and counsel for the FSBA Action shall coordinate to ensure that (i) the total number of depositions taken does not exceed the applicable limits prescribed by the rules or the court and (ii) the questioning of deponents shall not exceed the applicable time limitations prescribed by the rules or the court.

g.  Counsel for the FSBA Action may, at any time, enter into settlement negotiations on behalf of their action only.

3

4.  Class Counsel shall not bind the <u>FSBA</u> Action with

regard to settlement.

It is so ordered.

Dated this 8th day of November 2002, at Hartford,

Connecticut.

Alvin W. Thompson
United States District Judge

NOV 1 5 2002

# EXHIBIT B

*2003 U.S. Dist. LEXIS 8525, \**

IN RE WORLDCOM, INC. SECURITIES LITIGATION; This Document Relates to: ALL ACTIONS

MASTER FILE 02 Civ. 3288 (DLC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2003 U.S. Dist. LEXIS 8525

May 22, 2003, Decided

**SUBSEQUENT HISTORY:** Later proceeding at In re WorldCom, Inc. Sec. Litig., 2003 U.S. Dist. LEXIS 8972 (S.D.N.Y., May 28, 2003)

**PRIOR HISTORY:** In re WorldCom, Inc. Sec. Litig., 294 B.R. 553, 2003 U.S. Dist. LEXIS 8410 (S.D.N.Y., 2003)

**DISPOSITION:** Court consolidated cases for purposes of pretrial proceedings.

## CASE SUMMARY

**PROCEDURAL POSTURE:** In this securities litigation, plaintiffs to the individual actions and the class actions against defendant, a communications company, presented proposed orders regarding consolidation. The court explained the reasons for consolidating the actions for pretrial purposes and the form of the consolidation.

**OVERVIEW:** The individual actions were filed in various state courts and were drafted around the removal and class action provisions of the federal securities statutes. They were then removed to federal court on the basis that they were "related to" the company's bankruptcy and thus subject to federal jurisdiction. The individual actions pleading solely Securities Act of 1933 claims were properly removed and were subject to federal jurisdiction under 28 U.S.C.S. § 1334. Several significant policies drove the decision to consolidate the actions for pre-trial purposes and to organize the pre-trial phases of the litigation. One important consideration was the preservation of assets for distribution to plaintiffs. Another important consideration was the need to respect the decision of any plaintiff to choose her own counsel, and ultimately, to decide to opt out of any class that might be certified. Similarly, it was essential that every individual action be in a position to participate effectively in settlement discussions. Finally, given the number of individual actions already filed, it was essential that there be a sensible structure in place for coordinating the individual actions.

**OUTCOME:** The court entered an order consolidating the securities litigation against the company and indicated the form of the consolidation.

**CORE TERMS:** discovery, Securities Act, removal, offerings, federal jurisdiction, settlement, class action, state law, consolidation, coordination, permission, assigned, Exchange Act, actions filed, plead, motion practice, defense counsel, action filed, law firm, duplicative, pre-trial, asserting, motions to dismiss, federal law, jurisdictional, addressing, mandatory, driven, joined, steering committee

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Securities Law > Additional Offerings, Disclosure & the Securities Exchange Act of 1934 > Scope & Jurisdiction > Federal Jurisdiction

*HN1* The Securities Act of 1933 and the Securities Exchange Act of 1934 (Exchange Act), as amended by the Private Securities Litigation Reform Act of 1995 and by the Securities

Litigation Uniform Standards Act of 1998, certain provisions do not apply to securities litigation. 15 U.S.C.S. § 78a(a) of the Exchange Act provides exclusive federal jurisdiction over Exchange Act claims, which may be removed to federal court pursuant to 28 U.S.C.S. § 1441. Section 1441 also allows removal of claims that are joined with claims over which federal courts have jurisdiction. 28 U.S.C.S. § 1441(c).  More Like This Headnote

Securities Law > Initial Public Offerings & the Securities Act of 1933 > Jurisdiction 🔍

