UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In Re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon |

**DEFENDANT FANNIE MAE'S SUPPLEMENTAL REPLY IN
FURTHER RESPONSE TO OBJECTIONS TO CONSOLIDATION**

Defendant Fannie Mae, through undersigned counsel, hereby files this supplemental reply in further response to objections to consolidation of the Evergreen and Franklin Templeton actions with the above-captioned action. For the reasons set forth below, Fannie Mae respectfully requests that the Court reject the coordination proposed by the Evergreen and Franklin Templeton Plaintiffs (collectively, the "Opt-Out Plaintiffs") and keep the Evergreen and Franklin Templeton actions consolidated with the above-captioned action for all purposes through final judgment pursuant to the Court's December 16, 2004 Consolidation Order.[1]

ARGUMENT

During oral argument, the Opt-Out Plaintiffs, apparently conceding the existence of common questions of law and fact, repeatedly asserted that the Evergreen and Franklin Templeton complaints should be coordinated, not consolidated, with the above-captioned action. Ignoring the fact that Federal Rule of Civil Procedure 42(a) clearly envisions consolidation as the

- 1 -

appropriate procedural device, the Opt-Out Plaintiffs nevertheless argue that the cases should be coordinated because Fannie Mae failed to demonstrate why consolidation was more appropriate. Not surprisingly, the Opt-Out Plaintiffs have not cited a single case for their assertion that the burden is on Fannie Mae to establish that consolidation is more appropriate than coordination. Setting aside the fact that the Opt-Out Plaintiffs' burden-shifting argument is unsupportable as a matter of law, consolidation is, in fact, more appropriate than coordination in this case for at least three reasons as set forth below.

First, Federal Rule Civil Procedure 42(a) expressly contemplates consolidation of separate actions where, as here, they involve common questions of law and fact and are pending before the same court. *See, e.g.*, *Clarke v. Cash*, 840 F. Supp. 158, 160 (D.D.C. 1993). The Opt-Out Plaintiffs made the affirmative decision to file their complaints in the same court in which the main securities class action is currently pending, and the Opt-Out Plaintiffs concede that these actions involve common questions of law and fact. Thus, consolidation through final judgment is clearly appropriate. *See, e.g., In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 436 (S.D. Tex. 2002) (ordering consolidation despite one set of plaintiffs' objection that they intended to bring their claims individually, not as part of a class action, and another set of plaintiffs' proposed coordination).

Second, courts have generally supported coordination *only where consolidation is unavailable* because the related proceedings are pending before different courts. *See, e.g.*, *In re Bridgestone/Firestone, Inc. Tires Prods. Liability Litig.*, 205 F.R.D. 535, 536 (noting that federal cases in the MDL were consolidated and that the MDL was coordinated with state court cases); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Frasch*, 751 F. Supp. 1075, 1080 (S.D.N.Y. 1990)

---

[1] Lead Plaintiffs have withdrawn their objection to the consolidation of the Evergreen and Franklin Templeton actions with the above-captioned action. *See* Lead Plaintiffs' Supplemental Response to the Application of the Opt-

(noting that presence of related action pending in state court weighed in favor of transferring federal litigation because even though the actions could not be consolidated, transfer could result in coordination of pretrial discovery); *Comptroller of the Currency v. Calhoun First Nat'l Bank*, 626 F. Supp. 137, 141 (D.D.C. 1985) (same). By proposing coordination instead of consolidation, the Opt-Out Plaintiffs ignore the basic distinctions between coordination and consolidation. Although consolidated actions retain their separate identity, *see, e.g.*, *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 147-48 (D.D.C. 2002), they proceed as a single unit in the *same court* for case management purposes. *See, e.g., Discount Bank & Trust Co. v. Salomon, Inc.*, 141 F.R.D. 42, 44 (S.D.N.Y. 1992) (holding that consolidation of individual action with putative class action "will merely require [individual plaintiffs] to pursue discovery as arranged by lead counsel in [the putative class action]"). Coordination, in contrast, typically involves the centralization and management of certain procedures (*e.g.*, pre-trial discovery) in related proceedings pending in *different courts.*

