UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED
APR 24 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
|---|---|

| In Re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon |
|---|---|

| In re: Fannie Mae Derivative Litigation | Consolidated Civil Action No. 1:04-cv-01783<br><br>Judge Richard J. Leon |
|---|---|

| In re Fannie Mae ERISA Litigation | Consolidated Civil Action No. 1:04-cv-01784<br><br>Judge Richard J. Leon |
|---|---|

### STIPULATED PRETRIAL PROTECTIVE ORDER

It is hereby stipulated and agreed among the parties, and **IT IS HEREBY ORDERED** by the Court, that the following procedures shall govern the production of confidential documents, testimony, interrogatory answers, and other information in the actions captioned above[1]:

**Definitions**

1.   The following definitions shall apply to this Stipulated Protective Order ("Protective Order"):

---

[1] This stipulated protective order shall replace and supersede any previously entered protective order in the actions captioned above.

    a. "Actions" shall refer to the above-captioned securities, derivative and ERISA cases pending in the United States District Court for the District of Columbia and any appeal of such actions through final judgment in the action.

    b. The term "Discovery Material" encompasses, but it is not limited to: any type of document, transcripts of testimony, any taped, recorded, filmed, electronic, written or typed matter, including the originals and all marked copies, whether different from the originals by reasons of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, and requests for admission, including all responses thereto; any physical objects or other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form.

    c. "Confidential Information" shall mean Discovery Material which a party (i) takes reasonable precautions to maintain the confidentiality of the material, and (ii) in good faith believes constitutes confidential information in accordance with Fed. R. Civ. P. 26(c)(7) that is used by it in, or pertaining to, trade secrets, financial information, personal privilege or other personal information, or which information is not generally known and which that party would normally not reveal to third parties, or if disclosed, would require such third parties to maintain in confidence. "Confidential Information" shall not include documents or information that (i) is at any time independently developed without use of or reliance upon any of the producing party's Designated Discovery Material; (ii) is rightfully acquired from an independent source, without restrictions as to use or obligations as to confidence; (iii) was, prior to disclosure, rightfully in the possession or knowledge of the requesting party; (iv) is publicly available in substantially the same form in which it was provided by the producing party claiming confidentiality; (v) is required by law to be made available to third parties; (vi) was, is

or becomes public knowledge, not in violation of this Protective Order; or (vii) is voluntarily de-designated by the party producing the Discovery Material.

    d. "Highly Confidential Information" shall mean Discovery Material that counsel in good faith believes constitutes, contains or reveals (i) information that relates to an individual that is of a purely personal nature, (ii) non-public communications, discussions, deliberations, or analyses regarding senior executive hiring initiatives at the Executive Vice President level and above; (iii) non-public communications, discussions, deliberations, or analyses regarding executive succession; (iv) internal, non-public communications, discussions, deliberations, or analyses regarding Board of Director succession or hiring initiatives; (v) information detailing competitively sensitive, non-public, compensation for non-officers, which, if made public, could put Fannie Mae at a competitive disadvantage; or (vi) information concerning Fannie Mae's proprietary portfolio methodologies, strategies, modeling, and formulae.

    e. "Confidential Legend" shall mean a stamp or similar insignia stating "Confidential" or "Highly Confidential."

    f. "Designated Discovery Material" shall mean Discovery Material designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order as well as the contents of such Discovery Material.

**Applicability**

2. This Protective Order shall govern any Discovery Material produced by any party currently named or later joined in the Actions, including, in the case of parties other than individuals, their officers, directors, employees, and agents.

3. This Protective Order shall be fully applicable to material produced by or depositions taken of third parties and non parties, and any third party or non party from whom discovery is sought shall be entitled to designate material and testimony produced as Confidential Information pursuant to the terms of this Protective Order.

**Designation of Material**

4. Parties may designate any Discovery Material as Confidential Information in accordance with paragraph 1(c) herein, by applying to it the legend 'Confidential" or "Highly Confidential." ("Designated Discovery Material") The legend shall be affixed in such a manner that the written material is not obliterated or obscured. Any Discovery Material so designated shall thereafter be treated pursuant to the appropriate provisions of this Protective Order. In the case of data stored in electronic form, the "Confidential" or "Highly Confidential" legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored. A party making Discovery Material available for inspection, however, shall not have to apply a "Confidential" or "Highly Confidential" legend to those materials until such time as a party requests copies, if that ever occurs. During the period when Discovery Material is made available for inspection but not designated, it shall be treated as "Confidential."

