UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | ) ) ) ) ) | MDL No. 1688 |
| | ) ) | |
| In re Fannie Mae Securities Litigation | ) ) ) ) | Consolidated Civil Action. No. 1:04-cv-1639 (RLJ) |

### LEAD PLAINTIFFS' MEMORANDUM IN OPPOSITION TO NON-PARTY KPMG, LLP'S MOTION TO QUASH LEAD PLAINTIFFS' SUBPOENA TO PAUL WEISS

Lead Plaintiffs, the Ohio Public Employees' Retirement System and the State Teachers' Retirement System of Ohio, submit this memorandum in opposition to non-party KPMG, LLP's ("KPMG") Motion to Quash In Part Lead Plaintiffs' Nonparty Subpoena to Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"). For the reasons set forth herein, and in Lead Plaintiffs' Reply Memorandum in Further Support of the Motion to Compel Non-Party Witness KPMG, LLP to Comply with Subpoena, KPMG's Motion to Quash should be denied.[1]

### INTRODUCTION

Non-Party KPMG has asked this Court to prohibit Lead Plaintiffs from conducting any discovery that would encompass KPMG documents. First, KPMG refused to produce documents itself in response to a subpoena from Lead Plaintiffs'.

---

[1] To avoid redundancy between this Opposition and Lead Plaintiffs' briefing on the Motion to Compel KPMG's compliance with the KPMG subpoena, Lead Plaintiffs will limit this Opposition to those issues unique to the Paul Weiss subpoena. Your Honor set a motions hearing for May 26, 2006 to hear both Lead Plaintiffs' Motion to Compel KPMG's compliance with the KPMG subpoena and KPMG's Motion to Quash Lead Plaintiffs' subpoena to Paul Weiss.

Now, KPMG audaciously attempts to bar Lead Plaintiffs from obtaining any information or documents voluntarily turned over by KPMG to Fannie Mae's internal investigator, Paul Weiss, during Paul Weiss' investigation of Fannie Mae's accounting improprieties.

It cannot be disputed that the documents KPMG provided to Paul Weiss are directly relevant to the claims and defenses in this case. KPMG served as Fannie Mae's outside auditor during the time period relevant to this Action, and Paul Weiss relied heavily upon KPMG's documents during its investigation. Indeed, in its report detailing the findings of its investigation (the "Rudman Report"), Paul Weiss cites to KPMG's audit workpapers no less than 28 separate times.[2] The KPMG documents reviewed by Paul Weiss discuss, among other things, Fannie Mae's implementation and application of the accounting policies that lie at the heart of this case. They also discuss meetings attended by the Company's top management regarding those accounting policies and procedures. Moreover, as the briefing at the motion to dismiss stage made abundantly clear, at least certain defendants intend to pursue a "reliance on the auditor" defense. Clearly, the KPMG documents reviewed and relied upon by Paul Weiss are highly relevant to this case.[3]

---

[2] *E.g.*, Rudman Report at 57 ("Based on a memorandum summarizing the meeting that was found in KPMG's workpapers, it appears that management explained to KPMG that it was only recording $240 million in catch-up expense because 'the calculation and projection of premium/discount amortization is complicated and imprecise.'"); *Id.* at 91 ("KPMG's workpapers indicate, and KPMG staff have confirmed, that Howard, Spencer, Pennewell and Juliane met with Russell, Theobald and Harry Argires of KPMG on December 12, 2000 to discuss the Amortization Policy."); *Id.* at 167 ("KPMG's audit workpapers for 2000 discuss many of the Company's most significant policies in [the FAS 133 implementation] area."); *Id.* at 176 ("Second, during our review of KPMG's audit workpapers for fiscal years 1998 through 2002, we noted an absence of support prepared by management for the 'build up' of the Allowance" for loan losses.).

