UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1688 |
| In Re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon |

**DEFENDANT J. TIMOTHY HOWARD'S OPPOSITION
TO OFHEO'S MOTION FOR AN EXTENSION OF TIME**

Defendant J. Timothy Howard, through counsel, hereby opposes OFHEO's third Motion for an Extension of Time [Document 221], in which it seeks two more weeks to respond to Mr. Howard's motion to compel. Mr. Howard would prefer not to burden the Court with an opposition to a simple motion for additional time, but is compelled to file one here given OFHEO's repeated efforts to delay compliance with his subpoena and to do so after having already obtained a generous extension of time to respond to the motion to compel, which Mr. Howard did not oppose.

Mr. Howard's motion presents a straightforward issue on which the D.C. Circuit already has ruled, and OFHEO already has had four weeks to respond (including more than two weeks in extensions). No more time is warranted – certainly not another 16 days as requested by OFHEO. This is especially so given the reason OFHEO finds itself before this Court in the first place: in cavalier fashion, it has unilaterally disregarded a federal subpoena that obligated it to produce documents more than six weeks ago, and it has done so without legal excuse and in clear

violation of the law in this Circuit.  It should not be permitted to delay enforcement of this subpoena any further.

For these reasons, and those set forth below, Mr. Howard respectfully requests that the Court deny OFHEO's motion for an extension of time.

1. Mr. Howard served a third-party subpoena on OFHEO on June 21, 2006 seeking documents critical to his defense in the above-referenced matter.  The subpoena called for the production of documents by July 10.  OFHEO produced no documents in response.  Nor did it assert any objections to the scope or breadth of the subpoena.  It rather informed Mr. Howard that it simply "decline[d] to respond" – because, in its view, it is "improper[]" to subpoena a federal agency.  *See* Howard Mot. to Compel OFHEO [Document 195], at Ex. 2.  Mr. Howard therefore filed a motion to compel against OFHEO on July 26.

2. The issues presented by Mr. Howard's motion already have been decided by the D.C. Circuit.  Indeed, in *Yousef v. Samantar*, the Circuit squarely held that federal agencies are subject to third-party subpoenas under Fed. R. Civ. P. 45.  *See* 451 F.3d 248 (D.C. Cir.).  Likewise, in *Houston Business Journal, Inc.* v. *Office of the Comptroller of the Currency*, the Circuit held that an agency's *Touhy* regulation provides no basis for an agency to avoid compliance with such a subpoena.  *See* 86 F.3d. 1208, 1212 (D.C. Cir. 1996).  The issues now before the Court are further simplified by the fact that OFHEO has not asserted (and by now has waived) any other objections to the subpoena, including any objections based on privilege, breadth or scope.

3. Notwithstanding that the issues presented by Mr. Howard's motion are narrow and already have been decided, OFHEO requested two previous extensions of time.  Initially, it sought an extension of almost two business weeks.  As a professional courtesy, Mr. Howard

agreed not to oppose that request.  Then, several days ago, OFHEO requested a second extension of time (for three business days, five days including the weekend).  Mr. Howard indicated to OFHEO that he opposed this second request, but did not file an opposition with the Court.

4. OFHEO now seeks yet a third extension – this time, for more than two weeks.  Mr. Howard opposes this request and conveyed his opposition to OFHEO expressly.  Indeed, counsel for Mr. Howard informed counsel for OFHEO that Mr. Howard would oppose any extension beyond August 28 and would do so in writing.  OFHEO indicates this nowhere in its motion.

5. OFHEO's request should be denied for the following reasons.  First, additional time is unnecessary.  As indicated above, the issues are narrow, the law is settled, and OFHEO already has had nearly a full month to respond to Mr. Howard's motion and short memorandum of law (5 ½ pages).  Second, the documents specified in the subpoena are critical to Mr. Howard's defense in the above-referenced matter.  Mr. Howard cannot prepare his defense, or participate in discovery in an informed manner, without them.  Third, in view of *Yousef* and *Houston Business Journal*, OFHEO's ongoing refusal to comply with the subpoena is unsupportable.  As it stands, the agency has defied the subpoena, without excuse, since July 10.  It should not be permitted to continue such conduct any longer.

6. OFHEO bases its request for a third extension of time on the fact that another defendant in the above-referenced matter, Franklin D. Raines, just filed a similar motion to compel against it, and OFHEO wishes to file a single response to both motions.  But OFHEO's desire to file a joint response provides no basis whatsoever to further delay the briefing.  If OFHEO elects to file a joint brief, it should do so immediately, on the schedule set for Mr. Howard's motion, and it should shorten (not lengthen) the time for its response to Mr. Raines'

motion. Indeed, OFHEO maintains that it was prepared to respond to Mr. Howard's motion this week. *See* OFHEO Mot. for Extension of Time [Document 221], at 1 ("OFHEO fully intended to respond to Mr. Howard's motion to compel by August 23"). It also asserts that the new motion by Mr. Raines raises "similar legal issues" and involves "similar documents." *Id.* at 2. Filing a joint brief immediately therefore should present no problem. Regardless, OFHEO should not be permitted to use its own desire to file a joint brief to further delay briefing on Mr. Howard's motion.

For these reasons, Mr. Howard respectfully requests that the Court deny OFHEO's motion for additional time and order OFHEO to respond to Mr. Howard's motion on or before August 28, 2006. A proposed order is attached.

        Respectfully submitted,

/s/ Eric R. Delinsky
Steven M. Salky (D.C. Bar No. 360175)
Eric R. Delinsky (D.C. Bar No. 460958)
Ellen D. Marcus (D.C. Bar No. 475045)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036-5802
202-778-1800 (phone)
202-822-8106 (facsimile)

Dated: August 24, 2006        *Counsel for Defendant J. Timothy Howard*

**CERTIFICATE OF SERVICE**

    I certify that on this 24th day of August 2006, I filed the foregoing with the Clerk of Court via the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

                                       /s/ Eric R. Delinsky_____
                                       Eric R. Delinsky