# EXHIBIT A

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation | MDL No. 1668 |
| | Consolidated Civil Action No. 1:04-cv-01639 |
| In re Fannie Mae Securities Litigation | Judge Richard J. Leon |

### DECLARATION OF CHARLOTTE A. REID IN SUPPORT OF OFHEO'S MEMORANDUM IN OPPOSITION TO PETITIONERS RAINES' AND HOWARD'S MOTIONS TO COMPEL COMPLIANCE WITH SUBPOENAS *DUCES TECUM*

Title XIII of the Housing and Community Development Act of 1992, Pub. L. 102-550, known as the Federal Housing Enterprises Financial Safety and Soundness Act of 1992, 12 U.S.C. §§ 4501 et seq., established the Office of Federal Housing Enterprise Oversight (OFHEO) as an independent agency within the Department of Housing and Urban Development. The primary function of OFHEO is to ensure the financial safety and soundness and capital adequacy of the nation's two largest housing finance institutions, the government-sponsored enterprises, Fannie Mae and Freddie Mac (collectively, the Housing Finance Enterprises).

I, Charlotte A. Reid, currently serve as an Associate General Counsel in the Office of General Counsel of OFHEO (D.C. Bar No. 360414). I have served in this capacity since March 2004. This declaration is based on my personal knowledge in the course

performing my duties as assigned, and the review of certain documents generated or kept in the course of agency business.

1.      At all times relevant to this matter, my duties included work on the Special Examination of Fannie Mae that was commenced by the Director of OFHEO in June 2003.

2.      On or about September 17, 2004, OFHEO released the Report of Findings to Date on the Special Examination of Fannie Mae, that detailed findings as to various misapplications of generally accepted accounting standards (GAAP); improper financial accounting policies and practices; inaccurate financial reporting and financial reporting not in accordance with GAAP; inadequate internal controls; and other safety and soundness violations (Findings to Date).  By order of the Director that report was made publicly available: http://www.ofheo.gov/media/pdf/FNMfindingstodate17sept04.pdf

3.      On or about December 15, 2004, the Securities and Exchange Commission ordered Fannie Mae to restate its financial results for the years 2002 to 2004.  "Office of the Chief Accountant Issues Statement on Fannie Mae Accounting," 2004-172, at www.sec.gov/news/press/2004-172.htm.

4.      In May 2006, OFHEO released the Report of the Special Examination of Fannie Mae (Report).  By order of the Director the Report was made publicly available.  A copy of the Report is located on OFHEO's website:

http://www.ofheo.gov/media/pdf/FNMSPECIALEXAM.PDF.

5.      The Report identified numerous unsafe and unsound practices and conditions that prevailed at Fannie Mae, including: the misapplication of GAAP; weak internal audit and internal controls; improper use of earnings management practices to smooth earnings

2

across financial reporting periods; manipulation of earnings for the purpose of hitting pre-set earnings per share targets to achieve maximum payouts on bonuses for senior management; and inappropriate interference with OFHEO's Special Examination. *See generally* Report, Executive Summary pages 1-13.

6.    On or about March 13, 2006, counsel for the Plaintiffs in the securities litigation served a subpoena *duces tecum* on OFHEO seeking 25 categories of documents. On or about June 21, 2006, Mr. Howard's counsel submitted a subpoena *duces tecum* to OFHEO seeking 11 categories of documents. On July 18 and July 24, 2006, respectively, counsel for Mr. Raines served two subpoenas *duces tecum* on the agency seeking the production of a total of 22 categories of documents.

7.    OFHEO is not a party to the securities litigation.

8.    On or about December 23, 1998, OFHEO adopted a rule, effective January 22, 1999, 12 C.F.R. Part 1710, setting forth the basic policies of OFHEO regarding disclosure of information it maintains and the procedures for obtaining access to such information. Among other things, the rule sets forth procedures to be followed to request testimony or the production of documents in legal proceedings in which OFHEO is not a party. *See* 63 Fed. Reg. 70998 *et seq.* Subpart E of the rule governs requests for information in litigation in which OFHEO is not a party. These provisions are "similar to regulations adopted by the bank regulators" and are "designed to ensure that appropriate limits are placed on examination and other confidential information that may be sought as evidence in such litigation." 63 Fed. Reg. 70999. These provisions are commonly referred to as OFHEO's *Touhy* regulations with reference to the ratification of such provisions by the United States Supreme Court in the case United States *ex rel.* Touhy v.

3

Ragen, 340 U.S. 462 (1951). (Note: 12 C.F.R. Part 1710 subsequently was re-designated at 12 C.F.R. Part 1703, *see* 65 Fed. Reg. 81326).

9.      As reflected in correspondence with Plaintiffs' counsel dating from late March 2006 to late July 2006, in response to the comments, responses, and instructions from me and other attorneys in the Office of General Counsel, counsel for Plaintiffs undertook to provide -- in a series of letters, telephone calls and electronic mail messages -- additional information and clarifications in order to bring their document requests into compliance with the requirements of 12 C.F.R. Part 1703 Subpart E.   *See* Letter from Corwin to Newman of July 6, 2006, at 2-4, attached to Reid Decl. as Exhibit 1.

10.     As a result of Plaintiffs' cooperation, OFHEO has begun processing Plaintiffs' subpoenas as a *Touhy* request for documents.  Indeed, OFHEO is working towards a rolling production of transcripts of OFHEO formal interviews -- Plaintiffs' first priority documents. *See* Letter from Newman to Corwin of July 18, 2006, attached to Reid Decl. as Exhibit 2.

