UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re Fannie Mae Securities Litigation | ) ) ) ) | Consolidated Civil Action No. 1:04-cv-1639 (RJL) |
| Evergreen Equity Trust, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:06-cv-00082 (RJL) |
| v. | ) ) | |
| Federal National Mortgage Association, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| Franklin Managed Trust, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:06-cv-00139 (RJL) |
| v. | ) ) | |
| Federal National Mortgage Association, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' OPPOSITION TO FANNIE MAE'S AND THE
DIRECTOR DEFENDANTS' JOINT REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF THEIR MOTIONS TO DISMISS
<u>THE EVERGREEN AND FRANKLIN SECOND AMENDED COMPLAINTS</u>**

GRANT & EISENHOFER P.A.
Stuart M. Grant (D.C. Bar # 450895)
Megan D. McIntyre
Christine M. Mackintosh
Chase Manhattan Centre
1201 N. Market St.
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)
Attorneys for Plaintiffs

# INTRODUCTION

The Evergreen Plaintiffs[1] and the Franklin Plaintiffs[2] (collectively, "Plaintiffs") respectfully oppose the request of The Federal National Mortgage Association ("Fannie Mae") and the Director Defendants[3] (collectively, "Defendants") for judicial notice of the following documents in connection with Defendants' motions to dismiss Plaintiffs' Second Amended Complaints (the "Motions to Dismiss"):

1. A WASHINGTON POST article discussing the alleged complexity of the accounting standards which Fannie Mae is accused of violating (the "Article");[4]

2. A statement made by Senator Warren B. Rudman before the Congressional Committee on Financial Services (the "CFS") and posted on the CFS website (the "Rudman Statement");[5] and

---

[1] Plaintiffs Evergreen Equity Trust, Evergreen Select Equity Trust, Evergreen Variable Annuity Trust and Evergreen International Trust are referred to herein collectively as the "Evergreen Plaintiffs."

[2] Plaintiffs Franklin Managed Trust, Institutional Fiduciary Trust, Franklin Investors Securities Trust, Franklin Value Investors Trust, Franklin Strategic Series, Franklin Capital Growth Fund, Franklin Templeton Investment Funds, Franklin Templeton Variable Insurance Products Trust, Franklin Custodian Funds, Inc., Franklin Templeton International Trust, Templeton MPF Investment Funds, Franklin Flex Cap Growth Corporate Class, Franklin Templeton Funds, Franklin Templeton Global Fund, Bissett Canadian Equity Fund, Bissett Institutional Balanced Trust, Franklin Templeton U.S. Rising Dividends Fund, Franklin World Growth Corporate Class, Franklin Global Trust, Franklin MPF U.S. Equity Fund, Lyxor/Templeton Global Long Short Fund Limited, Templeton Global Long-Short Fund PLC, Templeton Global Long-Short Fund Ltd., University of Hong Kong General Endowment Fund, and University of Hong Kong Staff Provident Fund are referred to herein collectively as the "Franklin Plaintiffs."

[3] Defendants Stephen B. Ashley, Kenneth M. Duberstein, Thomas P. Gerrity, Jamie S. Gorelick, William R. Harvey, Manuel J. Justiz, Ann Korologos, Frederick V. Malek, Donald B. Marron. Daniel H. Mudd, Anne M. Mulcahy, Joe K. Pickett, Leslie Rahl, Taylor C. Segue III and H. Patrick Swygert are referred to herein collectively as the "Director Defendants."

[4] David S. Hilzenrath, *Fannie's Issues: Simple or Not? 2 Agencies Differ,* WASHINGTON POST, Oct. 23, 2004.

[5] Statement of Warren B. Rudman Before the Committee on Financial Services, dated March 14, 2006.

1

       3.       Documents filed with the Securities & Exchange Commission (the "SEC Filings"), to the extent Defendants are requesting judicial notice of the truth of their contents.[6]

(collectively, the "Documents").[7] For the reasons discussed below, the Court should decline to take judicial notice of the Article and the Rudman statement for any purpose, and should decline to take judicial notice of the truth of any matters contained in the SEC Filings when ruling on the Motions to Dismiss.

