UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re Federal National Mortgage Association :
Securities, Derivative, and "ERISA"         :  MDL No. 1688
Litigation                                  :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
                                            :  Consolidated Civil Action
In re Fannie Mae Securities Litigation      :  No.: 1:04-CV-01639 (RJL)
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STATEMENT OF GOLDMAN, SACHS & CO.
CONCERNING PROPOSED DEPOSITION PROTOCOL**

In response to the Court's instruction at the October 20 conference, the parties have negotiated various provisions of a proposed protocol addressing expert document discovery and oral depositions of fact witnesses. While these provisions address such matters as the length of depositions, noticing and scheduling of depositions, order of questioning of witnesses, conduct of counsel at depositions, and location and confidentiality of depositions, the parties have been unable to agree upon the timing of commencement of depositions because it is the position of Goldman, Sachs & Co. ("Goldman Sachs") that the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 *et seq.* ("PSLRA"), prohibits any depositions during the pendency of motions to dismiss, which to date have been filed by Goldman Sachs and KPMG LLP ("KPMG").

The PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to

prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). This Court has recognized that the burden of establishing the need for lifting the discovery stay "is a heavy one." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).

In this case, no party has identified any need for particularized discovery to preserve evidence or prevent undue prejudice. Indeed, given the scope of discovery foreseen by plaintiffs, or even the more limited but still extensive discovery estimated by defendants, the undue prejudice in allowing discovery to proceed would be imposed on the moving parties. To the extent that the stay would delay the continuation of fact discovery in this action, that delay results from plaintiffs' decision to bring new claims two years after commencing this action. Plaintiffs' belated attempt to assert a claim against Goldman Sachs at this late date, and to force Goldman Sachs to defend its rights as extensive discovery proceeds, raises starkly the very issue that Congress recognized when it provided for the stay: to protect defendants against incurring significant expenses when plaintiffs assert meritless claims, such as plaintiffs' claim that **Fannie Mae's** accounting and disclosure deficiencies relating to its two transactions with Goldman Sachs supports a claim against Goldman Sachs.

Courts routinely stay discovery, including depositions, where motions to dismiss are pending. *See, e.g., Sedona Corp.* v. *Ladenburg Thalmann*, No. 03 Civ. 3120, 2005 WL 2647945, at \*\*2, 4 n.2 (S.D.N.Y. Oct. 14, 2005) (stay applies where there is a pending motion to dismiss brought by either one of or all of the defendants and regardless of whether the motion is brought initially to dismiss a complaint or subsequently in response to an amended complaint; discovery is stayed as to all claims); *In re Lantronix, Inc. Sec. Litig.*, No. CV 02-03899, 2003 WL 22462393, at \*2 (C.D. Cal. Sept. 26, 2003)

(enforcing stay despite defendants' concession on certain of plaintiffs' claims); *In re CFS-Related Sec. Fraud Litig. AUSA*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001) ("As long as any defendant has filed a motion to dismiss . . . the PSLRA stays 'all discovery' even discovery against answering, non-moving defendants."); *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 684 (D. Md. 2000) (declining to lift discovery stay because no showing of undue prejudice or the need to preserve evidence); *see also Fazio* v. *Lehman Bros., Inc.*, Nos. 1:02CV157, 1:02CV370, 1:02CV382, 2002 WL 32121836, at *2 (N.D. Ohio May 16, 2002) (lifting discovery stay but noting that "[t]he reference in the statute to a stay of 'all discovery' is to be interpreted broadly. It applies even as to discovery against co-defendants who have not filed motions to dismiss."); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 109 (D. Mass. 2002) (allowing document discovery to proceed against defendants whose motions to dismiss had been denied but disallowing depositions until all motions to dismiss were resolved). One court has noted:

> If a plaintiff and a non-moving defendant are engaging in discovery, a moving defendant is going to want to be part of that process to protect its own interests. At a minimum, a moving defendant will want to monitor the discovery occurring between plaintiffs and the non-moving defendants to insure that its rights are not prejudiced. To prevent this and to ensure that the PSLRA's discovery stay fulfills its purpose, Congress stayed "all discovery" upon the filing of "any" motion to dismiss . . . . Allowing discovery to proceed against certain defendants while the PSLRA's stay is in effect with regard to other defendants would also be very inefficient, especially in litigation . . . involving a large number of parties.

*In re CFS*, 179 F. Supp. 2d at 1263-64.

For these reasons, no depositions should proceed until this Court has resolved the motions to dismiss filed by Goldman Sachs and KPMG (and any other pending motions to dismiss) and no stay of discovery under the PSLRA remains in effect.

Accordingly, Goldman Sachs respectfully requests that this Court include the following provision in any Order governing depositions[1]:

> No deposition (of fact or expert witnesses) shall commence during a period when there is a stay of discovery in place pursuant to the PSLRA.

Dated: November 20, 2006                    Respectfully submitted,

/s/ Richard H. Klapper
Richard H. Klapper
Michael T. Tomaino, Jr.
Daniel H.R. Laguardia
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

Daryl A. Libow (Bar No. 446314)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
Washington, District of Columbia  20006
Telephone:  (202) 956-7500
Facsimile:  (202) 293-6330

*Attorneys for Defendant*
*Goldman, Sachs & Co.*

---

[1] If and when merits depositions do proceed, Goldman Sachs supports the proposed protocol submitted by Fannie Mae.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 20, 2006, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter who are registered on the CM/ECF system.

                                       /s/ Patrice A. Rouse
                                          Patrice A. Rouse