# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re Federal National Mortgage Assoc. Securities, Derivative, and "ERISA" Lit. | ) ) ) ) | MDL No. 1688 |
| In Re Fannie Mac Securities Lit. | ) ) ) | Consolidated Action: 04-1639 (RJL) |

### OFHEO'S MOTION FOR PARTIAL AMENDMENT OF THE COURT'S NOVEMBER 6, 2006 ORDER (DKT. NO. 107)

Pursuant Fed. R. Civ. P. 6(b), the Office of Federal Housing Enterprise Oversight ("OFHEO") respectfully requests a partial amendment of the Court's November 6, 2007 Order (Dkt. No.107). Specifically, OFHEO seeks a 17-day extension of time from January 12, 2007, to January 29, 2007, to produce documents. OFHEO seeks no other change in any other deadlines set by the Court's November 6th Order. Pursuant to Local Rule 7(m), counsel for OFHEO conferred with counsel for Defendants Franklin Raines and J. Timothy Howard. Defendants Raines and Howard oppose this Motion.

There is good cause to grant this Motion. On November 6, 2006, the Court issued a scheduling order setting forth four deadlines[1] for OFHEO to produce documents "on a rolling basis" in response to the document requests from Defendants Raines and Howard. See Nov. 6, 2006 Order (Dkt. No. 107) ("November 6th Order"). In compliance with the November 6th Order, OFHEO produced documents on December 12, 2006 (the first deadline) in response to

---

[1] The four deadlines are December 12, 2006, January 12, 2007, February 12, 2007, and March 12, 2007.

1

defendants' first " prioritized list" of document requests.  OFHEO fully intended to meet the second production deadline - January 12, 2007; however, the intervening holidays and the limited number of personnel available to work on the production because of the holidays prevented OFHEO from meeting this second deadline.  Therefore, OFHEO needs this short extension until January 29, 2007, to produce the documents in response to defendants' second "prioritized list." The Declaration of Mr. David Felt, Deputy General Counsel, further explains the challenges facing OFHEO and the need for this short extension.  See Declaration of David Felt ("Felt Decl.") at  ¶¶12 to 19 (Gov. Exh. A).

However, to be clear, OFHEO does not intend to withhold responsive documents and make one production by January 29, 2007 – the requested new deadline.  Rather, on January 12, 2007, OFHEO intends to make a partial production of documents in response to defendants' second prioritized list of document requests.  Felt Decl. at ¶16. Thereafter, OFHEO intends to produce additional documents, on a rolling basis, and endeavor to complete the production in response to defendant's second "prioritized list" by January 29, 2007.  Felt Decl. at  ¶¶ 16-19. OFHEO's efforts to produce documents responsive to defendants' second request in this manner will minimize any potential prejudice to defendants.

At the meet and confer with defendants on this Motion, OFHEO fully explained the need for this very limited extension.  Specifically, OFHEO explained that it used its best effort to respond to defendants' earlier requests by reassigning other attorneys and staff members from other currently-pending litigation, but that it could not continue to divert those resources and was hiring additional staff to produce the second installment of documents.  Felt Decl. at ¶ 11. OFHEO also explained to defendants that OFHEO could not require the staff to work overtime

through the holidays and cancel their previously scheduled leave. Id. at ¶12. Thus, ever mindful of the Court's admonishment that OFHEO must commit additional resources to responding to defendants' discovery requests, over the past three weeks OFHEO has hired nine temporary attorneys and one paralegal to supplement the two staff members currently devoted solely to this production. Felt Decl. at ¶15. Finally, OFHEO also explains that this second batch of documents contains a greater percentage of privileged documents than the previous production and that this fact, particularly in light of defendants' objections to OFHEO's use of the "Confidential" designation in the first installment, requires OFHEO to devote more resources to carefully review for privileged information. Id. at ¶17-18. OFHEO also explained that this second installment includes much more recent documents that are highly sensitive and implicate the policies underlying OFHEO's privileges even more acutely than the documents in the first installment. Inevitably, given the volume of privileged documents, OFHEO will also need to devote more time to preparing the "privilege log" for defendants. Id.

For the foregoing reasons and those set forth in the Felt Declaration, the Court should grant OFHEO's motion for a partial amendment of the Court's November 6th Order and extend the second production deadline from January 12, 2007, to January 29, 2007.

Dated: January 11, 2007.                    Respectfully Submitted,


   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Office of Federal Housing
Enterprise Oversight.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In Re Federal National Mortgage Assoc. Securities, Derivative, and "ERISA" Lit. | ) ) ) ) | MDL No. 1688 |
| In Re Fannie Mae Securities Lit. | ) ) ) | Consolidated Action: 04-1639 (RJL) |

### ORDER

Upon consideration of the Office of Federal Housing Enterprise Oversight's Motion for Partial Amendment of the Court's November 6, 2007 Order, and entire record herein, it is this_____ day of _____, 2007,

ORDERED that the Office of Federal Housing Enterprise Oversight's Motion for Partial Amendment of the Court's November 6, 2007 Order be and is hereby GRANTED; and it is

FURTHER ORDERED that the Office of Federal Housing Enterprise Oversight shall have up to and including January 29, 2007, to respond to Defendants' second "prioritized list" of document requests.  All other deadlines shall remain the same.

SO ORDERED.

_____

U.S. District Judge