LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

ALEX G. ROMAIN
(202) 434-5164
aromain@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 18, 2006

**VIA EMAIL IN PDF FORMAT**

Mr. John C. Truong
Assistant United States Attorney
United States Department of Justice
555 Fourth St., N.W.
Room E-4206
Washington, D.C. 20530

    Re:   *In re Fannie Mae Securities Litigation*, MDL No. 1668,
Consolidated Civil Action No. 1:04-cv-01639 (RJL),
United States District Court for the District of Columbia

Dear Mr. Truong,

    We write to follow up on our meeting, on Friday, December 15, 2006, regarding various matters about which we conferred with you, Mr. Alfred Pollard (OFHEO), Mr. David Felt (OFHEO), Ms. Charlotte Reid (OFHEO), Ms. Tia Freeman (OFHEO), and Mr. Joseph Aronica (Duane Morris LLP). Please note that, under separate cover, we address certain issues relevant to the inadequacy of OFHEO's privilege log and the logistics for the future installments of OFHEO's production.

    First, although OFHEO represented that it has produced all non-privileged documents in its possession, custody or control that are responsive to Mr. Raines's and Mr. Howard's first priority requests for document production, OFHEO also stated that it has not collected and reviewed—*and will not produce*—e-mail communications that are responsive to defendants' first priority requests. We remind you that, at our prior meeting on November 29, 2006, counsel for Mr. Howard clearly explained that the pending document requests call for the production of relevant e-mail communications.[1] At that time, OFHEO raised no objection. At

---

[1] We also refer you to the definitions accompanying the defendants' subpoenas which clearly define "document" to include electronic documents and, specifically, e-mail communications. OFHEO has never raised any objection to the inclusion of e-mail communications in that definition in defendants' subpoenas.


GOVERNMENT EXHIBIT E

WILLIAMS & CONNOLLY LLP
Mr. John C. Truong
December 18, 2006
Page 2

our December 15, 2006 meeting, however, OFHEO characterized our request for e-mail communications as "ludicrous." OFHEO apparently refuses to produce any e-mail communications because doing so would be, in OFHEO's view, "unduly burdensome." We believe OFHEO's refusal to produce non-privileged, responsive e-mail communications constitutes contempt of the Court's November 6, 2006 Order, which requires OFHEO to produce "*all* non-privileged, responsive documents." (Emphasis added.) Accordingly, we intend to seek appropriate relief from the Court.[2]

Second, OFHEO represented that it has designated, as "confidential," each and every document in the first installment of its production.[3] Although OFHEO defended the propriety of its categorical "confidentiality" designations, we, of course, disagree. The protective order governing OFHEO's production in this matter contemplates that a party will conduct a reasonable document-by-document review for confidentiality. Moreover, the protective order explicitly provides that OFHEO, as the producing party, bears the burden of establishing the need for designating, as "confidential," each and every one of the documents that the agency has produced. Because OFHEO has indicated that it will not individually review its documents for confidentiality, provide a re-labeled copy of its December 12, 2006 production by January 12, 2007, and reimburse Mr. Raines for the cost of labeling OFHEO's production with improper, blanket "confidentiality" designations, we intend to move for appropriate relief from the Court.

Third, we agreed that Fannie Mae (not OFHEO) will promptly produce unredacted copies of the interview transcripts and interview exhibits that are catalogued on the relevant privilege logs that OFHEO provided on December 12, 2006.

Finally, Mr. Raines and Mr. Howard reviewed with you the second priority requests for documents production from OFHEO, which were filed with the Court on December 12, 2006. Aside from indicating that OFHEO may not have a substantial volume of responsive material (beyond that already produced in response to defendants' first priority requests), OFHEO raised no specific objections to these requests, and OFHEO gave no indication that it anticipates being unable to comply by the Court's January 12, 2007 deadline.

Sincerely,

Alex G. Romain

---

[2] To be clear, we also take this opportunity to reiterate that we understand our second priority requests to call for the production of e-mail communications.

[3] OFHEO also represented that it has not designated, as "highly confidential," any documents in its production.

**WILLIAMS & CONNOLLY LLP**
Mr. John C. Truong
December 18, 2006
Page 3

cc: Charlotte Reid (OFHEO)
    Joseph Aronica (Duane Morris LLP)
    Kimberly Newman (O'Melveny & Myers LLP)