# EXHIBIT E

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

## ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194
—————————
WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

April 24, 2006
**Via Facsimile and First Class Mail**

Linda M. Beyer, Esq.
Associate General Counsel
Deloitte & Touche USA LLP
1633 Broadway
New York, NY 10019-6754

Re:    **In Re Fannie Mae Securities Litigation (D. D.C. CV 04-1639)(RJL)
Subpoena addressed to Deloitte & Touche USA LLP**

Dear Ms. Beyer:

Enclosed please find a copy of the Order governing the treatment of documents in this litigation that was entered by the Court on April 20, 2006.

Please let me know if you are available tomorrow, April 25, at 2 pm, or Wednesday, April 26, at 10 am, to discuss the non-party subpoena served on Deloitte & Touche USA LLP and its responses and objections.

Very truly yours,

Jeffrey C. Block

Enc.
cc:    Melanie Corwin, Esq.
       Kathleen Donovan-Maher, Esq.
       Julie Richmond, Esq.
       Joseph Merschman, Esq.

Fannie mae/c/beyer_DT_4_24_06

Case 1:05-cv-01198-RJL    Document 77-5    Filed 05/29/2007    Page 3 of 44

Case 1:05-cv-01198-RJL    Document 16    Filed 04/24/2006    Page 1 of 17
Case 1:04-cv-01784-RJL    Document 56    Filed 04/20/2006    Page 1 of 17

## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

**FILED**

APR 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In Re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon |
| In re: Fannie Mae Derivative Litigation | Consolidated Civil Action No. 1:04-cv-01783<br><br>Judge Richard J. Leon |
| In re Fannie Mae ERISA Litigation | Consolidated Civil Action No. 1:04-cv-01784<br><br>Judge Richard J. Leon |

### STIPULATED PRETRIAL PROTECTIVE ORDER

It is hereby stipulated and agreed among the parties, and **IT IS HEREBY ORDERED** by the Court, that the following procedures shall govern the production of confidential documents, testimony, interrogatory answers, and other information in the actions captioned above[1]:

### Definitions

1.    The following definitions shall apply to this Stipulated Protective Order ("Protective Order"):

---

[1] This stipulated protective order shall replace and supersede any previously entered protective order in the actions captioned above.

a.    "Actions" shall refer to the above-captioned securities, derivative and ERISA cases pending in the United States District Court for the District of Columbia and any appeal of such actions through final judgment in the action.

b.    The term "Discovery Material" encompasses, but it is not limited to: any type of document, transcripts of testimony, any taped, recorded, filmed, electronic, written or typed matter, including the originals and all marked copies, whether different from the originals by reasons of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, and requests for admission, including all responses thereto; any physical objects or other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form.

c.    "Confidential Information" shall mean Discovery Material which a party (i) takes reasonable precautions to maintain the confidentiality of the material, and (ii) in good faith believes constitutes confidential information in accordance with Fed. R. Civ. P. 26(c)(7) that is used by it in, or pertaining to, trade secrets, financial information, personal privilege or other personal information, or which information is not generally known and which that party would normally not reveal to third parties, or if disclosed, would require such third parties to maintain in confidence. "Confidential Information" shall not include documents or information that (i) is at any time independently developed without use of or reliance upon any of the producing party's Designated Discovery Material; (ii) is rightfully acquired from an independent source, without restrictions as to use or obligations as to confidence; (iii) was, prior to disclosure, rightfully in the possession or knowledge of the requesting party; (iv) is publicly available in substantially the same form in which it was provided by the producing party claiming confidentiality; (v) is required by law to be made available to third parties; (vi) was, is

Case 1:05-cv-01198-RJL    Document 77-5    Filed 05/29/2007    Page 5 of 44

Case 1:05-cv-01198-RJL    Document 16    Filed 04/24/2006    Page 3 of 17
Case 1:04-cv-01784-RJL    Document 56    Filed 04/20/2006    Page 3 of 17

or becomes public knowledge, not in violation of this Protective Order; or (vii) is voluntarily de-designated by the party producing the Discovery Material.

      d.    "Highly Confidential Information" shall mean Discovery Material that counsel in good faith believes constitutes, contains or reveals (i) information that relates to an individual that is of a purely personal nature, (ii) non-public communications, discussions, deliberations, or analyses regarding senior executive hiring initiatives at the Executive Vice President level and above; (iii) non-public communications, discussions, deliberations, or analyses regarding executive succession; (iv) internal, non-public communications, discussions, deliberations, or analyses regarding Board of Director succession or hiring initiatives; (v) information detailing competitively sensitive, non-public, compensation for non-officers, which, if made public, could put Fannie Mae at a competitive disadvantage; or (vi) information concerning Fannie Mae's proprietary portfolio methodologies, strategies, modeling, and formulae.

      e.    "Confidential Legend" shall mean a stamp or similar insignia stating "Confidential" or "Highly Confidential."

      f.    "Designated Discovery Material" shall mean Discovery Material designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order as well as the contents of such Discovery Material.

**Applicability**

    2.    This Protective Order shall govern any Discovery Material produced by any party currently named or later joined in the Actions, including, in the case of parties other than individuals, their officers, directors, employees, and agents.

3.    This Protective Order shall be fully applicable to material produced by or depositions taken of third parties and non parties, and any third party or non party from whom discovery is sought shall be entitled to designate material and testimony produced as Confidential Information pursuant to the terms of this Protective Order.