*HN2*⬇The Securities Act of 1933 (Securities Act) provides that state and federal courts have concurrent jurisdiction over Securities Act claims and bars the removal to federal court of cases arising under the Securities Act filed in state court. 15 U.S.C.S. § 77v
(a).  More Like This Headnote | *Shepardize: Restrict By Headnote*

Securities Law > Bases for Liability > Private Securities Litigation 🔍

Securities Law > Bases for Liability > Remedies 🔍

*HN3*⬇The Private Securities Litigation Reform Act of 1995 (PSLRA) amends the securities laws by enacting a number of procedural reforms for securities actions filed in federal court. In 1998, finding that class action plaintiffs were avoiding the PSLRA reforms by filing in state court, Congress enacted Securities Litigation Uniform Standards Act of 1998 (SLUSA). SLUSA preempts many state law claims to the extent that they were asserted in a securities class action and makes the removal of certain class actions based on federal claims mandatory. 15 U.S.C.S. § 77p. SLUSA also creates an exception to the bar to removal of Securities Act claims by providing for the mandatory removal of all "covered class actions." 15 U.S.C.S. § 77p
(c).  More Like This Headnote | *Shepardize: Restrict By Headnote*

Securities Law > Bases for Liability > Remedies 🔍

*HN4*⬇The definition of a "covered class action" includes any single class action lawsuit seeking damages on behalf of more than 50 persons. 15 U.S.C.S. § 77p(f)(2)(A).  More Like This Headnote

Civil Procedure > Removal > Basis for Removal 🔍

*HN5*⬇The combined effect of the jurisdictional provisions of the securities laws and the procedural reforms is to create federal removal jurisdiction over Securities Exchange Act of 1934 claims, covered class actions, and Securities Act of 1933 (Securities Act) claims joined with other removable claims. If there were no other basis for federal jurisdiction, such as diversity or the federal jurisdiction created by the bankruptcy code, actions filed on behalf of individual plaintiffs in state court pleading solely Securities Act claims would not be removable.  More Like This Headnote | *Shepardize: Restrict By Headnote*

**COUNSEL:**  **[\*1]**  For HGK Asset Management Lead, PLAINTIFF: Christopher Lometti, Schoengold & Sporn, PC, New York, NY USA. Ashley H Kim, Schoengold & Sporn, PC, New York, NY USA.

For The Albert Fadem Trust, Bruce A Fadem, PLAINTIFFS: Victor E Stewart, Lovell & Stewart, LLP, New York, NY USA. Christopher Lovell, Lovell & Stewart, LLP, New York, NY USA. Christopher J Gray, Lovell & Stewart, LLP, New York, NY USA.

For Bernard J Ebbers, DEFENDANT: David Franklin Wertheimer, Epstein, Becker & Green, PC, New York, NY USA. R David Kaufman, Brunini Grantham Grower & Hewes, PLLC, Jackson, MI USA. R David Kaufman, Brunini, Grantham, Grower & Hewes, Jackson, MI USA. M Patrick McDowell, Brunini, Grantham, Grower & Hewes, Jackson, MI USA.

For Arthur Anderson, LLP, DEFENDANT: Jonathan J Walsh, Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, NY USA.

For H Carl McCall Lead, PLAINTIFF: John P Coffey, Bernstein, Litowitz, Berger & Grossman, LLP, New York, NY USA. Max W Berger, Bernstein, Litowitz, Berger & Grossman, LLP, New York, NY USA. J Erik Sandstedt, Bernstein, Litowitz, Berger & Grossman, LLP, New York, NY USA.

For Salomon Smith Barney, Inc, Citigroup Inc, Jack Grubman, CONSOLIDATED **[*2]** DEFENDANTS: Martin London, Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY USA.

**JUDGES:** DENISE COTE, United States District Judge.

**OPINIONBY:** DENISE COTE

**OPINION:**

DENISE COTE, District Judge:

Actions asserting individual (as opposed to class) claims ("Individual Actions") and class actions against WorldCom, Inc. ("WorldCom") and those associated with WorldCom have been assigned to this Court by the Judicial Panel on Multi-district Litigation ("MDL"). The class actions were consolidated through an Order of August 15, 2002 into an action referred to as the Securities Litigation and Bernstein Litowitz Berger & Grossman LLP and Barrack Rodos & Bacine were selected as co-Lead Counsel ("Lead Counsel").