Finally, the *Xerox* and *WorldCom* orders endorsed by the Opt-Out Plaintiffs provide further support for consolidation. In both *Xerox* and *WorldCom*, the courts consolidated, rather than merely coordinated, individual actions for pretrial purposes after finding that the actions involved common issues of law and fact. *See In re WorldCom, Inc. Sec. Litig.*, 02 Civ. 3288, 2003 U.S. Dist. LEXIS 8525, at *1 (S.D.N.Y. May 22, 2003); *Carlson v. Xerox Corp.*, Civ. No. 3:00CV01621 (D. Conn. Nov. 8, 2002) ("This order shall govern consolidation of all pre-trial proceedings in the above-captioned actions.") (attached as Exhibit A to Lead Plaintiffs' Response to Objections to Consolidation). Indeed, the court in *WorldCom* actually consolidated an individual opt-out action, just like the ones filed by Evergreen and Franklin Templeton, with the putative class action over the opposition of the individual opt-out plaintiffs, notwithstanding

---

Out Cases for Relief From Consolidation Order.

their request for a coordination order.  *See In re WorldCom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288, 02 Civ. 8981, 02 Civ. 9520, 2002 WL 31867720, at *1 (Dec. 23, 2002).  Thus, any suggestion that these orders favor *coordination*, as opposed to *consolidation*, is simply wrong.

## CONCLUSION

For all of these reasons, Fannie Mae respectfully requests that Evergreen Equity Trust et al. v. Federal National Mortgage Association et al., (Case No. 1:06-cv-00082) and Franklin Managed Trust et al. v. Federal National Mortgage Association et al., (Case No. 1:06-cv-00139) remain consolidated with *In re Fannie Mae Securities Litigation*, Consolidated Civil Action No. 1:04-cv-01639, part of *In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation*, MDL 1668, "for all purposes through final judgment" as required by the Court's Orders of January 30, 2006 and February 2, 2006.

Dated: March 21, 2006

Respectfully submitted,

**ON BEHALF OF DEFENDANT**

      /s/ Jeffrey W. Kilduff
John Beisner (D.C. Bar No. 320747)
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Kimberly A. Newman (D.C. Bar No. 420236)
Robert M. Stern (D.C. Bar No. 478742)
Natasha Colton (D.C. Bar No. 479647)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T:  202/383-5300
F:  202/383-5414

Seth Aronson
O'Melveny & Myers LLP
400 South Hope Street, 15th Floor
Los Angeles, CA  90071-2899
T:  213/430-6000
F:  213/430-6407
***Counsel for Defendant Fannie Mae***

**CERTIFICATE OF SERVICE**

I certify that on March 21, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

Kevin M. Downey, Esq.
Joseph M. Terry, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5091

*Counsel for Defendant Franklin D. Raines*

Steven M. Salky
Eric Delinsky
Zuckerman Spaeder LLP
1201 Connecticut Ave., NW
12th Floor
Washington, DC 20036-2638

*Counsel for Defendant J. Timothy Howard*

David S. Krakoff, Esq.
Mark W. Ryan, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006-1101

*Counsel for Defendant Leanne G. Spencer*

Curtis V. Trinko
Jeffrey B. Silverstein
Law Office of Curtis V. Trinko, LLP
16 West 46th Street, 7th Floor
New York, NY  10036
-and-
Alfred G. Yates, Jr.
Law Offices of Alfred G. Yates, Jr., P.C.
429 Forbes Ave.
Pittsburgh, PA

*Counsel For Plaintiffs Anne E. Flynn and Robert L. Garber, as Custodian for Michael Saul Garber*

Mark A. Topaz
Richard A. Maniskas
Richard S. Schiffrin
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004

*Counsel for Plaintiffs Vincent Vinci*

Stanley M. Chesley
James R. Cummins
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202
-and-
Jeffrey C. Block
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA  02169
-and
Steven J. Toll
Daniel S. Sommers
Cohen, Millstein, Hausfeld, & Toll P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC  20005

*Counsel for Plaintiff Ohio Public Employees Retirement System*

Stuart M. Grant
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE  19801

*Counsel for Plaintiff Evergreen Trust and Franklin Templeton Trusts*

- 3 -

Frank J. Johnson
Brett M. Weaver
Law Office of Frank J. Johnson
402 W. Broadway, 27th Floor
San Diego, CA  92101
-and-
Robert W. Liles
1054 31st Street, NW
Suite 415
Washington, DC  20007

*Counsel for Plaintiff Sassan Shahrokhinia*

                                                    /s/ Michael J. Walsh, Jr.
                                                    Michael J. Walsh, Jr.