5. With respect to testimony or deposition transcripts, the producing party shall have twenty-one (21) days from the date upon which the testimony is given to designate said testimony or any portion thereof as "Confidential Information" or "Highly Confidential Information" within the meaning of this Protective Order. In the event that a party intends to use portions or excerpts of transcripts prior to the expiration of the 21 day period, such party shall give counsel for the deponent 48 hours to designate said testimony or any portion thereof as

4

"Confidential Information" or "Highly Confidential Information" within the meaning of this Protective Order.

6.  In the event that a producing party inadvertently fails to designate material as "Confidential" or "Highly Confidential" or designates material at a lower level of confidentiality pursuant to this Protective Order at the time of the production, the party shall be entitled to make a correction. Such correction and notice thereof shall be made in writing as soon as practicable. The producing party, at their cost, shall also provide substitute copies of each item of Discovery Material, appropriately designated, to all parties who previously received the misdesignated material. Those individuals who received the Discovery Material prior to notice of the misdesignation by the producing party shall within ten (10) business days of receipt of the substitute copies, destroy or return to the producing party all copies of such misdesignated documents. Those individuals who reviewed the misdesignated Discovery Material prior to notice of the misdesignation by the producing party shall abide by the provisions of this Protective Order with respect to the use and disclosure of any information contained in the misdesignated Discovery Material after receipt of the notice of misdesignation.

7.  In the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; provided, however, if any person subject to this Protective Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

**Disclosure and Use of Confidential Information**

8.  Designated Discovery Material shall be treated in accordance with the terms of this Protective Order and is not to be communicated in any manner, directly or indirectly, to anyone other than the person qualified to receive such material under the terms and conditions set forth below.

9.  Any Designated Discovery Material, and the information contained in such material (including extracts and summaries derived from such material), shall be used solely for prosecuting and defending the Actions and shall not be used for any other purpose or be revealed to parties or counsel in any action other than the Actions, unless the Court otherwise directs or the producing party otherwise agrees.

10. Discovery Material designated as "Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than (i) persons identified in the documents or through testimony as already having seen or received such "Confidential" material (excluding persons whose prior access to such Confidential material was known by the disclosing party to be unauthorized) and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Actions:

   a. The Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Actions or any appeal therefrom;

   b. Counsel for the parties in the Actions, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the Actions;

   c. Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of the Actions, including their secretarial and clerical employees who are assisting in the

6

      prosecution, defense, and/or appeal of the Actions, provided that the requirements of Paragraph 12 below have been met;

    d. Any party currently named or later joined in the Actions, including, in the case of parties other than individuals, their officers, directors, employees, and agents, solely for the purpose of the prosecution, defense, and/or appeal of the Actions;

    e. Any person who will testify as a witness either at a deposition or a court proceeding in the Actions for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 12 have been met;

    f. Any Court-appointed mediator or other individual acting pursuant to Court appointment; and

    g. Other persons upon further order of the Court or written consent of the producing party.

11. Except with the prior consent of the producing party or upon prior order of this Court, Discovery Material designated as "Highly Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than (i) persons identified in the documents or through testimony as already having seen or received such "Highly Confidential" material (excluding persons whose prior access to such Confidential material was known by the disclosing party to be unauthorized) and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Actions:

    a. The Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Actions or any appeal therefrom;

    b. Counsel of record for the parties in the Actions, including associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the Actions;

    c. Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of the Actions,

including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of the Actions, provided that the requirements of Paragraph 12 below have been met;

d. Defendants;

e. Any person who will testify as a witness either at a deposition or a court proceeding in the Actions for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 12 have been met;

f. Any Court-appointed mediator or other individual acting pursuant to Court appointment; and

g. Other persons upon further order of the Court or written consent of the producing party.