[3] Importantly, it is not entirely clear whether Paul Weiss actually received a duplicate set of the KPMG documents, and thus would have that set in its possession. In the Rudman Report, Paul Weiss states only that it "requested and received access to information from KPMG, Fannie Mae's former auditor." Rudman Report at 14. As a result, it is not clear whether Paul Weiss has in its possession the KPMG documents requested by Lead Plaintiffs. Thus, to the extent the Court finds that the KPMG documents are relevant to the claims and defenses in this case, the only way to ensure Lead Plaintiffs' access to the documents would

## **ARGUMENT**

Notwithstanding the obvious relevance the KPMG documents have to this case, KPMG argues that Lead Plaintiffs must proceed with discovery without them. KPMG spends considerable time in its Consolidated Memorandum arguing that the discovery in question would circumvent the PSLRA's purpose of preventing burdensome discovery in meritless securities cases. That argument, however, is misplaced. First, the Complaint in this case was subjected to motions to dismiss by each of the defendants, and the Court upheld Lead Plaintiffs' claims in their entirety. Now that the Complaint has been sustained, the PSLRA's stay provision has served its purpose. Discovery, therefore, should proceed unabated. Second, the subpoena issued to Paul Weiss, by definition, does not ask KPMG to produce a single document. Accordingly, KPMG's "burdensome" argument is wholly inapplicable to the Paul Weiss subpoena.

Stripped of all pretenses, KPMG's position is that Lead Plaintiffs cannot discover documents, regardless of their relevance to pending claims and defenses, if those documents also might be used to support a potential claim against KPMG. KPMG's novel argument, that a critical non-party witness is not required to produce highly relevant documents if those documents could implicate the witness, is wholly unsupported by law.

In support of its argument to quash the Paul Weiss subpoena, KPMG relies primarily on *Faulkner v. Verizon Comms., Inc.*, 156 F. Supp. 2d 384 (S.D.N.Y. 2001). In *Faulkner*, defendant Verizon moved to dismiss the complaint, and the plaintiffs cross-moved to lift the PSLRA discovery stay to allow them to subpoena a non-party for

---

be to deny the Motion to Quash *and* grant Lead Plaintiffs' Motion to Compel. Simply denying the Motion to Quash will not guarantee Lead Plaintiffs discovery of the KPMG documents if Paul Weiss does not have a copy of those documents.

3

documents from a related action in which Verizon was involved. *Id.* at 401. The plaintiffs argued that lifting the stay for that purpose would not undermine the PSLRA because the documents were requested from a third party, not from the defendants. *Id.* at 403. The court rejected this argument, citing the unremarkable conclusion that the PSLRA stay provision applies both to parties and non-parties. *Id.* at 404.

*Faulkner* is inapposite. Unlike here, the plaintiffs sought the discovery at issue before the sufficiency of the complaint had been tested. Indeed, they sought to lift the discovery stay at the same time the defendants had moved to dismiss the complaint. Moreover, the court in *Faulkner* explicitly noted that the sole purpose behind the plaintiffs' attempt to obtain discovery was to find evidence to support their claims in the event the court granted the motion to dismiss. *Id.* at 402. The court rejected this attempt to bolster the claims that were being tested, holding that "the Complaint must stand or fall based on the allegations contained therein." Unlike in *Faulkner*, the claims here have been vetted by the Court and upheld in their entirety.[4]

Furthermore, the documents sought by Lead Plaintiffs here are independently relevant, indeed directly on point, to the pending claims and defenses in this case. The fact that those same documents have the potential to implicate KPMG in securities violations does not somehow render those documents undiscoverable. Any other result would undermine completely long-established rules of discovery and have a confounding effect on discovery in this Action.

---

[4] KPMG also relies on *In re Cree, Inc. Sec. Litig.*, 220 F.R.D. 443 (M.D.N.C. 2004) and *Gervis v. Berg*, No. 00-CV-3362, 2005 WL 3299436 (E.D.N.Y. Nov. 29, 2005). Like *Faulkner*, those cases stand for the unremarkable proposition that the PSLRA discovery stay applies to non-parties as well as parties. *Cree*, 220 F.R.D at 447; *Gervis*, 2005 WL 3299436, at *2.