11.     As we had with regard to Plaintiffs' subpoena, the Office of General Counsel advised the Defendants' respective counsel in writing to follow the procedures for requesting release of agency records under 12 C.F.R. Part 1703, Subpart E, and explained that attaching the complaint did not satisfy the requirements in 12 C.F.R. 1703.34, which requires, among other things, a writing setting forth a summary of the issues in the case, the reasons for the request and a showing that the documents sought were not reasonably available from any other source. *See, e.g.,* Letter from Reid to Downey of August 2, 2006, attached as Exhibit B to Mr. Raines's Motion to Compel; and

Letter from Wright to Delinsky of July 11, 2006, Exhibit 2 to Mr. Howard's Motion to Compel.

12.    In the meantime, on July 20, 2006, I spoke with Mr. Jeffrey Kilduff of O'Melvany and Myers, counsel for Fannie Mae, to request that he ask defendants' counsel, including counsel for Messrs. Raines and Howard, to confer to coordinate on the document requests to enable OFHEO to undertake a more efficient response.  On July 21, 2006, Mr. Kilduff sent an electronic mail message to counsel generally stating OFHEO's request, attached to Reid Decl. as Exhibit 3.  On or about August 17, 2006, Mr. Kilduff advised me in a telephone conversation that his e-mail request had been met with "strident opposition" by defendants' counsel.

13.    Together, the subpoenas issued by the Plaintiffs and Messrs. Raines and Howard request the production of documents set forth in approximately sixty (60) categories.  See Comparison Chart, attached to Reid Decl. as Exhibit 4.

14.    A review of the parties' document requests reveals that in several instances the parties seek precisely the same documents.  For example, Plaintiffs and Messrs. Raines and Howard all have requested the transcripts of the formal OFHEO interviews in the Special Examination.  Compare Plaintiffs' subpoena category/document request number 3 with Mr. Howard's subpoena category 9 and Mr. Raines's subpoena dated July 18, 2006, category 1. See Comparison Chart, attached to Reid Decl. as Exhibit 2.  In other instances, the document requests appear very similar.  Therefore, I and other staff in the Office of General Counsel have reached out to the parties' counsel to confer, agree upon any overlapping requests, and refine their requests accordingly.

15. Counsel for Plaintiffs and Fannie Mae, sometime during the past two months over the course of several telephone discussions with me concerning the mechanics of producing the transcripts of the OFHEO formal interviews and the proposed OFHEO protective order, each have advised me that the parties in the securities litigation have entered into a document sharing agreement under which any document produced to party, including any documents to be produced by non-party OFHEO, will be immediately available to all parties in a shared document database. Thus, it is clear that the proposed OFHEO protective order is needed to preserve the privileges pertaining to any production of any OFHEO document. In the absence of the proposed OFHEO protective order the privileges applicable to any document produced would be waived. To date, neither counsel for Defendants have agreed to sign the OFHEO protective order.

16. Documents concerning the Special Examination, other than those produced by Fannie Mae or KPMG, are not maintained by the agency in a searchable electronic database. Documents that potentially may be responsive to the various subpoenas *duce tecum* may be located (whether in electronic format or in hard copy) in various offices or file rooms for all current or former staff. A high percentage of these documents is privileged and would not be released under the Freedom of Information Act. *See, e.g.*, 12 C.F.R. § 1703.11(b). Therefore, a search of each office - and each hard drive in addition to the shared drives - would have to be undertaken to individually review documents for responsiveness and for the assertion of privileges to which Fannie Mae by law is entitled to claim, such as Trade Secrets Act and commercial confidentiality, as well as for OFHEO's governmental privileges, including the examination, investigative or deliberative process privileges. *Id.* These documents, which conservatively may number

in the hundreds of thousands of pages, span more than 10 years of agency operations

covering myriad and diverse supervisory, regulatory and housing finance issues.

17.    OFHEO is a small Federal agency (approximately 220 employees) with limited

staff and resources.  Undertaking such an endeavor for the benefit of parties in private

litigation would, by necessity, entail diverting those resources from the agency's primary

responsibility to ensure the safety and soundness and capital adequacy of the Housing

Finance Enterprises.

Dated: September 12, 2006

Charlotte A. Reid
D.C. Bar No. 360414
Associate General Counsel
Office of Federal Housing Enterprise Oversight
1700 G Street, N.W.
Washington, D.C.  20552
Telephone: 202-414-3810
Facsimile: 202-414-6504

7

# REID EXHIBIT 1



WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

ATTORNEYS & COUNSELLORS AT LAW
1513 FOURTH & VINE TOWER
ONE WEST FOURTH STREET
CINCINNATI, OHIO 45202
TELEPHONE (513) 621-0267

MELANIE S. CORWIN

RECEIVED
JUL 1 1 2006
OFFICE OF GENERAL COUNSEL

FAX (513) 381-2375
0262

July 6, 2006

**VIA FACSIMILE AND REGULAR MAIL**

Amy B. Newman, Esq.
Senior Counsel
Office of Federal Housing Enterprise Oversight
1700 G Street, NW
Washington, DC 20552

> Re:   *In Re Fannie Mae Securities Litigation*, Consolidated Civil Action No. 1:04-CV-01639, U.S. District Court, District of Columbia

Dear Amy:

This serves as our final extra-judicial attempt to resolve our discovery disputes. OFHEO was served with Lead Plaintiffs' Subpoena on March 14, 2006. Almost four months later, however, we have not yet received a single document from OFHEO in response to the Subpoena. Pursuant to OFHEO's request, which was directly contrary to OFHEO's instructions in the similar Freddie Mac securities litigation, Lead Plaintiffs' submitted a written document request on June 13, 2006, in accordance with 12 C.F.R. § 1703.34(b). Yet, we have not received one single document from OFHEO in response to that document request.