## ARGUMENT

### A. Standard For Judicial Notice In the Context of a Motion to Dismiss

In deciding a motion to dismiss under Rule 12(b)(6), a court may only consider the allegations of the complaint, documents that are attached to or incorporated by reference in the complaint, and matters of which judicial notice may be taken. *E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015 (5th Cir. 1996).

"A judicially noticed fact must be one that is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Simpson v. Socialist People's Libyan Arab Jamahiriya,* 362 F. Supp. 2d 168, 178 (D.D.C. 2005). Additionally, a fact must be relevant to the question before the court in order for the court to take judicial notice. *See, e.g.*, *Papago Tribal Util. Auth. v.*

---

[6] Specifically, Defendants ask the Court to take judicial notice of Fannie Mae's filing on Form 8-K dated September 29, 2004; its filing on Form 8-K dated December 22, 2004; its filing on Form 12b-25 dated March 17, 2005; and its filing on Form NT 10-Q dated November 15, 2004.

[7] Plaintiffs do not oppose Defendants' request for judicial notice of the Office of Federal Housing Enterprise Oversight's Report of Findings to Date, Special Examination of Fannie Mae, dated September 17, 2004. Plaintiffs note, however, that this Report was superseded by a subsequent report dated May 2006.

2

*Federal Energy Reg. Commc'n*, 610 F.2d 914 (D.C. Cir. 1979) ("We need not tarry to consider whether these are data of which judicial notice may properly be taken, for they are in any event irrelevant."); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (denying request for judicial notice of analyst reports that were irrelevant to the pending motion to dismiss). For the reasons set forth below, the Documents are not appropriate matters for judicial notice.

      **B.**      **The Court Should Not Take Judicial Notice Of The Article**

Defendants ask the Court to take judicial notice of a newspaper article published in October 2004, which purports to quote former SEC Chairman William Donaldson as stating that the accounting issues raised by Fannie Mae were "not black and white." The court should decline to take judicial notice of this document for several reasons.

First, Defendants are incorrect when they suggest that the courts routinely take judicial notice of all newspaper articles simply because they are "matters of a general public nature." Motion at 3. To the contrary, while the courts may take judicial notice of newspaper articles where the **fact of their publication** has some significance, the courts generally do **not** take judicial notice of the **truth** of matters contained therein. *See, e.g., City of Monroe Employees Ret. Sys. v. Bridgestone Corp.,* 399 F.3d 651, 662 n. 10 (6th Cir. 2005) (taking judicial notice of the fact that newspaper articles criticizing the companies at issue were published, but not of the truth of any matters contained therein); *White v. H&R Block, Inc.,* No. 02 Civ. 8965 (MBM), 2004 WL 1698628, at *6 n. 2 (S.D.N.Y. July 28, 2004) ("**While the court cannot take judicial notice of these articles for the truth of the reports**, the court can—and does—take judicial notice that the reports were made, which is all that is necessary to trigger inquiry notice.") (emphasis added); *Condit v. Dunne,* 317 F. Supp. 2d 344, 358 (S.D.N.Y. 2004) ("The Court does not look to the substance of the articles to resolve any disputed issue on defendant's motion [to dismiss], but does consider the fact of the publication of these articles as evidence of the media

3

frenzy, and thus takes judicial notice of the widespread publicity . . ."); *In re Merrill Lynch & Co., Inc. Res. Reports Sec. Litig.*, 289 F. Supp. 2d 416, 425 (S.D.N.Y. 2003) ("The Court may take judicial notice of newspaper articles **for the fact of their publication** without transforming the motion into one for summary judgment.") (emphasis added).