**Designation of Material**

4.    Parties may designate any Discovery Material as Confidential Information in accordance with paragraph 1(c) herein, by applying to it the legend 'Confidential" or "Highly Confidential." ("Designated Discovery Material") The legend shall be affixed in such a manner that the written material is not obliterated or obscured. Any Discovery Material so designated shall thereafter be treated pursuant to the appropriate provisions of this Protective Order. In the case of data stored in electronic form, the "Confidential" or "Highly Confidential" legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored. A party making Discovery Material available for inspection, however, shall not have to apply a "Confidential" or "Highly Confidential" legend to those materials until such time as a party requests copies, if that ever occurs. During the period when Discovery Material is made available for inspection but not designated, it shall be treated as "Confidential."

5.    With respect to testimony or deposition transcripts, the producing party shall have twenty-one (21) days from the date upon which the testimony is given to designate said testimony or any portion thereof as "Confidential Information" or "Highly Confidential Information" within the meaning of this Protective Order. In the event that a party intends to use portions or excerpts of transcripts prior to the expiration of the 21 day period, such party shall give counsel for the deponent 48 hours to designate said testimony or any portion thereof as

"Confidential Information" or "Highly Confidential Information" within the meaning of this Protective Order.

6.    In the event that a producing party inadvertently fails to designate material as "Confidential" or "Highly Confidential" or designates material at a lower level of confidentiality pursuant to this Protective Order at the time of the production, the party shall be entitled to make a correction. Such correction and notice thereof shall be made in writing as soon as practicable. The producing party, at their cost, shall also provide substitute copies of each item of Discovery Material, appropriately designated, to all parties who previously received the misdesignated material. Those individuals who received the Discovery Material prior to notice of the misdesignation by the producing party shall within ten (10) business days of receipt of the substitute copies, destroy or return to the producing party all copies of such misdesignated documents. Those individuals who reviewed the misdesignated Discovery Material prior to notice of the misdesignation by the producing party shall abide by the provisions of this Protective Order with respect to the use and disclosure of any information contained in the misdesignated Discovery Material after receipt of the notice of misdesignation.

7.    In the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; provided, however, if any person subject to this Protective Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

Case 1:05-cv-01198-RJL    Document 77-5    Filed 05/29/2007    Page 8 of 44

Case 1:05-cv-01198-RJL    Document 16    Filed 04/24/2006    Page 6 of 17
Case 1:04-cv-01784-RJL    Document 56    Filed 04/20/2006    Page 6 of 17

### Disclosure and Use of Confidential Information

8.    Designated Discovery Material shall be treated in accordance with the terms of this Protective Order and is not to be communicated in any manner, directly or indirectly, to anyone other than the person qualified to receive such material under the terms and conditions set forth below.

9.    Any Designated Discovery Material, and the information contained in such material (including extracts and summaries derived from such material), shall be used solely for prosecuting and defending the Actions and shall not be used for any other purpose or be revealed to parties or counsel in any action other than the Actions, unless the Court otherwise directs or the producing party otherwise agrees.

10.    Discovery Material designated as "Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than (i) persons identified in the documents or through testimony as already having seen or received such "Confidential" material (excluding persons whose prior access to such Confidential material was known by the disclosing party to be unauthorized) and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Actions:

    a.    The Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Actions or any appeal therefrom;

    b.    Counsel for the parties in the Actions, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the Actions;

    c.    Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of the Actions, including their secretarial and clerical employees who are assisting in the

Case 1:05-cv-01198-RJL     Document 77-5     Filed 05/29/2007     Page 9 of 44

Case 1:05-cv-01198-RJL     Document 16     Filed 04/24/2006     Page 7 of 17
Case 1:04-cv-01784-RJL     Document 56     Filed 04/20/2006     Page 7 of 17

prosecution, defense, and/or appeal of the Actions, provided that the requirements of Paragraph 12 below have been met;

d.   Any party currently named or later joined in the Actions, including, in the case of parties other than individuals, their officers, directors, employees, and agents, solely for the purpose of the prosecution, defense, and/or appeal of the Actions;

e.   Any person who will testify as a witness either at a deposition or a court proceeding in the Actions for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 12 have been met;

f.   Any Court-appointed mediator or other individual acting pursuant to Court appointment; and

g.   Other persons upon further order of the Court or written consent of the producing party.

11.     Except with the prior consent of the producing party or upon prior order of this Court, Discovery Material designated as "Highly Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than (i) persons identified in the documents or through testimony as already having seen or received such "Highly Confidential" material (excluding persons whose prior access to such Confidential material was known by the disclosing party to be unauthorized) and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Actions:

a.   The Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Actions or any appeal therefrom;

b.   Counsel of record for the parties in the Actions, including associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the Actions;

c.   Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of the Actions,

including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of the Actions, provided that the requirements of Paragraph 12 below have been met;

d. Defendants;

e. Any person who will testify as a witness either at a deposition or a court proceeding in the Actions for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 12 have been met;

f. Any Court-appointed mediator or other individual acting pursuant to Court appointment; and

g. Other persons upon further order of the Court or written consent of the producing party.

12.    The undersigned attorneys, as well as their clients, colleagues and any other personnel of their law firm or litigation support services assisting them in these Actions, agree to be bound by the terms of this Agreement. Other than disclosure of Confidential material and/or Highly Confidential material at a deposition, hearing, or trial, persons described in subparagraphs 10c, e, and g above, prior to being given access to any Confidential material, must be provided a copy of this Protective Order and sign the Acknowledgement attached as Exhibit A hereto agreeing to be bound by the terms of the Protective Order and agreeing to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Protective Order. The Party providing the individual with Designated Discovery Material shall retain copies of all executed Acknowledgements. Said Acknowledgements will only be provided to the producing party as may be ordered by the Court. As parties to the Actions agree to be bound by the terms of the Protective Order, they are not required to sign an Acknowledgement in order to receive Confidential material. Persons who receive Confidential material and/or Highly Confidential materials at a deposition, hearing, or trial who are not otherwise authorized to receive such information pursuant to paragraphs 10 and

8

Case 1:05-cv-01198-RJL    Document 77-5    Filed 05/29/2007    Page 11 of 44

Case 1:05-cv-01198-RJL    Document 16    Filed 04/24/2006    Page 9 of 17
Case 1:04-cv-01784-RJL    Document 56    Filed 04/20/2006    Page 9 of 17

11 above and who have not signed an Acknowledgement, may be shown and questioned about the Confidential and/or Highly Confidential materials during the deposition, hearing, or trial but will not be entitled to take possession of the Confidential material and/or Highly Confidential materials that were disclosed.