On December 23, 2002, the Court found that the Individual Actions and the Securities Litigation involve common questions of law and fact and that consolidation of these actions for pretrial proceedings is necessary to achieve economies for the parties and the Court and to achieve substantial justice for the parties. The parties to the Individual Actions and the Securities Litigation thereafter presented proposed orders regarding consolidation. This Opinion explains the reasons **[*3]** for consolidating these actions for pretrial purposes and for the form that that consolidation takes.

The Legal Landscape

The existence of a plethora of Individual Actions filed in state courts appears to be driven at least in part by the desire of counsel to escape the consolidation or coordination of their actions with other related WorldCom litigation, a coordination facilitated by the filing of an action in federal court and by the MDL process. In an apparent effort to avoid such coordination, the Individual Actions were filed in state courts across the nation and were drafted around the removal and class action provisions of the current federal securities statutes.

*HN1*The Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), set forth certain jurisdictional provisions that are particularly pertinent to this litigation. n1 The Exchange Act, 15 U.S.C. § 78a(a), provides exclusive federal jurisdiction over Exchange Act claims, which may be removed to federal **[*4]** court pursuant to Section 1441 of Title 28 of the United States Code. Section 1441 also allows removal of claims that are joined with claims over which federal courts have jurisdiction. 28 U.S.C. § 1441(c). As a consequence, none of the Individual Actions includes Exchange Act claims, such as claims asserting securities fraud pursuant to 15 U.S.C. § 10(b), or control person liability pursuant to 15 U.S.C. § 20(a).

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 This portion of the Opinion summarizes the more detailed discussion of federal jurisdiction under the securities laws found in this Court's Opinion addressing a motion to remand filed by one of the Individual Actions. See In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 2003 U.S. Dist. LEXIS 2790, No. 02 Civ. 3288 (DLC), 2003 WL 716243, at *13-17 (S.D.N.Y. Mar. 3, 2003).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

*HN2*The Securities Act, in contrast, provides that state and federal courts have concurrent jurisdiction over Securities Act claims and bars the removal to federal court of cases arising under **[*5]** the Securities Act filed in state court. 15 U.S.C. § 77v(a). The Individual Actions plead either Securities Act claims or state law claims or both.

Another element of the securities laws that has affected the nature of these actions are the class action

removal provisions. These ... amended the securities laws by ... a model of procedural reforms for securities actions filed in federal court. In 1998, finding that class action plaintiffs were avoiding the PSLRA reforms by filing in state court, Congress enacted SLUSA. SLUSA preempted many state law claims to the extent that they were asserted in a securities class action and made the removal of certain class actions based on federal claims mandatory. n2 15 U.S.C. § 77p. SLUSA also created an exception to the bar to removal of Securities Act claims by providing for the mandatory removal of all "covered class actions." 15 U.S.C. § 77p(c). As a consequence, as their designation indicates, none of the "Individual" Actions is plead as a class action.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 HN4 The definition of a "covered class action" includes any single class action lawsuit seeking damages on behalf of more than fifty persons. 15 U.S.C. § 77p(f)(2)(A).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*6]

HN5 The combined effect of the jurisdictional provisions of the securities laws and the procedural reforms is to create federal removal jurisdiction over Exchange Act claims, covered class actions, and Securities Act claims joined with other removable claims. If there were no other basis for federal jurisdiction, such as diversity or the federal jurisdiction created by the bankruptcy code, actions filed on behalf of individual plaintiffs in state court pleading solely Securities Act claims would not be removable.