12. The undersigned attorneys, as well as their clients, colleagues and any other personnel of their law firm or litigation support services assisting them in these Actions, agree to be bound by the terms of this Agreement. Other than disclosure of Confidential material and/or Highly Confidential material at a deposition, hearing, or trial, persons described in subparagraphs 10c, e, and g above, prior to being given access to any Confidential material, must be provided a copy of this Protective Order and sign the Acknowledgement attached as Exhibit A hereto agreeing to be bound by the terms of the Protective Order and agreeing to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Protective Order. The Party providing the individual with Designated Discovery Material shall retain copies of all executed Acknowledgements. Said Acknowledgements will only be provided to the producing party as may be ordered by the Court. As parties to the Actions agree to be bound by the terms of the Protective Order, they are not required to sign an Acknowledgement in order to receive Confidential material. Persons who receive Confidential material and/or Highly Confidential materials at a deposition, hearing, or trial who are not otherwise authorized to receive such information pursuant to paragraphs 10 and

11 above and who have not signed an Acknowledgement, may be shown and questioned about the Confidential and/or Highly Confidential materials during the deposition, hearing, or trial but will not be entitled to take possession of the Confidential material and/or Highly Confidential materials that were disclosed.

13. If a party desires to file Designated Discovery Material in Court, whether separately or with or as part of pleadings or other court papers, the party shall file the Designated Discovery Materials under seal if the producing party's consent, which shall not be unreasonably withheld, to the public filing of the materials has not been obtained. The Designated Discovery Material shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the caption of this lawsuit; the title of the court paper or a brief description of the enclosed material; and the legend 'Confidential' or "Highly Confidential." The provisions of this Protective Order do not modify the obligations to protect personal identifiers pursuant to L.Cv.R. 5.4(f) in any documents filed with the Court electronically regardless of whether any such information has been undesignated or designated "Confidential" or "Highly Confidential" pursuant to this Order.

14. If or when Designated Discovery Material is ever used during any deposition, hearing or other proceeding, other than at trial, counsel for the parties shall take appropriate steps to preserve the confidential substance of the Designated Discovery Material, unless otherwise required by Court order.

15. If a subpoena issued in any other action calls or arguably calls for the production by the recipient of the subpoena ("Recipient") of Designated Discovery Material produced to Recipient by any other person in this Action, then the Recipient shall:

        a.      be obligated, within three business days of the Recipient's receipt of the subpoena, to provide notice of the subpoena, as well as a copy of same, to the party who or which produced the Designated Discovery Material to the Recipient; and

        b.      the Recipient shall be permitted to respond in a timely manner to such subpoena without violation of this Protective Order if the foregoing notice is timely given and, within the period provided for response to such subpoena, the producing party has neither moved to intervene to seek a court order preventing disclosure of the Designated Discovery Material nor made other arrangements with the person or entity issuing the subpoena. If the producing party has moved to intervene to seek a court order preventing disclosure of the Designated Discovery Material, the Recipient will not disclose the Designated Discovery Material until such motion is adjudicated.

16. Except as agreed in writing by all parties to this Agreement or by order of the Court, persons having knowledge of another producing party's Designated Discovery Material by virtue of their participation in the conduct of this Action shall use that Designated Discovery Material only in connection with the prosecution, defense or appeal of the Actions, and shall neither use such Designated Discovery Material for any other purpose nor disclose such Designated Discovery Material to any person who is not permitted access to such Designated Discovery Material by this Protective Order.

17. The restrictions against disclosure set forth in this Protective Order shall not apply to any producing party's use of its own Designated Discovery Material.

18. If Designated Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the requesting party or any other party responsible for this disclosure shall immediately: (1) provide written notice to the producing party; (2) make

10

every effort to retrieve such material; and (3) prevent further disclosure by the person who was the recipient of such Designated Discovery Material. The written notice required by subparagraph (1) above shall include the names of all persons who improperly received Designated Discovery Material and a description of the Designated Discovery Material disclosed to such persons.

### Objection to Confidential Information

19. At any time, a party may challenge a designation of material as "Confidential" or "Highly Confidential," or may object to the treatment of any information as deserving "Highly Confidential" treatment. In the event of such a challenge, the contesting party will have the burden of making an appropriate motion to the Court and obtaining a hearing upon such motion. At such hearing, the party producing the Designated Discovery Material shall have the burden of establishing the need for such status. Pending such determination by the Court, material designated by the producing party as "Confidential" or "Highly Confidential" shall be treated in accordance with the producing party's designation pursuant to this Protective Order.