4

Taken to its logical conclusion, KPMG's argument would require *everyone*, including Fannie Mae, the Individual Defendants, Paul Weiss and any other non-party, to screen every document that has the potential to implicate KPMG, regardless of whether those documents otherwise are relevant to this case. The potential universe of such documents is breathtaking. Just a few examples include all audit engagement letters, memoranda summarizing audit results, emails between KPMG auditors and Fannie Mae's accounting personnel, all communications between KPMG and the Audit Committee, all Board of Directors meeting minutes where KPMG was present, and on and on. Clearly, that cannot be the law.

Lastly, KPMG argues that the Paul Weiss subpoena should be quashed because it produced documents to Paul Weiss solely to assist Paul Weiss in its investigation. To be clear, KPMG has not asserted a claim of privilege over the documents produced.[5] Rather, it appears KPMG is arguing only that it did not, by producing documents, waive its purported right to have the PSLRA discovery stay from the Franklin case apply to this one. This, of course, has no bearing on whether Paul Weiss must withhold documents from Lead Plaintiffs simply because those documents have the potential to implicate KPMG.

## CONCLUSION

For the reasons set forth herein and in Lead Plaintiffs' Reply Memorandum in Further Support of Motion to Compel Non-Party Witness KPMG, LLP to Comply with Subpoena, Lead Plaintiffs' respectfully request that the Court deny KPMG's Motion to Quash in its entirety.

---

[5] Indeed, any claim of privilege that may have attached to such documents likely was waived upon production.

5

Dated: May 5, 2006                    Respectfully submitted,

ATTORNEY GENERAL OF
OHIO JIM PETRO

**WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.**
/s/ Stanley M. Chesley
Stanley M. Chesley (Ohio Bar #0000852)
James R. Cummins (DC Bar #OH0010)
Melanie S. Corwin (Ohio Bar #0046513)
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 621-0262
E-mail: jcummins@wsbclaw.com
*Special Counsel for the Attorney General of Ohio and Lead Counsel for Lead Plaintiffs Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio*

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
/s/ Jeffrey C. Block
Jeffrey C. Block
Kathleen M. Donovan-Maher
Julie A. Richmond
Joseph C. Merschman
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jblock@bermanesq.com
*Co-Lead Counsel for Lead Plaintiffs Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio*

|  |  |
|---|---|
| | **COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.** |
| | /s/ Matthew K. Handley |
| | Matthew K. Handley (DC Bar #489946) |
| | Steven J. Toll (DC Bar #225623) |
| | Daniel S. Sommers (DC Bar #416549) |
| | 1100 New York Avenue, N.W. |
| | Washington, D.C. 20005 |
| | Telephone: (202) 408-4600 |
| | Facsimile: (202) 408-4699 |
| | E-mail: stoll@cmht.com |
| | *Local Counsel for Lead Plaintiffs Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio* |
| OF COUNSEL: | |
| **BARRETT & WEBER L.P.A.** | |
| Michael R. Barrett (0018159) | |
| Suite 500, 105 East Fourth Street | |
| Cincinnati, Ohio 45202 | |
| Telephone: (513) 721-2120 | |
| Facsimile: (513) 721-2139 | |
| E-mail: mrbarrett@barrettweber.com | |
| *Special Counsel for the Attorney General Of Ohio* | |
| **STATMAN, HARRIS, SIEGEL & EYRICH, LLC** | |
| Alan J. Statman (0012045) | |
| Jeffrey P. Harris (0023006) | |
| 2900 Chemed Center | |
| 255 East Fifth Street | |
| Cincinnati, Ohio 45202-2912 | |
| Telephone: (513) 621-2666 | |
| Facsimile: (513) 587-4477 | |
| E-mail: ajstatman@shselegal.com | |
| E-mail: jharris@shselegal.com | |