In the second paragraph of your July 5, 2006 letter, you indicate that we can obtain many of the documents that we seek from Fannie Mae and other sources. You specifically reference Request Nos. 2, 3, 4, 8, 13, 14 and 19. I do not know if you are referring to the Requests in the Subpoena or our June 13, 2006 document request letter, so I will respond herein based on the assumption that you are referring to our June 13, 2006 document request letter. We have sought the documents requested in Request Nos. 2, 3, 4, 8, 13 and 14 from Fannie Mae and the Individual Defendants, but they have informed us that OFHEO has prohibited them from producing those documents to us on the basis of some privilege being claimed by OFHEO.

As I informed OFHEO in my June 13, 2006 letter, we are happy to get those documents requested from Fannie Mae and the Individual Defendants, rather than OFHEO, if (i) OFHEO will permit them to release those documents to us, and (ii) OFHEO verifies that they in fact have copies of all of the documents requested or provides us with copies of any documents not in their possession. I never "demanded" that you create or produce a log. I told you in our telephone conversation that, if as requested by OFHEO we seek the documents from Fannie Mae and other

Amy B. Newman, Esq.
July 6, 2006
Page 2

sources, we need a way to verify that Fannie Mae and the other sources have all responsive documents in their possession and produce to us all documents that we requested from OFHEO. I suggested as an accommodation to OFHEO that if OFHEO had a log of the documents it received from each source, we would accept the log instead of a production of all of the documents because we could then get the documents from the source who provided them. For example, in Request No. 4, we seek all subpoenas *duces tecum* or other requests for production of documents made by OFHEO to Roger Barnes and "any other persons or entities." Unless OFHEO provides us with copies of the requests to these other persons or entities or identifies all persons/entities to whom they sent document requests/subpoenas, how are we supposed to know who they are and whether Fannie has copies of all of the applicable requests and how can we can verify that Fannie has produced all such requests to us?

If you have any other suggestions for how we can verify that other "sources" from whom you request that we obtain the requested documents actually have all such documents in their possession and have produced all such requested documents to us, I would be glad to consider your suggestions.

In response to the third paragraph of your letter, I informed you in our telephone call that we are not requesting that OFHEO provide us with any documents that are publicly available to us. In a final attempt to resolve the other matters, I will again address each of our requests in the June 13, 2006 letter, to attempt to identify what is not available to us and what we need from OFHEO.

## REQUEST NO. 1

We will obtain directly from Fannie Mae the documents specifically referenced in the OFHEO Report which are in Fannie Mae's possession. To the extent Fannie Mae does not possess copies of any documents referenced, we will revisit that issue with you when we can identify those documents. We do not know, however, what documents were relied upon by OFHEO to support the findings and/or conclusions in the two OFHEO Reports, but which are not specifically referenced in the OFHEO Reports. If you will identify in some manner those documents for us and confirm that they are in Fannie Mae's possession, we are happy to obtain those documents directly from Fannie Mae. Otherwise, OFHEO will need to produce the documents. You specifically reference in your letter that the OFHEO Reports rely on several interviews conducted by Paul Weiss as part of that firm's investigation, however, those interview memorandum are not publicly available to us and we request that OFHEO provide us with copies of those memorandums.

## REQUEST NO. 2

With respect to witnesses interviewed by OFHEO, we only need from OFHEO the names of those witnesses who were interviewed by OFHEO, but who were not identified as being interviewed by OFHEO in either of the OFHEO Reports. This request is not unduly burdensome and should be relatively easy for you to provide. If you would rather

Amy B. Newman, Esq.
July 6, 2006
Page 3

provide documents from which we can determine this information, rather than creating a list (if one is not already created), that is your decision.

## REQUEST NO. 3

The transcripts of the witness interviews are not publicly available. If Fannie Mae is in possession of copies of all of the transcripts, exhibits and errata sheets, we are happy to obtain them from Fannie Mae. However, OFHEO has to authorize Fannie Mae to release them to us, as Fannie Mae claims that OFHEO has prohibited it from releasing those deposition transcripts to us. Also, we need some verification from OFHEO that it has given Fannie Mae copies of all of the transcripts, exhibits and errata sheets, or OFHEO needs to provide us with copies of any transcripts, exhibits and errata sheets not given to Fannie Mae.

## REQUEST NO. 4

Again, we can obtain copies of the subpoenas *duces tecum* or other requests for production of documents issued by OFHEO to Fannie Mae and the Individual Defendants directly from those parties if OFHEO will authorize them to release those documents to us. As to any other persons or entities to whom OFHEO issued subpoenas or documents requests, we cannot obtain those directly from such third parties until we know who they are. So, if OFHEO wants us to obtain those documents directly from those sources instead of providing the documents itself, then OFHEO needs to identify the persons and entities to whom it sent subpoenas or request for production of documents, so we know where to go to get the requested documents.

## REQUEST NOS. 5 AND 6

Again, we are happy to obtain these documents directly from Fannie Mae and the Individual Defendants if OFHEO will authorize Fannie Mae and the Individual Defendants to release this information to us.

## REQUEST NOS. 7, 15 AND 17

The requested documents are not publicly available to us and are not burdensome for OFHEO to produce.