Here, the mere fact of the Article's publication is of no significance to Defendants' Motions to Dismiss. Rather, what Defendants are really asking is for the Court to take judicial notice of the truth of the statement in the Article that the accounting issues at Fannie Mae were "not black and white." As discussed above, judicial notice cannot be taken of the truth of this statement. That is particularly true here, where the statement directly contradicts the allegations of the Complaints, which must be accepted as true for purposes of the Motions to Dismiss. *See, e.g.*, Franklin Plaintiffs' Second Amended Complaint ¶ 686 (quoting OFHEO Director as stating "We feel strongly that these are black and white accounting issues."); Evergreen Plaintiffs' Second Amended Complaint ¶ 647 (same). Indeed, the Article itself acknowledges the existence of a factual dispute surrounding the accuracy of Chairman Donaldson's statement, noting that it "contrasted with another regulator's recent testimony that Fannie Mae 'committed clear violations of accounting principles.'" Judicial notice is therefore inappropriate. *See* Fed. R. Evid. 201(b) (judicial notice is limited to facts "whose accuracy cannot reasonably be questioned").

The cases cited by Defendants do not assist their cause. In two of the cases which Defendants claim to support judicial notice of news articles — *Phillips v. Bureau of Prisons*, 591 F.2d 966 (D.C. Cir. 1979) and *In re Guess?, Inc. Sec. Litig.*, 174 F. Supp. 2d 1067 (C.D. Cal. 2001) — the courts were not even asked to take judicial notice of such articles.[8] The other two

---

[8] Defendants erroneously cite *Phillips* as "taking judicial notice of newspaper article as a 'matter[] of general public record'" (Motion at 3) and *Guess?* as "taking judicial notice of newspaper articles" (Motion at 4). However,

4

cases Defendants cite — *Government of Rwanda v. Rwanda Working Group*, 227 F. Supp. 2d 45 (D.D.C. 2002) and *United States v. BCCI Holdings (Luxembourg), S.A.*, 961 F. Supp. 287 (D.D.C. 1997) — are equally unavailing.  The court in *Rwanda* took judicial notice of a news article when issuing its ruling following a **bench trial**, not on a motion to dismiss, and it did so for the purpose of evaluating the state of mind of the author, not to establish the truth of the article's contents.  247 F. Supp. 2d at 60 & n.6.  Similarly, the court in *BCCI Holdings* took judicial notice of a series of news article in ruling on a **motion for summary judgment**, for the purpose of establishing that the defendant's financial and legal troubles were well-publicized, not for the truth of their contents.  961 F. Supp. at 290 & n.2.

Because the mere existence of the Article is irrelevant to Defendants' Motions to Dismiss, and because the contents thereof are a matter of dispute and are contradicted by the Complaint and other public statements, the Court should decline to take judicial notice of the Article.

## C. The Court Should Not Take Judicial Notice Of The Rudman Statement

The Rudman Statement is the testimony of former Senator Warren B. Rudman before the House Committee on Financial Services.  Defendants contend that this statement constitutes a "public record" which is a proper subject for judicial notice.

In support of their position, Defendants cite only two cases, neither of which is relevant to the issue in this case.  In *Savage v. Scales*, the Court noted in *dicta* — in a footnote — that "'the court may take judicial notice of' public documents."  310 F. Supp. 2d 122, 129 n. 8 (D.D.C. 2004).  However, there is no indication that any public documents were at issue in that

---

neither court even considered, much less granted, a request for judicial notice of a newspaper article.  Rather, the court in *Guess?* merely stated in *dicta* the general proposition that "SEC filings, stock prices and news articles may be considered under a motion to dismiss."  *Id.* at 1068 n. 1.

case, or that judicial notice was ever taken. Instead, the court ruled that it was converting the motion to one for summary judgment due to the defendants' submission of documentary evidence – something the court would not have had to do if it was taking judicial notice of the materials submitted. *Id.* (while the submission of extraneous documents ordinarily requires a motion to dismiss to be converted to a motion for summary judgment, an exception exists when the court can take judicial notice). Accordingly, *Savage* does not support the proposition that the Court may take judicial notice of the Rudman Statement. Similarly, the court in *Lipton v. MCI Worldcom, Inc.,* 135 F. Supp. 2d 182, 186-87 (D.D.C. 2001) took judicial notice of documents that were filed with a federal agency, but declined to make assumptions about those documents that were contrary to the allegations of the complaint. There is no indication the court took judicial notice of the accuracy of their contents.