13.    If a party desires to file Designated Discovery Material in Court, whether separately or with or as part of pleadings or other court papers, the party shall file the Designated Discovery Materials under seal if the producing party's consent, which shall not be unreasonably withheld, to the public filing of the materials has not been obtained. The Designated Discovery Material shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the caption of this lawsuit; the title of the court paper or a brief description of the enclosed material; and the legend 'Confidential" or "Highly Confidential." The provisions of this Protective Order do not modify the obligations to protect personal identifiers pursuant to L.Cv.R. 5.4(f) in any documents filed with the Court electronically regardless of whether any such information has been undesignated or designated "Confidential" or "Highly Confidential" pursuant to this Order.

14.    If or when Designated Discovery Material is ever used during any deposition, hearing or other proceeding, other than at trial, counsel for the parties shall take appropriate steps to preserve the confidential substance of the Designated Discovery Material, unless otherwise required by Court order.

15.    If a subpoena issued in any other action calls or arguably calls for the production by the recipient of the subpoena ("Recipient") of Designated Discovery Material produced to Recipient by any other person in this Action, then the Recipient shall:

      a.      be obligated, within three business days of the Recipient's receipt of the subpoena, to provide notice of the subpoena, as well as a copy of same, to the party who or which produced the Designated Discovery Material to the Recipient; and

      b.      the Recipient shall be permitted to respond in a timely manner to such subpoena without violation of this Protective Order if the foregoing notice is timely given and, within the period provided for response to such subpoena, the producing party has neither moved to intervene to seek a court order preventing disclosure of the Designated Discovery Material nor made other arrangements with the person or entity issuing the subpoena. If the producing party has moved to intervene to seek a court order preventing disclosure of the Designated Discovery Material, the Recipient will not disclose the Designated Discovery Material until such motion is adjudicated.

16.      Except as agreed in writing by all parties to this Agreement or by order of the Court, persons having knowledge of another producing party's Designated Discovery Material by virtue of their participation in the conduct of this Action shall use that Designated Discovery Material only in connection with the prosecution, defense or appeal of the Actions, and shall neither use such Designated Discovery Material for any other purpose nor disclose such Designated Discovery Material to any person who is not permitted access to such Designated Discovery Material by this Protective Order.

17.      The restrictions against disclosure set forth in this Protective Order shall not apply to any producing party's use of its own Designated Discovery Material.

18.      If Designated Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the requesting party or any other party responsible for this disclosure shall immediately: (1) provide written notice to the producing party; (2) make

10

Case 1:05-cv-01198-RJL    Document 77-5    Filed 05/29/2007    Page 13 of 44

Case 1:05-cv-01198-RJL    Document 16    Filed 04/24/2006    Page 11 of 17
Case 1:04-cv-01784-RJL    Document 56    Filed 04/20/2006    Page 11 of 17

every effort to retrieve such material; and (3) prevent further disclosure by the person who was the recipient of such Designated Discovery Material. The written notice required by subparagraph (1) above shall include the names of all persons who improperly received Designated Discovery Material and a description of the Designated Discovery Material disclosed to such persons.

### Objection to Confidential Information

19.     At any time, a party may challenge a designation of material as 'Confidential" or "Highly Confidential," or may object to the treatment of any information as deserving "Highly Confidential" treatment. In the event of such a challenge, the contesting party will have the burden of making an appropriate motion to the Court and obtaining a hearing upon such motion. At such hearing, the party producing the Designated Discovery Material shall have the burden of establishing the need for such status. Pending such determination by the Court, material designated by the producing party as 'Confidential" or "Highly Confidential" shall be treated in accordance with the producing party's designation pursuant to this Protective Order.

### Relief From Terms of Protective Order

20.     This Protective Order is being entered without prejudice to the right of any party or other person to move the Court for relief separately, or to move the Court for modification of any of its terms on a going-forward basis.

21.     The parties to this action anticipate utilizing one or more third party vendors for purposes of electronic production, storage, and maintenance of documents. In the event of an unauthorized release of any privileged materials by any such vendor, the producing party shall be entitled to have any and all copies of such documents returned and/or destroyed at the producing party's option. Such unauthorized production of documents shall not constitute a waiver of the

right to claim in the Action or thereafter that said documents are "Confidential" or "Highly Confidential" or subject to any valid claim of privilege or protection, including but not limited to, the attorney-client privilege and the work product doctrine. The party whose vendor produced the unauthorized material shall make a request for the return or destruction of the Discovery Material in writing, accompanied by redacted substitute copies of each item of Discovery Material if appropriate. Those individuals who received the Discovery Material shall within three (3) business days of receipt of the substitute copies, destroy or return to the producing party all copies of such documents. No such items shall be copied, distributed or otherwise disseminated for review beyond those individuals who have already been given access to the Discovery Material.