Removal and Transfer of Individual Actions

The Individual Actions were removed to federal court on the basis that they were "related to" WorldCom's bankruptcy and thus subject to federal jurisdiction. By Opinion dated March 3, 2003, n3 this Court determined that Individual Actions pleading solely Securities Act claims were properly removed and are subject to federal jurisdiction pursuant to Section 1334 of Title 28 of the United States Code.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 The March 3 Opinion addressed the motion to remand filed by the New York City Employees' Retirement System, in which forty-one Individual Actions represented by Milberg Weiss Bershad Hynes & Lerach were permitted to intervene. By Opinion and Order dated May 5, 2003, this Court held that those Individual Actions that had timely moved to remand were subject to federal jurisdiction pursuant to Section 1334 and denied the motions to remand.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*7]

The MDL has already transferred many removed actions to this Court, and is reviewing other motions for transfer and, in some instances, opposition to those motions. The following Individual Actions are among those pending either before this Court or in courts across the nation: (1) scores of lawsuits filed by fifty or more pension funds that are represented by Milberg Weiss Bershad Hynes & Lerach ("Milberg Weiss Actions"); (2) the New York City Employees' Retirement Systems ("NYCERS") action filed by Lowey Dannenberg Bemporad & Selinger, P.C.; (3) the Sun Trust Bank and Trusco Capital Management action ("Sun Trust") filed by Goodkind Labaton Rucioff & Sucharow LLP; (4) the Regents of the University of California ("Regents") action filed by Cotchett, Pitre, Simon & McCarthy; (5) the action on behalf of six Ohio pension funds ("Ohio Funds") filed by Grant & Eisenhofer; (6) the Railways Pension Trustee Company, Ltd. action filed by Baach Robinson & Lewis PLLC; and (7) at least thirteen actions filed in Mississippi by groups of individuals represented by Wayne E. Ferrell ("Mississippi Actions"). The thirteen Mississippi Actions are filed on behalf of 86 individual investors. Mr. Ferrell [*8] represents that he intends to bring "other actions on behalf of our hundreds of other individual-investor-clients in the near future."

Case Management Considerations

for pre-trial purposes and to organize the pre-trial phases of the litigation in the way described below. One important consideration is the preservation of assets for distribution to plaintiffs.

It is alleged that the defendants committed serious violations of law that resulted in massive damages to victims of those violations. Should the plaintiffs prevail at trial or through a settlement in obtaining a recovery on their claims, it is important to preserve as many of the defendants' assets as possible for distribution to the victims.

Counsel for the Individual Actions contend that the Court need not be concerned about whether the separate filing of Individual Actions will waste assets that should go to the victims since they have retainer agreements with their clients and their attorney's fees will not be subject to court supervision. That argument looks at these issues too narrowly. To the extent that any defendant's [*9] liability is covered by a "wasting" insurance policy, and at least some of the defendants are insured under such policies, then the recovery of all victims, including those in Individual Actions, may very well be reduced by the attorney's fees spent to defend against WorldCom litigation. To the extent that those attorney's fees are incurred because of wasteful, duplicative litigation, that is a disservice to the victims and a failure of the court system. Even if a defendant's policy is not a "wasting" policy, it can be expected that the flexibility of defendants in settlement discussions will be affected by the amount of money they have already spent in defending a litigation.

Another important consideration is the need to respect the decision of any plaintiff, large or small, to choose her own counsel, and ultimately, to decide to opt out of any class that may be certified. In this connection, any plan for discovery and motion practice must recognize that, in the event that an Individual Action is not dismissed or settled while pending before this Court, it will be returned to its originating federal district court for trial, and needs to be trial ready. Therefore, the plaintiffs [*10] and defendants in the Individual Actions must have a full and fair opportunity for discovery.

In a similar vein, it is essential that every Individual Action be in a position to participate effectively in any settlement discussions. Meaningful participation will require their counsel to be fully informed about the litigation, including having access to any information learned during the course of discovery and to have an opportunity to ensure that the discovery conducted is sufficient to meet the needs of their action.