### Relief From Terms of Protective Order

20. This Protective Order is being entered without prejudice to the right of any party or other person to move the Court for relief separately, or to move the Court for modification of any of its terms on a going-forward basis.

21. The parties to this action anticipate utilizing one or more third party vendors for purposes of electronic production, storage, and maintenance of documents. In the event of an unauthorized release of any privileged materials by any such vendor, the producing party shall be entitled to have any and all copies of such documents returned and/or destroyed at the producing party's option. Such unauthorized production of documents shall not constitute a waiver of the

right to claim in the Action or thereafter that said documents are "Confidential" or "Highly Confidential" or subject to any valid claim of privilege or protection, including but not limited to, the attorney-client privilege and the work product doctrine. The party whose vendor produced the unauthorized material shall make a request for the return or destruction of the Discovery Material in writing, accompanied by redacted substitute copies of each item of Discovery Material if appropriate. Those individuals who received the Discovery Material shall within three (3) business days of receipt of the substitute copies, destroy or return to the producing party all copies of such documents. No such items shall be copied, distributed or otherwise disseminated for review beyond those individuals who have already been given access to the Discovery Material.

22. Nothing in this Protective Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege.

### Return of Confidential Information

23. Upon final termination of this Action (whether by judgment, settlement, or otherwise), including all appeals and applications for discretionary review, the undersigned law firms, at their election, shall, within sixty (60) days following written request of the producing party, either (i) return all Designated Discovery Material and all copies, extracts, and summaries of such Designated Discovery Material to the party producing it, or (ii) destroy, subject to applicable law, such Designated Discovery Material, including all copies, extracts, and summaries, and provide a letter certifying such destruction to the producing party. The parties shall request that all attachments or exhibits to pleadings designated under this Protective Order and filed under seal with the Court shall be returned within sixty (60) days to the party producing

it, or the Court may destroy such material. For archival purposes, the attorneys in the law firms representing the parties may retain all material constituting attorney work product and one copy of all pleadings, deposition and hearing transcripts, exhibits, and written discovery responses, including portions designated pursuant to this Protective Order.

**Termination of Action**

24. The terms of this Protective Order shall survive the termination of the Actions, and the Court shall retain jurisdiction of the Actions after their final disposition for the purpose of enforcing this Protective Order.

Dated: April 20, 2006

Judge Richard J. Leon
United States District Judge

Dated: April 20, 2006

WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.
/s/ Stanley M. Chesley
Stanley M. Chesley
/s/ James R. Cummins
James R. Cummins
Melanie S. Corwin
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
*Lead Counsel for Lead Plaintiffs Ohio*
*Public Employees Retirement System*
*and State Teachers Retirement System*
*of Ohio*

BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
/s/ Jeffrey C. Block
Jeffrey C. Block
Kathleen M. Donovan-Maher
Julie A. Richmond
One Liberty Square
Boston, MA 02109
*Co-Lead Counsel for Lead Plaintiffs Ohio*
*Public Employees Retirement System*

/s/ Randall J. Baron
Darrin J. Robbins
Randall J. Baron
A. Rick Atwood
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
1000 Pine Street, Suite 2600
San Diego, California 94111
*Counsel for Co-Lead Plaintiff Wayne County*
*Public Employees Retirement System*

/s/ Douglas S. Johnston, Jr.
Douglas S. Johnston, Jr.
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, Tennessee 37201
*Counsel for Co-Lead Plaintiff Pirelli*
*Armstrong Tire Corporation Retiree Medical*
*Benefits Trust*

/s/ Jeffrey W. Kilduff
John Beisner (D.C. Bar No. 320747)
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Kimberly A. Newman (D.C. Bar. No. 430326)
Robert M. Stern (D.C. Bar No. 478742)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
T: 202/383-5300
F: 202/383-5414

Seth Aronson
O'Melveny & Myers LLP
400 South Hope Street, 15th Floor
Los Angeles, CA 90071-2899
T: 213/430-6000
F: 213/430-6407
*Counsel for Defendants Fannie Mae,*
*Kenneth Duberstein and H. Patrick Swygert*