## REQUEST NO. 8

The Paul Weiss work plans submitted to OFHEO for approval also are not publicly available documents. Fannie Mae and Paul Weiss have refused to produce them on the basis that OFHEO has claimed a privilege to the documents. Again, if OFHEO will authorize Fannie Mae and Paul Weiss to release copies of these documents to us, there would be no need for OFHEO to produce them.

Amy B. Newman, Esq.
July 6, 2006
Page 4

### REQUEST NOS. 9, 10, 11, 16 and 18

We would obtain the documents requested directly from Fannie Mae, the Individual Defendants and Paul Weiss, but OFHEO has to authorize them to release the documents to us and we need some way to verify that they produce all such responsive documents to us. If OFHEO has no list of the applicable documents and does not want to provide copies, we are open to other suggestions for how we can verify that the other parties have copies of all such responsive documents and have provided them to us.

### REQUEST NOS. 12, 13 and 14

We do have copies of the September 27, 2004 and March 5, 2005 Agreements between OFHEO and Fannie Mae and therefore do not need OFHEO to produce them. However, the reports made by Fannie Mae to OFHEO as required under those Agreements are not publicly available to us and Fannie Mae is unable to produce them to us because of a claim of privilege by OFHEO. If OFHEO will authorize Fannie Mae to release these documents to us, there is no need for OFHEO to produce them.

### REQUEST NO. 19

With respect to Request No. 19, I informed you in the June 13, 2006 letter that Mr. Barnes' counsel said he turned over all of his documents to OFHEO or Paul Weiss and did not retain copies. Therefore, OFHEO is the only source of any documents that Mr. Barnes provided to OFHEO. This request is not burdensome and any documents produced by Mr. Barnes would not be privileged. Therefore, we again request that you produce any documents provided to OFHEO by Mr. Barnes and transcripts of any testimony given by Mr. Barnes to OFHEO.

In the first paragraph on the second page of your July 5, letter, you indicated that some of the documents requested are protected from disclosure, but you do not identify the documents you claim are privileged and the exact privilege applicable to each category of documents. You asked me to narrow the scope of the requests, and said that OFHEO would then consider a limited production under a Protective Order without waiving any applicable privilege. I did narrow the documents requests in our Subpoena in the document request I sent OFHEO on June 13, 2006, and I narrowed the requests to the exact group of documents that OFHEO produced to us in the Freddie Mac securities litigation. We also sent you a proposed Protective Order on June 1, 2006, but have received no response from you with respect to the Protective Order.

We do not understand why OFHEO would change the procedures it followed in the substantially similar Freddie Mac securities litigation. OFHEO has found in its two reports that the defendants in our Fannie Mae case engaged in similar misconduct as the defendants in the Freddie Mac litigation. It is unfortunate that OFHEO assisted the Freddie Mac investors in prosecuting their claims against the Defendants by providing the same information we requested in this case, but for some reason will not similarly assist the Fannie Mae investors.

Amy B. Newman, Esq.
July 6, 2006
Page 5

Please let me know by the close of business on July 12, 2006, whether OFHEO will promptly produce the documents requested and/or authorize the release of the requested documents by Fannie Mae and the other sources, or whether we need to involve the Court in this matter. We are facing an August 10, 2006 document production deadline in our case, and we must get this matter resolved promptly.

Please feel free to contact me if you have any questions or want to discuss this matter further.

Sincerely yours,

Melanie S. Corwin

MSC:dcc

cc:    Alfred M. Pollard, Esq.
       Jeffrey W. Kilduff, Esq.
       Amy J. Longo, Esq.

# REID
# EXHIBIT
# 2



# OFFICE OF FEDERAL HOUSING ENTERPRISE OVERSIGHT
### 1700 G STREET NW  WASHINGTON DC 20552  (202) 414-3801

---

*OFFICE OF GENERAL COUNSEL*

July 18, 2006

Melanie S. Corwin, Esquire
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202

Re:     *In re Fannie Mae Securities Litigation*

Dear Melanie:

This letter responds to your letters dated June 13 and July 6, 2006, and provides additional information regarding the efforts currently being undertaken by OFHEO in response to your pending document requests in connection with the above-captioned shareholders' derivative action.

OFHEO is currently reviewing your requests under the procedures applied in the Freddie Mac shareholders' derivative action. We understand that your immediate priority is to obtain the transcripts of the OFHEO interviews. To that end, OFHEO has contacted counsel for Fannie Mae to request they immediately review the transcripts previously provided to Fannie Mae to determine whether they will need to assert any applicable privileges under the Trade Secrets Act and other commercial information privileges. They have indicated they will do so, and we are coordinating with them to get that process underway. I am attaching a list of those transcripts for your information.[1]  In accordance with the above-noted review process, OFHEO will produce those transcripts and exhibits, as available, on a rolling basis at the earliest practicable time.

Because no documents will be produced until all parties (including private counsel for the witnesses) have entered into a confidentiality agreement or protective order preserving the examination privilege, we are currently reviewing your proposed protective order, and we intend to provide our comments to you no later than COB July 20, 2006. To reiterate, OFHEO will not,

---

[1] The attached list is attorney work product. It was created by OFHEO attorneys solely in anticipation of litigation, *e.g.*, potential enforcement litigation against Fannie Mae current and former officers and directors, and potential litigation with your firm over the agency's responses to your Touhy requests to which you alluded in a prior writing. OFHEO is making this production without waiver of the attorney work product protection. Additionally, we note that the fact of the creation of this list is not to indicate any willingness by OFHEO to create any future lists or logs for your use.

however, intervene in the shareholder litigation for the purpose of entering into a protective order or confidentiality agreement.