As with the Article, Defendants do not seek judicial notice of the Rudman Statement for the mere purposes of establishing its existence. Rather, they seek judicial notice of the truth of the statements therein, including statements indicating that Fannie Mae's directors relied on management and KPMG with respect to financial and accounting matters. Again, however, it is inappropriate for the Court to take judicial notice of the truth of these statements. *See Kushner v. Beverly Enters.*, 317 F.3d 820, 831-32 (8th Cir. 2003) (affirming district court's denial of request for judicial notice of "matters of public record," when offered to prove the truth of the matters therein); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (district court erred when, in deciding a motion to dismiss, it took judicial notice of disputed facts stated in public records). *Marsh v. San Diego County*, 432 F. Supp. 2d 1035 (S.D. Cal. 2006) ("A court may take judicial notice of the existence of matters of public record … but not the truth of the facts cited therein.").

Furthermore, statements that the Director Defendants relied upon others are irrelevant to the Motions to Dismiss. The question is not whether the Director Defendants relied on other people to determine the accuracy of the Company's financial statements, but whether Plaintiffs have alleged that the Director Defendants' conduct was reckless (for purposes of Plaintiffs' fraud claims) or negligent (for purposes of Plaintiffs' negligent misrepresentation claim). The Rudman Statement specifically disclaims any relevance to that issue, stating: "The question of liability and culpability for the conduct we describe is a matter for various government departments and agencies to decide. It would have been decidedly inappropriate for us to reach conclusions in those areas." *See* Rudman Statement at 12. The factual statements in the Rudman Statement regarding the Director Defendants' purported reliance on others are thus irrelevant to the questions before the Court – a fact which provides yet another reason to deny Defendants' request for judicial notice.

> **D.     The Court Should Not Take Judicial Notice Of The Truth Of Matters Contained In The SEC Filings**

Defendants ask the Court to take judicial notice of four documents which Fannie Mae filed with the SEC: Form 8-K filings dated September 29, 2004 and December 22, 2004; a Form 12b-25 dated March 17, 2005; and a Form NT 10-Q dated November 15, 2004.

It is well-settled that the Court may take judicial notice of the **existence** of SEC Filings and the **fact** of the disclosures therein, but not of the **truth** of their contents. *See, e.g., Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78 (11th Cir. 1999) (court can take judicial notice of SEC filings on a motion to dismiss "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents"); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (same); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir. 1991) (SEC filings could be considered in connection with defendant's

7

motion to dismiss where "the documents [were] the very documents that [were] alleged to contain the various misrepresentations or omissions" and the documents were not being offered "to prove the truth of their contents but only to determine what the documents stated").

Plaintiffs do not object to Defendants' request for judicial notice of the SEC filings, insofar as Defendants seek to establish the existence of those filings or the fact of the disclosures therein. However, to the extent Defendants offer those documents in an effort to establish the truth of any of the statements therein, their request for judicial notice should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court decline to take judicial notice of the Article and the Rudman Statement. Further, Plaintiffs respectfully request that the Court decline to take judicial notice of the truth of any matters contained in the SEC Filings.

Respectfully submitted,

Dated: October 13, 2006

/s/ Stuart M. Grant
Stuart M. Grant (D.C. Bar # 450895)
Megan D. McIntyre
Christine M. Mackintosh
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market St.
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on October 13, 2006, Plaintiffs' Opposition To Fannie Mae's And The Director Defendants' Joint Request For Judicial Notice In Support Of Their Motions To Dismiss The Evergreen And Franklin Second Amended Complaints and Proposed Order were electronically filed using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF. Service was accomplished on counsel not registered through the CM/ECF system via First Class U.S. Mail, as indicated below.