22.    Nothing in this Protective Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege.

**Return of Confidential Information**

23.    Upon final termination of this Action (whether by judgment, settlement, or otherwise), including all appeals and applications for discretionary review, the undersigned law firms, at their election, shall, within sixty (60) days following written request of the producing party, either (i) return all Designated Discovery Material and all copies, extracts, and summaries of such Designated Discovery Material to the party producing it, or (ii) destroy, subject to applicable law, such Designated Discovery Material, including all copies, extracts, and summaries, and provide a letter certifying such destruction to the producing party. The parties shall request that all attachments or exhibits to pleadings designated under this Protective Order and filed under seal with the Court shall be returned within sixty (60) days to the party producing

Case 1:05-cv-01198-RJL     Document 77-5     Filed 05/29/2007     Page 15 of 44

Case 1:05-cv-01198-RJL     Document 16     Filed 04/24/2006     Page 13 of 17
Case 1:04-cv-01784-RJL     Document 56     Filed 04/20/2006     Page 13 of 17

it, or the Court may destroy such material. For archival purposes, the attorneys in the law firms representing the parties may retain all material constituting attorney work product and one copy of all pleadings, deposition and hearing transcripts, exhibits, and written discovery responses, including portions designated pursuant to this Protective Order.

### Termination of Action

24.     The terms of this Protective Order shall survive the termination of the Actions, and the Court shall retain jurisdiction of the Actions after their final disposition for the purpose of enforcing this Protective Order.

Dated: April 20, 2006

Judge Richard J. Leon
United States District Judge

Case 1:05-cv-01198-RJL     Document 77-5     Filed 05/29/2007     Page 16 of 44

Case 1:05-cv-01198-RJL     Document 16     Filed 04/24/2006     Page 14 of 17
Case 1:04-cv-01784-RJL     Document 56     Filed 04/20/2006     Page 14 of 17

Dated: April 20, 2006

WAITE, SCHNEIDER, BAYLESS
   & CHESLEY CO., L.P.A.
/s/ Stanley M. Chesley
Stanley M. Chesley
/s/ James R. Cummins
James R. Cummins
Melanie S. Corwin
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
*Lead Counsel for Lead Plaintiffs Ohio*
*Public Employees Retirement System*
*and State Teachers Retirement System*
*of Ohio*

BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
/s/ Jeffrey C. Block
Jeffrey C. Block
Kathleen M. Donovan-Maher
Julie A. Richmond
One Liberty Square
Boston, MA 02109
*Co-Lead Counsel for Lead Plaintiffs Ohio*
*Public Employees Retirement System*

/s/ Randall J. Baron
Darrin J. Robbins
Randall J. Baron
A. Rick Atwood
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
1000 Pine Street, Suite 2600
San Diego, California 94111
*Counsel for Co-Lead Plaintiff Wayne County*
*Public Employees Retirement System*

/s/ Douglas S. Johnston, Jr.
Douglas S. Johnston, Jr.
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, Tennessee 37201
*Counsel for Co-Lead Plaintiff Pirelli*
*Armstrong Tire Corporation Retiree Medical*
*Benefits Trust*

/s/ Jeffrey W. Kilduff
John Beisner (D.C. Bar No. 320747)
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Kimberly A. Newman (D.C. Bar. No. 430326)
Robert M. Stern (D.C. Bar No. 478742)
Michael J. Walsh Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
T: 202/383-5300
F: 202/383-5414

Seth Aronson
O'Melveny & Myers LLP
400 South Hope Street, 15th Floor
Los Angeles, CA 90071-2899
T: 213/430-6000
F: 213/430-6407
*Counsel for Defendants Fannie Mae,*
*Kenneth Duberstein and H. Patrick Swygert*

/s/ Samuel K. Rosen
Robert I. Harwood
Samuel K. Rosen
Wechsler Harwood LLP
488 Madison Avenue
New York, NY 10022
-and-
John Ibister
Toyja Kelly
Tydings & Rosenberg
100 East Pratt Street
Baltimore, MD 21202
-and-
Charles J. Piven
Law Offices of Charles J. Piven, P.A.
401 East Pratt Street, Suite 2525
Baltimore, MD 21202
*Counsel to Plaintiffs David Gwyer, Terry*
*Gagliolo, and Gloria Sheppard*

14

Case 1:05-cv-01198-RJL     Document 77-5     Filed 05/29/2007     Page 17 of 44

Case 1:05-cv-01198-RJL     Document 16     Filed 04/24/2006     Page 15 of 17
Case 1:04-cv-01784-RJL     Document 56     Filed 04/20/2006     Page 15 of 17

/s/ Earl J. Silbert
Earl J. Silbert (D.C. Bar No. 053132)
Erica Salmon Byrne (D.C. Bar No. 480477)
DLA Piper Rudnick Gray Cary US LLP
1200 19th Street, NW
Washington, DC 20036
T: 202/861-3900
F: 202/223-2085
-and-
John J. Clarke, Jr.
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
T: 212/835-6000
F: 212/884-8520
*Counsel to Defendants Stephen B. Ashley, Ann Korologos, and Donald B. Marron*

/s/ Glenn B. Manishin
Glenn B. Manishin (D.C. Bar No. 395724)
Stephanie A. Joyce (D.C. Bar No. 464778)
Kelley Drye & Warren LLP
1200 19th Street, NW
Suite 500
Washington, DC 20036
T: 202/955-9600
F: 202/955-9792
-and-
David E. Barry
William A. Krohley
Christopher C. Palermo
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178-0002
T: 212/808-7800
F: 212/808-7897
*Counsel to Defendant John Wulff*

/s/ Fred F. Fielding
Fred F. Fielding (D.C. Bar No. 099296)
Barbara Van Gelder (D.C. Bar No. 265603)
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C. 20006
T: 202/719-7000
F: 202/719-7207
*Counsel to Defendants Anne Mulcahy and Frederic V. Malek*