Given the number of Individual Actions already filed, and the representation by Mississippi counsel that they intend to bring many more, it is essential that there be a sensible structure in place for coordinating the Individual Actions. A failure to establish such a structure will be wasteful for everyone. Without a working structure, defense counsel, Lead Counsel and the Court will have to spend time addressing the same issues repeatedly with the many different law firms representing plaintiffs in the Individual Actions. This is not only inefficient and costly, but will also divert resources from the merits of the WorldCom litigation and result in unnecessary delay. [*11] n4

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n4 One example of inefficiency will suffice. In response to the proposed consolidation order prepared by plaintiffs in the Securities Litigation, the Court received eight separate submissions from five different law firms representing plaintiffs or groups of plaintiffs in the Individual Actions, including one filed after the cut-off date for the submissions. For the most part, these submissions made the same points.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Any choice made about the structure of the pre-trial process should be informed by the facts at issue in the WorldCom litigation. As noted in the December 23 Order, the Individual Actions and the Securities Litigation involve common question of law and fact. They all stem from the same course of conduct by WorldCom and those associated with WorldCom. It is not apparent that there will be any discovery of any defendant that will be unique to any Individual Action.

Plaintiffs' counsel in the Individual Actions have identified two issues that they contend will require a different course of [*12] discovery from that which must be pursued in the Securities Litigation: n5 (1) claims based on bonds that are not at stake in the Securities Litigation and the due diligence

related to ... ... claim ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...ng. It does not now appear that either of these issues should require any separate discovery of the defendants.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n5 Sun Trust has asserted a claim under Section 18 of the 5 Securities Act. This theory of liability is the only federal law claim that does not appear in the Complaint filed in the Securities Litigation. Sun Trust has not identified any discovery unique to this claim.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

The Complaint in the Securities Litigation brings claims based on two massive bond offerings during the class period: the May 2000 and May 2001 offerings. Not surprisingly, given the size of these two offerings, claims based on one or both of these offerings are present in almost every Individual Action. In addition, some of the Individual Actions bring claims [*13] based on other bond offerings including offerings of April 1997, April 1998, and August 1998, and a private placement of December 2000 (collectively, the "Individual Action Bonds"). Whatever misrepresentations and omissions are associated with the Individual Action Bonds, however, they all arise from the same underlying course of conduct that serves as the basis for the claims addressed to the May 2000 and May 2001 bond offerings, and indeed, for the claims in the Securities Litigation addressed to the trading in WorldCom's equity securities. The complaints in the Individual Actions make this point emphatically. They do not rely on any issue, such as an accounting irregularity, not set forth fully in the complaint in the Securities Litigation.

Conversely, whether or not the Individual Action Bonds are pleaded as the basis of claims in the Securities Litigation, it is in any event likely that they will be included in the discovery taken in the Securities Litigation since it will no doubt be important for that action to explore in discovery the genesis of the alleged accounting fraud at WorldCom and to establish what each defendant learned or failed to learn about that [*14] fraud from its beginning.

The counsel in the Individual Actions do not explain how any state law claims they have pleaded or may plead will affect discovery. Since the federal law claims in the Securities Litigation are based on both strict liability and fraud theories it is highly unlikely that any additional discovery will be required to support state law claims. With these principles in mind, the following organization appears best suited to the WorldCom litigation that raises securities claims. n6

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n6 Litigation asserting ERISA claims arising out of the collapse of WorldCom is also pending before this Court. In re WorldCom, Inc. ERISA Litigation, No. 02 Civ. 4816 (DLC) ("ERISA Litigation"). The coordination of discovery between the Securities Litigation and the ERISA Litigation will be the subject of a separate order.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Organizational Structure for Individual Actions

Counsel in the Individual Actions have been required to choose one law firm ("Liaison Counsel") to communicate with [*15] the Court and with plaintiffs' counsel in the Securities Litigation. n7 They have chosen Lowey Dannenberg Bemporad & Selinger, P.C., cocounsel for NYCERS.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n7 Milberg Weiss, counsel for Sun Trust, and counsel for NYCERS originally proposed a management structure for the Individual Actions composed of their three law firms as well as the law firm for the

Regents. Case 1:05-cv-01198-RJL suggest a steering committee of five law firms. In effect, this proposed structure would permit every law firm representing a significant pension fund to participate except for counsel for Railways Pension Trustee Company and would shut out the Mississippi Actions from the steering committee. Not surprisingly, counsel for the Mississippi Actions has objected to its exclusion from this proposed structure. Liaison Counsel shall consult with, and where appropriate incorporate the requests and views of all counsel in the Individual Actions, including counsel for the Mississippi Actions.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*16]**