/s/ Samuel K. Rosen
Robert I. Harwood
Samuel K. Rosen
Wechsler Harwood LLP
488 Madison Avenue
New York, NY 10022
-and-
John Ibister
Toyja Kelly
Tydings & Rosenberg
100 East Pratt Street
Baltimore, MD 21202
-and-
Charles J. Piven
Law Offices of Charles J. Piven, P.A.
401 East Pratt Street, Suite 2525
Baltimore, MD 21202
*Counsel to Plaintiffs David Gwyer, Terry*
*Gagliolo, and Gloria Sheppard*

/s/ Earl J. Silbert
Earl J. Silbert (D.C. Bar No. 053132)
Erica Salmon Byrne (D.C. Bar No. 480477)
DLA Piper Rudnick Gray Cary US LLP
1200 19th Street, NW
Washington, DC 20036
T: 202/861-3900
F: 202/223-2085
-and-
John J. Clarke, Jr.
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
T: 212/835-6000
F: 212/884-8520
**Counsel to Defendants Stephen B. Ashley, Ann Korologos, and Donald B. Marron**

/s/ Glenn B. Manishin
Glenn B. Manishin (D.C. Bar No. 395724)
Stephanie A. Joyce (D.C. Bar No. 464778)
Kelley Drye & Warren LLP
1200 19th Street, NW
Suite 500
Washington, DC 20036
T: 202/955-9600
F: 202/955-9792
-and-
David E. Barry
William A. Krohley
Christopher C. Palermo
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178-0002
T: 212/808-7800
F: 212/808-7897
**Counsel to Defendant John Wulff**

/s/ Fred F. Fielding
Fred F. Fielding (D.C. Bar No. 099296)
Barbara Van Gelder (D.C. Bar No. 265603)
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C. 20006
T: 202/719-7000
F: 202/719-7207
**Counsel to Defendants Anne Mulcahy and Frederic V. Malek**

/s/ James D. Wareham
James D. Wareham (D.C. Bar No. 411799)
James Anklam (D.C. Bar No. 414122)
Carolyn W. Morris (D.C. Bar No. 463865)
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, NW
Washington, DC 20005
T: 202/551-1700
F: 202/551-1705
**Counsel to Defendant Daniel H. Mudd**

/s/ James Hamilton
James Hamilton (D.C. Bar No. 108928)
David I. Ackerman (D.C. Bar No. 482075)
Bingham McCutcheon LLP
3000 K Street NW, Suite 300
Washington, DC 20007
T: 202/424-7500
F: 202/424-7647
**Counsel to Defendant Joe K. Pickett**

| /s/ Christian J. Mixter | /s/ Rhonda D. Orin |
|---|---|
| Christian J. Mixter (D.C. Bar No. 352238) | Rhonda D. Orin (D.C. Bar No. 439216) |
| Morgan, Lewis & Bockius LLP | Daniel J. Healy (D.C. Bar No. 476233) |
| 1111 Pennsylvania Ave., NW | Anderson Kill & Olick, P.C. |
| Washington, DC  20004 | 2100 M Street, NW |
| T:  202/739-3000 | Suite 650 |
| F:  202/739-3001 | Washington, DC  20037 |
| -and- | T:  202/218-0049 |
| Robert Romano | F:  202/218-0055 |
| Rachelle Barstow | -and- |
| Bonnie Altro | John H. Doyle, III |
| Morgan, Lewis & Bockius | Anderson Kill & Olick, P.C. |
| 101 Park Avenue | 1251 Avenue of the Americas |
| New York, NY  10178-0060 | New York, NY  10020 |
| T:  212/309-6000 | T:  212/278-1000 |
| F:  212/309-6001 | F:  212/272-1733 |
| **Counsel to Defendant Tom Gerrity** | **Counsel to Defendant Leslie Rahl** |

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In Re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon |
| In re: Fannie Mae Derivative Litigation | Consolidated Civil Action No. 1:04-cv-01783<br><br>Judge Richard J. Leon |
| In re Fannie Mae ERISA Litigation | Consolidated Civil Action No. 1:04-cv-01784<br><br>Judge Richard J. Leon |

## ACKNOWLEDGMENT

I certify that I have received and read a copy of the Stipulated Protective Order entered in the above-captioned actions and that I agree to be bound by the terms of the Stipulated Protective Order. I consent and agree to be subject to the jurisdiction and authority of the United States District Court, District of Columbia for purposes of enforcement of the Stipulated Protective Order.

Dated: _____

_____
Signature

_____
Printed Name