As OFHEO continues to work through your requests, it would be helpful if you would provide additional information to narrow your requests (currently 19) to the documents of your highest priority. OFHEO remains committed to responding to your requests as soon as practicable, given the limited resources of the agency.

Please contact me at 202-414-3798 or Ms. Charlotte Reid, Associate General Counsel, at 202-414-3810, if you have any questions or would like to discuss more productive means to move this process forward.

Very truly yours,

Amy B. Newman

Enclosure

cc:    Jeffrey Kilduff, Esq.

ATTORNEY WORK PRODUCT
PRIVILEGED & CONFIDENTIAL

### Fannie Mae Employee Interview Transcripts

| Name | Title | Interview Date(s) |
|---|---|---|
| Aberbach, Iris | Director of Corp. Governance | 12/15/05 |
| Amato, Joseph | VP, Financial Transactions | 1/11/06 |
| Ashley, Stephen | Board of Directors | 4/20/06 |
| Barbieri, Al | Director, Securities Trading | 11/10/04 |
| Blickstein, Jill | VP Assistant to the Chairman and CEO | 1/26/06 |
| Boyles, Jonathan | SVP, Financial Accounting Standards | 8/3/04; 8/24/04; 12/7/04 |
| Donilon, Thomas | EVP Office of the Chairman | 4/24/06; 4/27/06 |
| Douthit, Matthew | Dir. Portfolio Management | 12/15/04 |
| Duncan, Duane | SVP, Government and Industry Relations | 4/4/06 |
| Eilers, Ann | VP, Internal Audit | 7/23/04 |
| Gangisetty, Venkat | Sr. Project Manager, Treasurer's Office | 11/12/04 |
| Gerrity, Thomas | Chairman, Audit Committee | 2/28/06; 3/14/06 |
| Howard, Timothy | Former CFO | 8/5/04 |
| Jackson, Paul | Former Director of Internal Audit | 8/17/04 |
| Juliane, Jeffrey | Director, PDA-AiMS | 6/8/04; 8/31/04 |
| Kappler, Ann | SVP, General Counsel | 5/12/05; 4/11/06 |
| Lawler, Thomas | SVP, Risk Policy | 6/24/04 |
| LeRouzes, Rene | Manager, AIMS | 7/16/04 |
| Levin, Robert | CFO | 4/19/06 |

1

| Name | Title | Interview Date(s) |
|------|-------|-------------------|
| Lewers, Mary | VP, Financial Accounting | 7/13/04 |
| Marzol, Adolfo | Chief Risk Officer | 2/8/06 |
| Medina, Monica | VP & Deputy General Counsel | 12/14/05 |
| Mudd, Daniel | Former COO/Current CEO | 4/18/06 |
| Niculescu, Peter | EVP, Portfolio Business | 6/9/05 |
| Patel, Mona | Manager, FAS 133 | 9/8/04 |
| Pennewell, Janet | SVP, Business Planning | 6/15/04; 10/28/04 |
| Philip, Joyce | Director, Internal Audit | 7/21/04 |
| Quinn, William | SVP, Portfolio Strategies | 7/26/04; 6/3/05; 2/24/06 |
| Rajappa, Sampath | Internal Auditor | 6/17/04; 2/23/06 |
| Ross, Shaun | Director, Corporate Strategy | 5/25/05; 2/7/06 |
| Rudin, Lorrie | Director, Executive Compensation | 1/31/06 |
| Salfi, Paul | Director, Financial Accounting Standards | 10/26/04 |
| Sarkani, Shahryar | Sr. Accounting Consultant | 11/4/04 |
| Schlemmer, Phil | Director, Internal Audit | 7/1/04 |
| Skinner, Michelle | Former Director, Securities Accounting | 12/2/04 |
| Skladoney, Katarina | Sr. Financial Analyst, Treasury Middle Office | 8/26/04 |
| Small, Lawrence | Former COO | 2/10/06 |
| Spencer, Leanne | Former SVP, Controller | 6/22/04; 8/12/04; 12/9/04 |
| Stawarz, Richard | Director, Financial Reporting | 12/14/04 |

| Name | Title | Interview Date(s) |
|------|-------|-------------------|
| Wells, Patricia | Controller's Dep't | 11/30/04 |
| Whitacre, John Morgan | Director, Risk Policy Dep't of Chief Risk Officer Division | 1/18/06 |

# REID EXHIBIT 3

## Reid, Charlotte

| | |
|---|---|
| **From:** | Kilduff, Jeffrey [JKilduff@OMM.com] |
| **Sent:** | Friday, July 21, 2006 6:20 PM |
| **To:** | Reid, Charlotte |
| **Cc:** | jodie_l_kelley@fanniemae.com |
| **Subject:** | FW: Subpoenas to OFHEO |

**From:** Kilduff, Jeffrey
**Sent:** Fri 7/21/2006 6:17 PM
**To:** Downey, Kevin; Delinsky, Eric; Autumn Smith; Walsh, Michael; Beisner, John; Stern, Robert; Romain, Alex; Salky, Steven M.; Krakoff, David S.; Ryan, Mark W.; Miller, Adam B.
**Cc:** Karen Thomas; Melanie S. Corwin; Kathleen Donovan-Maher; Jeff Block; James R. Cummins; Julie Richmond; Joseph Merschman; Dsommers@cmht.com
**Subject:** Subpoenas to OFHEO