**VIA U.S. MAIL:**

Fred Fisher Fielding
Barbara Ann Van Gelder
WILEY REIN & FIELDING, LLP
1776 K Street, NW
Washington, DC 20006
*Counsel for Anne Mulcahy and Frederic Malek*

Christian J. Mixter
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Thomas Gerrity*

Daniel John Healy
John H. Doyle, III
Rhonda D. Orin
ANDERSON KILL & OLICK, LLP
2100 M Street, NW, Suite 650
Washington, DC 20037
*Counsel for Leslie Rahl*

**VIA CM/ECF NOTIFICATION:**

Jeffrey C. Block
Kathleen M. Donovan-Maher
Julie A. Richmond
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
One Liberty Square
Boston, MA 02169
*Counsel for State Teachers Retirement System of Ohio and Ohio Public Employees Retirement Systems*

James R. Cummins
Melanie S. Corwin
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
*Counsel for State Teachers Retirement System of Ohio and Ohio Public Employees Retirement Systems*

Seth Aronson
Michael J. Walsh, Jr.
O'MELVENY & MYERS L.L.P.
1625 I Street, N.W.
Washington, D.C. 20006
*Counsel for Fannie Mae, Taylor Segue, William Harvey, Kenneth Duberstein, Manuel Justiz, and H. Patrick Swygert*

James D. Wareham
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, D.C. 20005
*Counsel for Daniel Mudd*

Julia E. Guttman
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
*Counsel for Jamie Gorelick*

Steven Mark Salky
Eric R. Delinsky
Ellen D. Marcus
Holly Ann Pal
Tammy Gershoni
ZUCKERMAN SPAEDER, LLP
1800 M Street, NW Suite 1000
Washington, DC 20036
*Counsel for Timothy Howard*

Francis J. Warin
Andrew S. Tulumello
Melanie L. Katsur
Henry Charles Whitaker
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
*Counsel for KPMG LLP*
Alex Giscard Romain
2842 S. Columbus St
Arlington, VA 22206
*Counsel for Franklin Raines*

James Hamilton
David I. Ackerman
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
*Counsel for Joe Pickett*

David S. Krakoff
Eldad Zvi Malamuth
Christopher F. Regan
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, DC 20006
*Counsel for Leanne Spencer*

Kevin M. Downey
Michelle D. Schwartz
Joseph Marshall Terry, Jr.
Daniel N. Marx
Matthew L. Fore
John E. Clabby
WILLIAMS & CONNOLLY, LLP
725 12th Street, NW
Washington, DC 20005
*Counsel for Franklin Raines*

Erica Lynne Salmon
DLA PIPER RUDNICK, GRAY CARY US LLP
1200 19th Street, NW, Suite 700
Washington, DC 20036
*Counsel for Stephen Ashley, Donald Marron, and Ann Korologos*

Jonathan M. Stern
SCHNADER HARRISON SEGAL & LEWIS LLP
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006-1825
*Counsel for Radian Guaranty Inc.*

Jonathan S. Liss
Dionna K. Litvin
David Smith
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, 36th Floor
Philadelphia, PA 19103
*Counsel for Radian Guaranty Inc.*

| | |
|---|---|
| Daryl A. Libow<br>SULLIVAN & CROMWELL LLP<br>1701 Pennsylvania Avenue, N.W.<br>Washington, DC  20006<br>*Counsel to Goldman, Sachs & Co* | Richard H. Klapper<br>Michael T. Tomaino, Jr.<br>Daniel H. R. Laguardia<br>Jeremy C. Bates<br>Patrice A. Rouse<br>SULLIVAN  & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br>*Counsel to Goldman, Sachs & Co.* |
| Aaron Futch<br>1615 L. Street, NW, Suite 1300<br>Washington, DC 20036-5694<br>*Counsel to Paul, Weiss, Rifkind, Wharton & Garrison LLP* | |

                                            /s/ Megan D. McIntyre
                                            Megan D. McIntyre