/s/ James D. Wareham
James D. Wareham (D.C. Bar No. 411799)
James Anklam (D.C. Bar No. 414122)
Carolyn W. Morris (D.C. Bar No. 463865)
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, NW
Washington, DC 20005
T: 202/551-1700
F: 202/551-1705
*Counsel to Defendant Daniel H. Mudd*

/s/ James Hamilton
James Hamilton (D.C. Bar No. 108928)
David I. Ackerman (D.C. Bar No. 482075)
Bingham McCutcheon LLP
3000 K Street NW, Suite 300
Washington, DC 20007
T: 202/424-7500
F: 202/424-7647
*Counsel to Defendant Joe K. Pickett*

15

_/s/ Christian J. Mixter_
Christian J. Mixter (D.C. Bar No. 352238)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
T: 202/739-3000
F: 202/739-3001
-and-
Robert Romano
Rachelle Barstow
Bonnie Altro
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY 10178-0060
T: 212/309-6000
F: 212/309-6001
**Counsel to Defendant Tom Gerrity**

_/s/ Rhonda D. Orin_
Rhonda D. Orin (D.C. Bar No. 439216)
Daniel J. Healy (D.C. Bar No. 476233)
Anderson Kill & Olick, P.C.
2100 M Street, NW
Suite 650
Washington, DC 20037
T: 202/218-0049
F: 202/218-0055
-and-
John H. Doyle, III
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
T: 212/278-1000
F: 212/272-1733
**Counsel to Defendant Leslie Rahl**

EXHIBIT A

## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In Re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon |
| In re: Fannie Mae Derivative Litigation | Consolidated Civil Action No. 1:04-cv-01783<br><br>Judge Richard J. Leon |
| In re Fannie Mae ERISA Litigation | Consolidated Civil Action No. 1:04-cv-01784<br><br>Judge Richard J. Leon |

## ACKNOWLEDGMENT

I certify that I have received and read a copy of the Stipulated Protective Order entered in the above-captioned actions and that I agree to be bound by the terms of the Stipulated Protective Order. I consent and agree to be subject to the jurisdiction and authority of the United States District Court, District of Columbia for purposes of enforcement of the Stipulated Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

EXHIBIT F

## BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

### ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

June 13, 2006
**Via Facsimile and First Class Mail**

Linda M. Beyer, Esq.
Associate General Counsel
Deloitte & Touche USA LLP
1633 Broadway
New York, NY 10019-6754

Re:    **In Re Fannie Mae Securities Litigation (D.D.C. CV 04-1639) (RJL)**
       **Subpoena addressed to Deloitte & Touche USA LLP**

Dear Ms. Beyer:

I am writing to follow up on the subpoena served by Lead Plaintiffs on Deloitte & Touche USA
LLP ("Deloitte").

On April 18, 2006, you served by letter Deloitte's responses and objections to the subpoena and
requested that Lead Plaintiffs provide you with a copy of the complaint, service list and
protective order applicable to this case. Jeff Block sent you a letter the following day enclosing
the complaint and service list and proposing a time to meet and confer regarding Deloitte's
objections to the subpoena. Mr. Block sent you a second letter on April 24, 2006 enclosing the
Protective Order and again proposing a time to meet and confer regarding Deloitte's objections.
Having received no response to either letter, Mr. Block and I called you yesterday and left a
voicemail. We have not received a response.

Please let us know whether you are available the afternoon of Thursday, June 15, 2006 to discuss
Deloitte's objections to the subpoena. If we do not hear from you, we will file a motion with the
Court to enforce the subpoena.

Sincerely,

Joseph C. Merschman

cc:    James R. Cummins, Esq.
       Melanie Corwin, Esq.

EXHIBIT G

# Deloitte.

Deloitte & Touche USA LLP
1633 Broadway
New York, NY 10019-6754
USA

Tel: +1 212 492 4000
Fax: +1 212 492 4201
www.deloitte.com

June 14, 2006

**<u>Via Facsimile and Mail</u>**

Joseph C. Merschman, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

     Re:    *In Re Fannie Mae Securities Litigation/* Subpoena addressed to
            <u>Deloitte & Touche USA LLP</u>

Dear Mr. Merschman:

I write regarding the subpoena addressed to Deloitte & Touche USA LLP ("Deloitte & Touche") in the above-referenced matter. Thank you for your letter dated June 13, 2006.

Without waiving its objections, Deloitte & Touche is willing to discuss those objections with you. I am available for a call next week at the following times: June 20, 2006 in the afternoon; June 21 and June 22 after 3:00 PM Eastern; and June 23 in the afternoon. I understand that Amy J. Longo, Esq., counsel for Fannie Mae, would like to participate in the call. Perhaps your administrative assistant could check with Ms. Longo's office and set up a call.

I am also in receipt of your colleague Jeff Block, Esq.'s letters dated April 18, 2006 and April 24, 2006 enclosing copies of the complaints, a service list of counsel, and the protective order. On April 24, 2006, Mr. Longo wrote to your colleague, Kathleen M. Donovan-Maher, Esq., and to your co-counsel, Melanie S. Corwin, Esq. of Waite, Schneider, Bayless & Chesley, Co., L.P.A. In her correspondence, Ms. Longo referred to Fannie Mae's objection to the production of documents created after February 23, 2006 on relevancy and other grounds. She also referred to the hundreds of Fannie Mae and Deloitte U.S. Firms employees currently working on the restatement on a daily basis. Fannie Mae has also objected to preserving the enormous amounts of accounting and financial data being generated on a daily basis and has made proposals regarding document retention both in the April 24, 2006 letter and in a letter sent last week.