A draft of the Consolidation Order this Court proposes to issue will be circulated as an attachment to the Order issued concurrently with this Opinion ("May 22 Order"). The May 22 Order directs Lead Counsel, Liaison Counsel and defense counsel in the Securities Litigation to provide the Court with any proposed revisions to the draft by May 27, 2003. A summary of the case management provisions more fully set forth in the draft follows:

All communication with defense counsel regarding discovery shall be through Lead Counsel. Liaison Counsel will communicate all appropriate requests for discovery or concerning litigation strategy by plaintiffs' counsel in any Individual Action to Lead Counsel. If any plaintiff's counsel in any Individual Action believes that Liaison Counsel has not sufficiently presented his views, he may apply to the Court for permission to make a separate submission to the Court or for permission to contact Lead Counsel directly.

Pleadings

To preserve their rights and to identify precisely what issues will be tried in each case, the Individual Actions must file amended complaints by July 11, 2003, or in the case of actions not yet assigned to this Court, **[*17]** within twenty-one days of transfer to this Court or by July 11, 2003, whichever is later. No further amendments will be permitted thereafter without permission of the Court.

The requirement to answer or move with respect to any complaint filed in an Individual Action is stayed. The May 19, 2003 decision on the motions to dismiss filed in the Securities Litigation has given all parties sufficient guidance as to the likely outcome of any motion practice regarding any federal claim brought through an Individual Action. In this regard it is noteworthy that the motions to dismiss the claims in the Securities Litigation brought under <u>Sections 11, 12(a)(2)</u> and <u>15 of the Securities Act</u> were denied in their entirety.

Counsel in the Individual Actions ask that the defendants be required to respond separately to each of their complaints. Milberg Weiss, in particular, argues that separate responses will not be a drain of significant assets since the allegations regarding the misrepresentations in each of the bond offerings for the years 1997 through 2001 are "similar." Counsel for the defendants request that a single consolidated complaint be filed in the Individual Actions and that **[*18]** they be permitted to submit one answer or motion to dismiss in response to that single complaint. They strenuously object to responding to each complaint filed in an Individual Action. They assert that responding to each Individual Action's complaint would entail significant duplicative costs since it would require individualized responses to each of the complaints.

The litigation represented by the Individual Actions is to a great extent duplicative of the Securities Litigation. At this time, it is unnecessary to require any answer or motion practice in response to the claims in the Individual Actions.

Discovery

Plaintiffs' discovery will be conducted by Lead Counsel. Liaison Counsel and Lead Counsel shall agree upon a procedure that will give plaintiffs' counsel in the Individual Actions a reasonable opportunity to request through Liaison Counsel additions and deletions from any discovery request crafted by Lead Counsel, and to otherwise permit the discovery in the Securities Litigation to be conducted after Lead Counsel has given appropriate consideration to the views of counsel in the Individual Actions as conveyed through their Liaison. Should any counsel in **[*19]** an Individual Action believe that his views are not being appropriately incorporated into the discovery process, Liaison Counsel, or if necessary the dissenting attorney, may seek the Court's intervention.

one or more Individual Actions are identified to the Court and permission is obtained to conduct such separate discovery. The discovery taken in the Securities Litigation shall apply to each of the WorldCom civil actions assigned to this Court. n8 Subject to their execution of any pertinent confidentiality agreements, plaintiffs in each Individual Action shall have access to all of the discovery taken in the Securities Litigation.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n8 This requirement is subject to the terms of any order to be issued in the WorldCom ERISA Litigation.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Unless otherwise ordered by the Court, an individual will only be deposed one time and that deposition may be used in any of the WorldCom actions assigned to this **[*20]** Court. The depositions taken by plaintiffs will be conducted by Lead Counsel. If there is any non-duplicative questioning identified as unique and necessary to any of the Individual Actions, one attorney on behalf of the Individual Actions may conduct that questioning according to guidelines to which Lead Counsel and Liaison Counsel have agreed. This arrangement will address the concerns of plaintiffs' counsel in the Individual Actions that they should not be precluded from conducting any "nonduplicative" examination of a witness.