This email follows up on an email from Melanie earlier today which coincided with a conversation I had with Charlotte Reid at OFHEO yesterday. Third parties like OFHEO are now beginning to receive multiple subpoenas from various parties at different times asking for different documents. To state the obvious, these third parties would no doubt appreciate receiving a single consolidated subpoena to which they could respond, eliminating duplicative discovery and repetitive searches. Would it make sense for any third party served to date (and we could establish a process going forward for ensuring a single consolidated subpoena), to focus on the first served subpoena only, unless another party identifies a specific category of documents to add to the first served subpoena? The third party then has a finite document demand, can collect, review and produce once, and be done with it. In the case of OFHEO for example, this would eliminate separate negotiations over production issues and allow a single response to which all parties agree. Please let me know your thoughts. thx

7/27/2006

# REID
# EXHIBIT
# 4

## Fannie Mae Securities Litigation
## Document Request Comparison

The first column of the chart is a unique control number created by OFHEO to track each document request or sub-request. The second column, labeled S/DR Identifier, refers to the Plaintiffs' (P), Howard's (Z), or Raines' (W1 or W2) document requests. Each of those parties' numbered requests has been broken down into letter-denominated subrequests where appropriate. Thus, "P_1A" refers to the first part of Plaintiffs' first numbered document request in Plaintiff's subpoena. Similarly, "W2_3" refers to Raines' second subpoena and his third numbered document request. The third column briefly describes the document request. The fourth column indicates the date range for the listed document request. The fifth column indicates which of Plaintiffs' document requests overlap with each of Defendants' requests. Parentheticals indicate whether the Plaintiffs' request is broader or narrower than the listed document request. An X is placed in the cell if the listed document request is Plaintiffs'. A blank cell indicates no overlap. The sixth, seventh and eighth columns are structured in the same manner as the fifth.

| Control No. | S/DR Identifier | Description – Subpoenas/Document Requests | Dates | March 13, 2006 Subpoena/Document Request (P) | June 21, 2006 Subpoena (Z) | July 18, 2006 Subpoena (W1) | July 24, 2006 Subpoena (W2) |
|---|---|---|---|---|---|---|---|
| 1 | P_1A | Documents specifically referenced in or used to support findings and/or conclusions in OFHEO Reports | 2000 – present | X | Z_7 | W1_4 | |
| 2 | P_1B | Documents used to or relied upon to support findings and/or conclusions in OFHEO Reports but not specifically referenced in same | 2000 – present | X | | | |
| 3 | P_2 | Documents sufficient to identify any person interviewed by OFHEO, or any person who testified before OFHEO re: the investigation but not identified in the Report | 2000 – present | X | | | |
| 4 | P_3A | Transcripts of witness interviews, depositions or other testimony taken or conducted by OFHEO re: the investigation including exhibits | 2000 – present | X | Z_9 | W1_1 | |
| 5 | P_3B | All other documents concerning witness interviews, depositions or other testimony taken or conducted by OFHEO re: the investigation | 2000 – present | X | Z_9 | W1_3 | |
| 6 | P_4 | Subpoenas *duces tecum* or other RFPs by OFHEO re: the investigation (Fannie, Barnes, indiv defs, others) | 2000 – present | X | | | |
| 7 | P_5 | Communications between OFHEO and Fannie Board or Board Member re: exam | 2000 – present | X | Z_6 (broader 1995 - 2005) | W1_6 (Rpts, 1998 -2004) | |
| 8 | P_6 | Communications between OFHEO and any indiv def in connection w/exam | 2000 – present | X | Z_2 | W1_14 (Raines) | |
| 9 | P_7 | Communications between OFHEO and KPMG re: investigation | 2000 – present | X | | | |
| 10 | P_8 | Docs re: consent orders, decrees, cease & desist orders, MOUs, action plans or other agrs re: investigation and/or between OFHEO and Fannie or indiv defendant and Paul Weiss work plans | 2000 – present | X | | | |
| 11 | P_9 | Drafts of 9/17/04 Report and amends or suppls | 2000 – present | X | | | |

| Control No. | S/DR Identifier | Description - Subpoenas/Document Requests | Dates | March 13, 2006 Subpoena/Document Request (P) | June 21, 2006 Subpoena (Z) | July 18, 2006 Subpoena (W1) | July 24, 2006 Subpoena (W2) |
|---|---|---|---|---|---|---|---|
| 12 | P_10 | Docs re Raines' "retirement", including communications between OFHEO and Fannie or any indiv defendant re: OFHEO's position re: same | 2000 – present | X | Z_2 (broader); Z_3 (broader) | | |
| 13 | P_11 | Docs re: Howard's "resignation", including communications between OFHEO and Fannie or any indiv defendant re: OFHEO's position re: same | 2000 – present | X | Z_2 (broader); Z_3 (broader) | | |
| 14 | P_12 | Docs re: Spencer's "stepping down", including communications between OFHEO and Fannie or any indiv defendant re: OFHEO's position re: same | 2000 – present | X | Z_2 (broader); Z_3 (broader) | | |
| 15 | P_13 | (Non-public) Comms, directives or orders by OFHEO to Fannie re: any indiv defendant, including any docs re: severance, compensation or bonuses paid or to be paid to any indiv defendant | 2000 - present | X | Z_6 (broader) | | |
| 16 | P-14 | Docs re: any action taken by OFHEO against Fannie, or any response by Fannie, re: investigation or 9/17/04 Report | 2000 – present | X | Z_6 (broader) | | |
| 17 | P_15 | Comms re: 9/27/04 Agreement between OFHEO and Fannie, including reports by Fannie or Fannie Board under the agr and docs re: Fannie's efforts or failure to comply w/agr | 2000 - present | X | Z_6 (broader) | | |
| 18 | P_16 | Comms re: 3/5/05 Supplement to 9/27/04 Agr, including reports by Fannie or Fannie Board under the supplement and docs re: Fannie's efforts or failure to comply w/suppl | 2000 - present | X | Z_6 (broader) | | |
| 19 | P_17 | Comms between OFHEO and SEC re: investigation or SEC's investigation re: Fannie | 2000 – present | X | Z_10 (SEC transcripts) | W1_2 (SEC transcripts) | W2_4 (9/04-12/04 docs to SEC) |