Member of
Deloitte Touche Tohmatsu

Joseph C. Merschman, Esq.
June 14, 2006
Page 2


The subpoena addressed to Deloitte & Touche contains sixty-seven sweeping and far-reaching document requests that are individually and collectively extremely burdensome, overly broad, unduly vague, ambiguous, and oppressive and that exceed the bounds of fair discovery. The requests are better directed to the defendants. The parties are clearly the best source of any information that you seek.

Moreover, Deloitte & Touche objects to the production of any working papers relating to ongoing services. The audits are in process, have not yet been completed and Deloitte & Touche LLP's reports on the financial statements have not yet been issued. The working papers are incomplete, unfinished and subject to change.

I look forward to talking with you next week.

Very truly yours,

Linda M. Beyer
Associate General Counsel


Cc:     Amy J. Longo, Esq. (via fax & mail)

EXHIBIT H

## BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

### ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

December 8, 2006
**VIA FIRST CLASS MAIL AND FACSIMILE**

Linda M. Beyer, Esq.
Associate General Counsel
**Deloitte & Touche USA LLP**
1633 Broadway
New York, NY 10019-6754

  Re: *In Re Fannie Mae Securities Litigation, D.D.C. CV 04-1639) (RJL)*

Dear Linda:

  Yesterday I left you a message to talk to you about Deloitte & Touche's ("Deloitte") production of its workpapers regarding Fannie Mae's restatement now that the restatement has been completed. I have not yet received a call back from you.

  Given the time of year, we would like Deloitte to produce the restatement workpapers just after the New Year. Please let me know whether Deloitte will make its production in response to our subpoena. We have a status conference scheduled with the court this Monday afternoon and we would like to report to the court the status of Deloitte's production of its workpapers.

  Please call me if you have any questions.

       Sincerely,

       Jeffrey C. Block

cc: Melanie Corwin
  Julie Richmond

G:\Securities\Fannie Mae\Corresp\beyer_DT_12-8-06.doc

EXHIBIT I

## BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO

### ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

December 19, 2006
**VIA FIRST CLASS MAIL AND FACSIMILE**

Linda M. Beyer, Esq.
Associate General Counsel
**Deloitte & Touche USA LLP**
1633 Broadway
New York, NY 10019-6754

Re:     _In Re Fannie Mae Securities Litigation, D.D.C. CV 04-1639) (RJL)_

Dear Linda:

When we spoke last Friday, December 8, 2006, you told me that Deloitte had retained outside counsel to represent it in connection with Lead Plaintiffs' subpoena to obtain Deloitte's work papers regarding Fannie Mae's now completed financial statement restatement. You told me that outside counsel had to clear a conflicts check and that they would be in touch with me shortly.

I have not heard from either you or whomever Deloitte has retained to represent it. Accordingly, we intend to promptly file a motion to compel compliance with our subpoena with the District Court. If we hear from you or your outside counsel and work out a prompt schedule regarding the production of the work papers, then we will not file the motion, or will withdraw it. Otherwise we will seek all appropriate relief from the Court.

Very truly yours,

Jeffrey C. Block

cc:     Melanie Corwin
        Julie Richmond

G:\Securities\Fannie Mae\Corresp\beyer_DT_12-8-06.doc

EXHIBIT J

# ARNOLD & PORTER LLP

Leslie Wharton
Leslie_Wharton@aporter.com

202.942.5105
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

February 15, 2007

Jeffrey C. Block, Esquire
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, Massachusetts 02109

Re:    In re Federal National Mortgage Association Securities Consolidated
       Litigation/ Subpoena addressed to Deloitte & Touche USA LLP

Dear Jeffrey:

I am writing this letter regarding the subpoena incorrectly addressed to Deloitte & Touche USA LLP, which, as you already know, provided no services to Fannie Mae. Assuming we resolve other issues, we agree that Deloitte & Touche LLP ("Deloitte") will be making any production in response to that subpoena without prejudice to our position that the subpoena was incorrectly directed.

In an effort to assist you in narrowing the scope of plaintiff's requests, we agree to provide you with a single copy of the index of Deloitte's final working papers relating to the audit of Fannie Mae's consolidated balance sheets as of December 31, 2004 and December 31, 2003 and the related consolidated statements of income, changes in stockholder's equity, and cash flows for each of the three years in the period ending December 21, 2004 ("the Index"). We are providing the Index for the sole purpose of enabling you to select specific Deloitte working papers to request for production.

As we discussed in our telephone conversation of February 14, 2007, the Index will not be redacted to remove references to Deloitte trade secret audit programs and other proprietary information. For this reason among others, we will be providing the Index marked as "Highly Confidential" in accordance with the Amended Stipulated Pretrial Protective Order entered by the Court on July 2, 2006 and with the understanding and agreement that the Index shall not be copied or reproduced in any manner in whole or in part and shall not be disclosed to any other parties, experts, consultants, or the Court without the express, prior permission of Deloitte. In providing the Index in un-redacted form, Deloitte does not waive its rights to object to producing designated material that constitutes Deloitte trade secret and proprietary information.

Upon completion of your review, you have agreed to return the Index to Deloitte with those items clearly marked in ink which you are requesting be produced to you

# ARNOLD & PORTER LLP

Jeffrey C. Block, Esquire
February 15, 2007
Page 2

pursuant to the subpoena. Once we have received the marked Index and are able to review the volume and nature of the materials selected, Deloitte will notify you of any marked documents which it objects to producing and the grounds for the objection. We will also discuss with you a time table for completing the production and the cost to plaintiffs of making that production.

As soon as I receive confirmation that you accept the terms and conditions set forth in this letter, we will have the Index Bates stamped, labeled "Highly Confidential" and ship it to you.