Any discovery that a defendant wishes to take that is unique to any Individual Action will await the completion of discovery in the Securities Litigation. If the Individual Actions wish at any stage to establish a document depository separate from that created for the Securities Litigation they may do so at their own expense.

Settlement

All counsel will be given an opportunity and are encouraged to participate in settlement discussions. The Magistrate Judge supervising settlement discussions has authority to decide on the mechanisms to give everyone an opportunity for full participation. The Magistrate Judge will have full authority to **[*21]** decide whether the Liaison Counsel mechanism or some other mechanism is appropriate to facilitate settlement discussions in the Individual Actions.

SO ORDERED:

Dated: New York, New York

May 22, 2003

DENISE COTE

United States District Judge

Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 8525**
View: Full
Date/Time: Tuesday, February 28, 2006 - 10:22 AM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
Ⓠ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
❶ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis  | Terms & Conditions
Copyright ©  2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | ) ) ) ) | **MDL No. 1668** |
| **In Re Fannie Mae Securities Litigation** | ) ) ) ) | **Consolidated Civil Action. No. 1:04-cv-1639 (RLJ)** |

## [PROPOSED] ORDER CONSOLIDATING ACTIONS

This Order shall govern the consolidation of all pre-trial proceedings in *Evergreen Equity Trust et. al. v. Federal National Mortgage Association, et. al.,* Civil Action No. 1:06-cv-00082 (D.D.C.) ("Evergreen"), *Franklin Managed Trust et. al. v. Federal National Mortgage Association et. al.*, Civil Action No. 1:06-cv-00139 (D.D.C.) and the above-captioned action.

1.    The actions captioned *Evergreen Equity Trust et. al. v. Federal National Mortgage Association, et. al.,* Civil Action No. 1:06-cv-00082 (D.D.C.) ("Evergreen Action"), and *Franklin Managed Trust et. al. v. Federal National Mortgage Association et. al.*, Civil Action No. 1:06-cv-00139 (D.D.C.) ("Franklin Action") shall be coordinated for all pre-trial proceedings with *In Re Fannie Mae Securities Litigation,*No. 1:04-c v-1639 (RLJ) ("Class Action").

2.    All discovery, including but not limited to document requests, interrogatories, depositions, requests to admit and any and all motions directed thereto shall be coordinated through Lead Counsel in the Class Action.

3.    The Evergreen Action and Franklin Action may serve discovery requests, including document requests, third-party subpoenas, interrogatories and requests to admit, only to the extent they are non-duplicative of the discovery requests served in the Class Action;

4.    Any and all documents produced in the Class Action shall be maintained on an electronic document depository and the parties to the Evergreen Action and Franklin Action shall have access to such documents at their own expense, and further shall be entitled to make a copy of any or all documents in the depository at their own expense, so long as there is no stay of discovery in place in the Evergreen or Franklin Actions;

5.    The Evergreen Action and Franklin Action may notice witness or party depositions only to the extent they identify a prospective witness to counsel in the Class Action and (i) Class Action counsel informs the Evergreen Action and the Franklin Action that they do not intend to take that deposition or (ii) by 120 days prior to the close of discovery counsel in the Class Action have not noticed that deposition;

6.    Class Counsel shall take the lead in the questioning of witnesses at depositions and shall proceed in cooperation with counsel for the Evergreen Action and Franklin Action to allow sufficient time within the prescribed time limits for such counsel to ask non-duplicative questions of witnesses;

7.    The Evergreen Action and Franklin Action may, at any time, enter into settlement negotiations on behalf of its action only.

8.    No action undertaken by counsel for the Evergreen Action and Franklin Action shall in any way be binding upon the Class Action and no action undertaken by Class Action counsel shall in any way effect the ultimate resolution of the Evergreen Action or Franklin Action or trial of when that action may occur.

SO ORDERED THIS __ day of _____, 2006


_____
Richard J. Leon
United States District Judge