| Control No. | S/DR Identifier | Description - Subpoenas/Document Requests | Dates | March 13, 2006 Subpoena/Document Request (P) | June 21, 2006 Subpoena (Z) | July 18, 2006 Subpoena (W1) | July 24, 2006 Subpoena (W2) |
|---|---|---|---|---|---|---|---|
| 20 | P_18 | Comms between OFHEO and Paul Weiss re: investigation or Weiss investigation re: Fannie | 2000 – present | X | Z_8 (memos on PW interviews) | W1_4 (broader) | |
| 21 | P_19 | Comms between OFHEO and DOJ re: investigation or DOJ investigation re: Fannie activities | 2000 - present | X | | | W2_1 (broader) |
| 22 | P_20 | Docs re: Fannie's misapplications or violations of any GAAP principles, including SFAS #65, 91, 115, 133, 140, 149 | 2000 – present | X | Z_5 (broader, 1995 – 2005) | W1_9 (broader, 1998 – 2004) | |
| 23 | P_21 | Docs re: Fannie's deviations from or violations or misapplications of Fannie's own accounting practices, policies or procedures | 2000 – present | X | Z_5 (broader, 1995 – 2005) | W1_9 (broader, 1998 - 2004) | |
| 24 | P_22 | Docs re: any falsification of signatures by any Fannie officers, directors or employees | 2000 - present | X | | | |
| 25 | P_23 | Docs, information and testimony obtained from Barnes by OFHEO re: investigation | 2000 – present | X | Z_11 (broader) | | |
| 26 | P_24 | Docs re: OFHEO's analysis or consideration of reliability, trustworthiness or credibility of representations or statements by any present or former officers, directors, employees or agents of Fannie | 2000 – present | X | | | |
| 27 | P_25 | Docs re: OFHEO's disagreements with Fannie re: Fannie's accounting practices, policies, treatment, internal controls or reported financial results | 2000 - present | X | | | |
| 28 | Z_1 | Docs re: Fannie officer/director performance | 1/1/98 – 1/31/05 | P_5 (Board comms); P_24 (credibility) | X | | |
| 29 | Z_2 | Docs re: comms w/ or relating to Raines, Howard and/or Spencer | (no time specified) | P_6 | X | W1_14 (Raines) | |

| Control No. | S/DR Identifier | Description - Subpoenas/Document Requests | Dates | March 13, 2006 Subpoena/Document Request (P) | June 21, 2006 Subpoena (Z) | July 18, 2006 Subpoena (W1) | July 24, 2006 Subpoena (W2) |
|---|---|---|---|---|---|---|---|
| 30 | Z_3 | Docs re: Fannie's compensation of officers/directors | 1/1/98 – 1/31/05 | | X | W1_8 (OFHEO analysis comp. practices, 1998 - 2004) | |
| 31 | Z_4 | Docs re: OFHEO's annual Fannie exams of: Business Process Controls Internal Controls Corporate Governance Management Earnings External Auditors | 1995-2005 | | X | W1_6 (1998 - 2004 Rpts to BoD); W1_7 (1998 – 2004 workpapers); W1_10 (1998 – 2004); W1_12 (1998 – 2004) | |
| 32 | Z_5 | Docs re: OFHEO's evaluation of Fannie accounting practices, policies and/or procedures, especially appropriateness of accounting for derivatives under FAS 133 and FAS 91 | 1995-2005 | P_20 (2000 – present) | X | W1_9 (broader) | |
| 33 | Z_6 | Docs re: comms w/Fannie Board or any Board members (especially reports of exams prepared for/shared with Board or members) | 1995-2005 | P_5 (2000-present) | X | W1_6 (Rpts, 1998-2004) | |
| 34 | Z_7 | Docs mentioned or cited in OFHEO's reports of special exam, including 9/17/04 report and 5/23/06 report | | P_1 | X | W1_4 | |
| 35 | Z_8 | Memoranda re: interviews conducted by counsel for Special Review Committee referred to on p 19 of Special Report | | P_18 (Comm betw. OFHEO/Paul Weiss 2000 – present) | X | W1_4 | |
| 36 | Z_9 | Memoranda/transcripts of formal and informal OFHEO interviews referred to on p 19 of Special Report | | P_3A, P_3B (broader 2000-present) | X | W1_1, W1_3 | |