Sincerely,

Leslie Wharton

Accepted: As modified by my letter of 2/16/07

Jeffrey C. Block
Counsel for Plaintiffs

cc:    Linda M. Beyer
       Scott B. Schreiber

EXHIBIT K

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

### ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21ST FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

April 3, 2007
**Via E-Mail and Overnight Mail**

Leslie Wharton, Esq.
Arnold & Porter, LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Re:    **In Re Fannie Mae Sec. Litig. 1:04-cv-01639 (RJL)**

Dear Leslie:

I write with regard to the status of the production of documents by Deloitte &
Touche LLP ("Deloitte") in response to Lead Plaintiffs' subpoena in the above referenced
action.

In sum, last spring Lead Plaintiffs served a subpoena on Deloitte which called for,
among other things, the production of Deloitte's working papers with regard to the
restatement of Fannie Mae's 2001 through 2004 financial results. Lead Plaintiffs agreed
to defer the production of the working papers until after Deloitte completed its audits
since the working papers were not yet complete and Deloitte asserted that it needed the
working papers that were in existence in order to complete its audits.

After Fannie Mae issued its audited financial statements for 2001 through 2004 on
December 6, 2004, we contacted Linda Beyer, Deloitte's in-house counsel, who informed
us that Deloitte would be retaining outside counsel to respond to our subpoena. A few
weeks later I spoke with Scott Schreiber of your firm who indicated that he, and Arnold
& Porter, would be representing Deloitte in responding to the subpoena.

After New Years, Scott indicated that Deloitte would like to first produce to Lead
Plaintiffs an index of the working papers so that Lead Plaintiffs could select the areas of
the working papers they wanted produced, as the entire set of working papers was rather
voluminous. Scott indicated that Deloitte did not believe the entire set of working papers
should be produced. Rather than disagree and create delay, Lead Plaintiffs agreed to this
proposal but, due to problems redacting portions of the index (which was subsequently

## BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Leslie Wharton, Esq.
April 3, 2007
Page 2 of 3

produced unredacted) and scheduling problems with various individuals, the index was finally produced to Lead Plaintiffs in mid-February, 2007. I returned the index to you by overnight mail on March 6, 2007 with those areas of the working papers that we did not need produced. You then indicated to me that given that Lead Plaintiffs sought almost the entire set of the working papers, Deloitte decided it was easier to produce the entire set of working papers, rather than carve out certain sections.

Right now, my understanding is that we are still waiting for the "technological" issues to be worked out with regard to the actual production of the working papers. We understand that Deloitte maintains its working papers on a proprietary software system that does not store data in a format that allows for the printing of documents. As such, Deloitte has been working on software to convert the data such that it can be produced in a format that will allow the working papers to be presented in a document form, and with bates numbers. My understanding is that this process has been ongoing for almost a month. We are still waiting for a price from your vendor as to the cost of converting the working papers into a format that will allow the working papers to be produced in a .tiff format. You have also told us that it will take anywhere from six to eight weeks for Deloitte to produce all of its working papers, even after there is an agreement on pricing. (After we get this pricing, we would like to have a discussion with your vendor as to why it will take so long to convert the data into .tiffs.)

One item that we have still not discussed is whether the production will include all the meta data with each .tiff. Lead Plaintiffs believe that all meta data must be produced. To date, approximately 80% of the document production from Fannie Mae has contained meta data, which is crucial for objective coding.

At this point in time, it has been approximately four months since Fannie Mae issued its restated 2001 to 2004 financial results, about a year since we subpoenaed documents from Deloitte, and all Deloitte has produced to date is an index of the working papers that it has insisted be returned to it. As I'm sure you are no doubt aware, Lead Plaintiffs are extremely frustrated with Deloitte and believe Deloitte is not acting properly or with appropriate diligence in responding to our subpoena. At the very least, we intend to raise this with Judge Leon at the upcoming status conference scheduled in the *Fannie Mae Securities Litigation* on April 26, 2007 at 2:30 pm. We would strongly suggest that you be present to address Judge Leon's questions.

Moreover, if we do not have *final* resolution of pricing, production of the meta data, and a firm commitment as to the production of the working papers by the close of business this week, we will file a motion to compel. Enough is enough. We have a case to litigate and production of Deloitte's working papers are critical before depositions can

## BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Leslie Wharton, Esq.
April 3, 2007
Page 3 of 3

commence. I am sending you via overnight mail a copy of the transcript of the last status conference for your review. Judge Leon asked that we provide your firm with a copy.

We certainly would like this resolved without the resort to motion practice but our patience has worn thin.

Very truly yours,

Jeffrey C. Block

cc:    Kathleen M. Donovan-Maher, Esq.
       Julie A. Richmond, Esq.
       Melanie Corwin, Esq.
       James R. Cummins, Esq.

Fannie/c/Wharton_4_3_07

EXHIBIT L

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21ST FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

April 9, 2007
<u>Via E-Mail and First Class Mail</u>

Scott Schreiber, Esq.
Arnold & Porter, LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Re:  <u>In re Fannie Mae Securities Litigation</u>

Dear Scott:

I am responding to your letter of Friday, April 6, 2007. Your letter is inaccurate in that you assume that I have "undertaken" no "steps" to contact my co-counsel to discuss the costs associated with Deloitte producing its working papers. To the contrary, I have contacted all of my co-counsel and we are researching whether Deloitte has the right to obtain reimbursement from Fannie Mae for having to produce these documents. I will note that the retainer agreement entered into between Fannie Mae and Deloitte requires Fannie Mae to reimburse Deloitte for any costs associated with producing documents to OFHEO. We are attempting to determine whether Fannie Mae will ultimately reimburse Deloitte for these costs which obviates the need for the litigants to absorb these costs. I am waiting to hear from Amy Longo on this point. Once we resolve this issue, which I expect will be imminent, we will resolve the pricing issue.