| Control No. | S/DR Identifier | Description - Subpoenas/Document Requests | Dates | March 13, 2006 Subpoena/Document Request (P) | June 21, 2006 Subpoena (Z) | July 18, 2006 Subpoena (W1) | July 24, 2006 Subpoena (W2) |
|---|---|---|---|---|---|---|---|
| 37 | Z_10 | Transcripts of interviews by SEC referred to on p 19 of Special Report | | P_17 (Comm. Betw. OFHEO/SEC 2000 – present) | X | W1_2 (SEC transcripts) | |
| 38 | Z_11 | Docs re: Barnes (esp. re: OFHEO's evaluation/examination of any complaint, allegation, or assertion by Barnes) | | P_23 (2000-present) | X | | |
| 39 | W1_1 | Transcripts of all "formal" interviews by OFHEO during special exam | | P_3A | Z_9 | X | |
| 40 | W1_2 | Transcripts of all "formal" interviews by SEC and reviewed by OFHEO during its special exam | | P_17 (Comm. Betw. OFHEO/SEC) | Z_10 | X | |
| 41 | W1_3 | Notes or memoranda discussing, summarizing or recording "informal interviews" by OFHEO during special exam | | P_3B (broader 2000 -- present) | Z_9 | X | |
| 42 | W1_4 | All docs cited or referenced in OFHEO reports re Fannie | | P_1A | Z_7 | X | |
| 43 | W1_5 | Reports by OFHEO to Congress re: Fannie | 1998-2004 | | | X | |
| 44 | W1_6 | Reports by OFHEO to Fannie Board | 1998-2004 | P_5 (broader 2000-present) | Z_6 (broader 1995 - 2005) | X | |
| 45 | W1_7 | Exam workpapers by OFHEO re: annual exams of Fannie | 1998-2004 | | Z_4 | X | |
| 46 | W1_8 | Docs re: OFHEO's exam, analysis, review of compensation at Fannie (esp. Buck consultants) | 1998-2004 | | Z_3 | X | |
| 47 | W1_9 | Docs re: OFHEO's review/analysis/evaluation of Fannie's accounting practices/policies | 1998-2004 | P_20 (misapp, Specific GAAP prov., 2000 – present) | Z_5 (1995 – 2005) | X | |
| 48 | W1_10 | Docs re: OFHEO's review/analysis of internal controls and management and adequacy and effectiveness between 1998-2004 | 1998-2004 | P_25 (more narrow, "disagreements" w/Fannie re acctg, internal-controls, 2000 - present) | Z_4 (1995 -2005) | X | |
| 49 | W1_11 | Docs re: OFHEO's | 1998-2004 | | Z_4 | X | |

| Control No. | S/DR Identifier | Description - Subpoenas/Document Requests | Dates | March 13, 2006 Subpoena/Document Request (P) | June 21, 2006 Subpoena (Z) | July 18, 2006 Subpoena (W1) | July 24, 2006 Subpoena (W2) |
|---|---|---|---|---|---|---|---|
| | | review/analysis/evaluation/assessment of adequacy/effectiveness of internal/external audit functions and management of audit program between 1998-2004 | | | (annual exams, 1995 – 2005) | | |
| 50 | W1_12 | Docs re: OFHEO's evaluation of quality of Board governance and whether Board effectively discharged its duties | 1998-2004 | | Z_4 (annual exams) | X | |
| 51 | W1_13 | Docs re: OFHEO's evaluation whether management at Fannie effectively conveyed appropriate message of integrity and ethical values | 1998-2004 | | | X | |
| 52 | W1_14 | Docs re: comms between OFHEO and Raines | | P_6 | Z_2 (broader, 1995 – 2005) | X | |
| 53 | W2_1 | Docs re: comms between OFHEO and any US Agency re: OFHEO's special exam of Fannie,, (esp. comms re: whether OFHEO should conduct a special exam of Fannie and/or status, exam procedures, findings and/or conclusions of OFHEO's spec exam of Fannie) | | P_17 (SEC); P_19 (DOJ) (2000-present) | Z_10 (SEC interviews) | | X |
| 54 | W2_2 | Docs ID'ing individuals who participated in comms between OFHEO and any US agency re: OFHEO's spec exam of Fannie (esp. comms re: whether OFHEO should conduct a special exam of Fannie and/or status, exam procedures, findings and/or conclusions of OFHEO's spec exam of Fannie) | | | | | X |
| 55 | W2_3 | Docs ID'ing dates/locations of mtgs where occured comms betw OFHEO and any US Agency re: OFHEO's spec exam of Fannie (esp. comms re: whether OFHEO should conduct a special exam of Fannie and/or status, exam procedures, findings and/or conclusions of | | | | | X |

| Control No. | S/DR Identifier | Description - Subpoenas/Document Requests | Dates | March 13, 2006 Subpoena/Document Request (P) | June 21, 2006 Subpoena (Z) | July 18, 2006 Subpoena (W1) | July 24, 2006 Subpoena (W2) |
|---|---|---|---|---|---|---|---|
| | | OFHEO's spec exam of Fannie) | | | | | |
| 56 | W2_4 | Materials provided by OFHEO to SEC for SEC's review of accounting issues raised in 9/17/04 report | 9/04-12/04 | P_17 (SEC 2000 – present) | | | X |
| 57 | W2_5 | Comms betw OFHEO and McLean (Fortune Magazine) re: Fannie and/or Raines | | | | | X |
| 58 | W2_6 | Docs ID'ing indivs participating in comms betw OFHEO and McLean re: Fannie and/or Raines | | | | | X |
| 59 | W2_7 | Docs ID'ing dates/locations of mtgs where occured comms betw OFHEO and McLean re: Fannie and/or Raines | | | | | X |
| 60 | W2_8 | Docs re: Fannie and/or Raines referring to "Noriega" or "Operation Noriega" | | | | | X |