Also, the issue regarding the protective order is not our issue. If Deloitte feels it must restrict Fannie Mae's access to working papers, this is an issue that Deloitte should resolve with Fannie Mae. We will not allow this to hold up the production of Deloitte's documents. I have spoken with Jeffrey Kilduff at O'Melveny & Myers to have him look into this issue and resolve it with Deloitte. It appears to me from your letter that no progress has been made on this point. We intend to raise this with Judge Leon at the April 26, 2007 status conference. The conference is scheduled to begin at 2:30 pm. I suggest you attend if you would like to explain Deloitte's position to the Judge.

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Scott Schreiber, Esq.
April 9, 2007
Page 2 of 2


Finally, while you hope that "we are not going to engage in a letter writing exercise" our view is that the letter writing has already born fruit. We have refrained from a letter writing campaign for months and have made little progress. I will note that within two hours of e-mailing my April 3 letter to Leslie Wharton last week I received a copy of the SolutionsPlus+ pricing proposal, which was sent to Deloitte in a letter dated March 30, 2007. Absent my letter, we wonder just how long Deloitte would have sat on the letter from SolutionsPlus+?

In any event, please let me know if Deloitte is going to continue to insist on withholding the working papers unless the protective order is formally amended. If so, we will file a motion to compel.

Once we have resolution on our side on the pricing issue, I will contact you or Leslie to discuss.


Very truly yours,

Jeffrey C. Block

cc:    Jeffrey Kilduff, Esq.
       Amy Longo, Esq.
       Leslie Wharton, Esq.
       Kathleen Donovan-Maher, Esq.
       Julie Richmond, Esq.
       James Cummins, Esq.
       Melanie Corwin, Esq.


Fannie Mae/c/Schreiber_4_09_07

EXHIBIT M

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

## ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

April 18, 2007
<u>Via E-Mail and First Class Mail</u>

Scott Schreiber, Esq.
Arnold & Porter, LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Re:  **In re Fannie Mae Securities Litigation**

Dear Scott:

Counsel for the litigants in the above-referenced action will pay the costs, as quoted by SolutionsPlus+ in their March 30, 2007 letter, regarding the conversion of the Deloitte & Touche, LLP data to images for production of the 2001 to 2004 working papers in response to our subpoena.

We will, however, have Xerox Litigation Support OCR the images so we do not wish to have SolutionsPlus+ OCR any of the images.  Leslie Wharton mentioned that if we wish, we can request the order that we would like the working papers produced first.  Please let me know if that is still an option.

Also, we appeared to have reached an accommodation on our call this past Friday regarding Deloitte's concerns about the review of certain of the working papers by current Fannie Mae employees.  I propose that until we that no Fannie Mae employee be permitted to review any of the Deloitte working papers until we have final resolution on the language regarding this issue.  As a practical matter, depositions regarding accounting matters will likely not begin until the summer so we should have this worked out long before then, but at least production of the working papers can commence now.

### BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Scott Schreiber, Esq.
April 18, 2007
Page 2 of 2

Let me know if you have any questions.

Very truly yours,

Jeffrey C. Block

cc:    Jeffrey Kilduff, Esq.
       Amy Longo, Esq.
       Leslie Wharton, Esq.
       Kathleen Donovan-Maher, Esq.
       Julie Richmond, Esq.
       James Cummins, Esq.
       Melanie Corwin, Esq.

Fannie Mae/c/Schreiber_4_09_07

EXHIBIT N

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

May 23, 2007
Via E-Mail and First Class Mail

Scott Schreiber, Esq.
Arnold & Porter, LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Re: **In re Fannie Mae Securities Litigation**

Dear Scott:

I write, again, with regard to the production of documents by third-party witness Deloitte & Touche, LLP ("Deloitte"). As you know, Deloitte has still not produced any documents in response to Lead Plaintiffs' document subpoena which was served more than one year ago. We agreed to defer Deloitte's production until after it completed the audits regarding the restatement of Fannie Mae's 2001 through 2004 financial statements. The restatement was issued in early December, 2006, and, to date, all Deloitte has produced to us is a copy of the index to the restatement work papers, which Deloitte insisted we return to it.

On April 18, 2007, I wrote you a letter confirming that we had reached agreement with regard to payment for the production of the Deloitte work papers and we had reached agreement regarding access to Deloitte work papers by current Fannie Mae employees. At that time you had represented that Deloitte would begin to upload work papers within two weeks and that it was anticipated that the entire production would take between four and six weeks to produce.

It is has now been *five weeks* since we confirmed our agreement and *not a single document has been produced.*

The situation is completely unacceptable. We intend to file a motion to compel and will ask Judge Leon to Order that Deloitte produce all documents within two weeks of the date of the Court's Order. We intend to raise this at the June 5, 2007 status

### BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Scott Schreiber, Esq.
May 23, 2007
Page 2 of 2

conference which is scheduled in the case.  The conference is scheduled to begin at 10:30 a.m.  I invite you to attend on behalf of Deloitte.

If Deloitte uploads its documents before the hearing on June 5, we will so inform the Court.  If not, we intend to seek entry of an Order as I have described above.

Very truly yours,

Jeffrey C. Block

cc:    Jeffrey Kilduff, Esq.
       Amy Longo, Esq.
       Kathleen Donovan-Maher, Esq.
       Julie Richmond, Esq.
       James Cummins, Esq.
       Melanie Corwin, Esq.
       Andrea Seidt, Esq.
       Beth Finnerty, Esq.

Fannie Mae/c/Schreiber_5_23_07