UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re Fannie Mae Securities Litigation | ) ) ) | Consolidated Civil Action No. 1:04-cv-1639 (RJL) |
| Evergreen Equity Trust, *et al.*, Plaintiffs, v. Federal National Mortgage Association, *et al.*, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:06-cv-00082 (RJL) |

**THE EVERGREEN PLAINTIFFS' MOTION FOR (I) RECONSIDERATION OF THE DISMISSAL OF THEIR SECTION 18 CLAIM AGAINST DEFENDANTS FANNIE MAE, RAINES, HOWARD, AND SPENCER, AND (II) MODIFICATION OF THE COURT'S ORDER DATED JULY 31, 2007 TO INCLUDE THE ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE <u>RULE 54(b) ON THE EVERGREEN PLAINTIFFS' STATE LAW CLAIMS</u>**

Plaintiffs in *Evergreen Equity Trust, et al. v. Federal National Mortgage Association, et al.* (the "Evergreen Plaintiffs") hereby move the Court for (i) reconsideration of the Court's dismissal of their claim pursuant to Section 18 of the Securities Exchange Act of 1934 as against defendants Fannie Mae, Franklin Raines, Timothy Howard, and Leanne Spencer, and (ii) modification of the Court's Order dated July 31, 2007 [#482] to (a) include an express determination that there is no just reason to delay the Evergreen Plaintiffs' appeal from the dismissal of their claims pursuant to state law claims (and, if their motion for reconsideration is denied, their Section 18 claim), and (b) direct the entry of final judgment on those claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The grounds for the Evergreen Plaintiffs' motion for reconsideration are set forth in the similar motion and supporting papers filed by the plaintiffs in *Franklin Managed Trust, et al. v.*

*Federal National Mortgage Association, et al.*, No. 1:06-cv-00139 (RJL), which are hereby adopted and incorporated herein by reference. *See* The Franklin Plaintiffs' Motion For Reconsideration Of The Court's Dismissal Of Their Section 18 Claim As Against Defendants Fannie Mae, Franklin Raines, Timothy Howard, And Leanne Spencer, dated August 14, 2007 [#496].

The grounds for the Evergreen Plaintiffs' motion for modification of the Court's Order Dated July 31, 2007 to include the entry of final judgment pursuant to Rule 54(b) as to certain claims are set forth in the accompanying memorandum of law.

For the Court's convenience, the Evergreen Plaintiffs have attached two proposed forms of Order:  one that grants both aspects of the instant motion (*i.e.*, reconsidering and revising the decision with regard to the Evergreen Plaintiffs' Section 18 claim, and entering final judgment only on the state law claims), and one that assumes denial of the Evergreen Plaintiffs' motion for reconsideration and enters final judgment on the Evergreen Plaintiffs' state law and Section 18 claims.

Dated:  August 14, 2007                             /s/ Stuart M. Grant
                                                                  Stuart M. Grant (D.C. Bar # 450895)
                                                                  Megan D. McIntyre
                                                                  Christine M. Mackintosh
                                                                  GRANT & EISENHOFER P.A.
                                                                  Chase Manhattan Centre
                                                                  1201 N. Market St.
                                                                  Wilmington, DE 19801
                                                                  (302) 622-7000
                                                                  (302) 622-7100 (facsimile)
                                                                  *Attorneys for the Evergreen Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Fannie Mae Securities Litigation ) | Consolidated Civil Action<br>No. 1:04-cv-1639 (RJL) |
| )<br>)<br>Evergreen Equity Trust, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Federal National Mortgage Association, *et al.*, )<br>)<br>Defendants. )<br>) | No. 1:06-cv-00082 (RJL) |

**MEMORANDUM OF LAW IN SUPPORT OF THE EVERGREEN PLAINTIFFS'
MOTION FOR (I) RECONSIDERATION OF THE DISMISSAL OF THEIR
SECTION 18 CLAIM AGAINST DEFENDANTS FANNIE MAE, RAINES,
HOWARD, AND SPENCER, AND (II) MODIFICATION OF THE COURT'S ORDER
DATED JULY 31, 2007 TO INCLUDE THE ENTRY OF FINAL JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 54(b)
ON THE EVERGREEN PLAINTIFFS' STATE LAW CLAIMS**

Plaintiffs in *Evergreen Equity Trust, et al. v. Federal National Mortgage Association, et al.* (the "Evergreen Plaintiffs") respectfully request that this Court reconsider and revise that portion of its Order dated July 31, 2007 [#481] (the "Dismissal Order") that dismisses the Evergreen Plaintiffs' claim against defendants Fannie Mae, Franklin Raines, Timothy Howard and Leanne Spencer for violation of Section 18 of the Securities Exchange Act of 1934 (the "Exchange Act").[1] In this regard, the Evergreen Plaintiffs adopt and incorporate by reference the arguments set forth in The Franklin Plaintiffs' Motion For Reconsideration Of The Court's

---

[1] The Court's Order also dismisses the Evergreen Plaintiffs' Section 18 claim against certain members of Fannie Mae's board of directors (the "Director Defendants"). The Evergreen Plaintiffs do not seek reconsideration of the dismissal of their Section 18 claim against the Director Defendants.

Dismissal Of Their Section 18 Claim As Against Defendants Fannie Mae, Raines, Howard, and Spencer [#496].

The Evergreen Plaintiffs further request that the Court modify the Dismissal Order so as to include the entry of final judgment on the Evergreen Plaintiffs' state law claims (Counts VI, VII, VIII and IX of the Evergreen Plaintiffs' Second Amended Complaint) and, if reconsideration is denied as to the Evergreen Plaintiffs' Section 18 claim, to include the entry of final judgment on that claim as well (Count III of the Evergreen Plaintiffs' Second Amended Complaint). The Dismissal Order disposes of these claims in their entirety and there is no just reason to delay the Evergreen Plaintiffs' appeal of the dismissal of these claims. Indeed, permitting a prompt appeal of these claims may prevent duplicative litigation. Accordingly, the Evergreen Plaintiffs respectfully request that the Court modify the Dismissal Order to (a) include an express determination that there is no just reason to delay the Evergreen Plaintiffs' appeal from the dismissal of their state law claims (and, if reconsideration is denied, their Section 18 claim), and (b) direct the entry of final judgment on those claims pursuant to Rule 54(b).

## BACKGROUND

The Evergreen Plaintiffs are institutional investors who elected to opt out of the pending securities class action arising out of the misstatement of Fannie Mae's financial statements, and to file an individual action to pursue their own claims (the "Opt Out Action"). In the Opt Out Action, the Evergreen Plaintiffs asserted claims similar to those raised in the class action, as well as certain additional claims, including claims for violation of state law and of Section 18 of the Securities Exchange Act of 1934.[2]

---

[2] Specifically, Count III of the Evergreen Plaintiffs' Second Amended Complaint alleged violation of Section 18; Count VI alleged common law fraud; Count VII alleged negligent misrepresentation; Count VIII alleged aiding and abetting common law fraud; and Count IX alleged violation of Mass. Gen. Laws Ch. 93A § 2.

2

On January 30, 2006, a Stipulated Consolidation Order filed in the class action was entered on the docket in Plaintiffs' Opt Out Action. On February 9, 2006, the Evergreen Plaintiffs filed an objection to the consolidation of their Opt Out Action with the class action, urging that coordination for pretrial purposes would be more appropriate. The Court denied the Evergreen Plaintiffs' objection and consolidated the Opt Out Action with the class action.

Defendants moved to dismiss the Evergreen Plaintiffs' Opt Out Complaint arguing, among other things, that the Evergreen Plaintiffs' state law claims were preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and that their Section 18 claim was barred under the applicable statute of limitations. By Order dated July 31, 2007, the Court granted in part the defendants' motions to dismiss. In doing so, the Court accepted the defendants' arguments that: (1) SLUSA preempted the Evergreen Plaintiffs' state law claims because the Opt Out Action, by virtue of its consolidation with the class action, had become a "covered class action" within the meaning of SLUSA; (2) the extended two-year statute of limitations applicable to fraud-based claims under the Sarbanes-Oxley Act did not apply to Section 18 claims; and (3) by opting out of the class action prior to a ruling on class certification, the Evergreen Plaintiffs had lost the benefit of the tolling of the statute of limitations afforded under *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974) and its progeny. Accordingly, the Court dismissed the Evergreen Plaintiffs' state law and Section 18 claims in their entirety, and certain defendants – namely, Radian Guaranty and the Director Defendants – have, by virtue of the Court's ruling, been dismissed from the litigation as no claims are currently pending against them in either the class action or the Opt Out Action.[3]

---

[3] The Dismissal Order also dismissed certain other claims against these defendants, including claims against the Director Defendants pursuant to Section 20(a) of the Securities Exchange Act of 1934, and claims against Radian and the Audit Committee Defendants pursuant to Section 10(b) of the Securities Exchange Act of 1934.

3

The Court's dismissal of the Evergreen Plaintiffs' Section 18 and state law claims involved significant unsettled questions of law regarding the interpretation and application of SLUSA, the Sarbanes-Oxley Act, and of the Supreme Court's opinion in *American Pipe*. The Evergreen Plaintiffs respectfully disagree with, and intend to seek appellate review of, the Court's rulings on those issues. Because the Court dismissed the Evergreen Plaintiffs' Section 18 and state law claims in their entirety, and because there are no remaining claims pending against certain defendants who were defendants on those claims, there is no just reason to delay the Evergreen Plaintiffs' appeal. Accordingly, the Evergreen Plaintiffs respectfully request that the Court modify the Dismissal Order to (a) include a determination pursuant to Rule 54(b) that there is no just reason to delay the Evergreen Plaintiffs' appeal from the dismissal of their state law claims (and, if the motion for reconsideration is denied, their Section 18 claims), and (b) direct the entry of final judgment pursuant to Rule 54(b) on those claims.[4]

## ARGUMENT

**I.  THE COURT SHOULD ENTER FINAL JUDGMENT PURSUANT TO RULE 54(b) ON ITS DISMISSAL OF THE EVERGREEN PLAINTIFFS' STATE LAW AND SECTION 18 CLAIMS**

A district court faced with multiple claims or parties can direct the entry of final judgment as to fewer than all claims or parties. Specifically, Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties, only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

---

[4] While the Evergreen Plaintiffs reserve the right to seek appellate review of other aspects of the Dismissal Order at a later time, they do not seek the entry of final judgment as to any claims at this time other than their state law claims and (if reconsideration of such claims is denied) their Section 18 claims.

4

Fed. R. Civ. P. 54(b).  To enter final judgment pursuant to Rule 54(b), the court must (1) determine that a judgment is final; and (2) determine whether there is any "just reason for delay." Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7-8 (1980).  Under these standards, the Court should enter final judgment as to its dismissal of the Evergreen Plaintiffs' state law and Section 18 claims.

### A. The Court's Dismissal Of These Claims Was A "Final Judgment"

"Before it can certify a judgment under Rule 54(b), a district court must ensure that it is dealing with a 'final judgment'; 'final' in the sense that the decision is 'an ultimate disposition of an individual claim entered in the course of a multiple claim action,' and 'judgment' in the sense that it is a decision upon a cognizable claim for relief.'"  *Cooper v. First Gov. Mortgage & Investors Corp.,* 216 F.R.D. 130, 132 (D.D.C. 2002) (quoting *Curtiss-Wright,* 446 U.S. at 7).  The Court's ruling on the Evergreen Plaintiffs' Section 18 and state law claims is a "final judgment" because it disposes of those claims in their entirety, with the result that there are no longer any claims pending against certain defendants.  Accordingly, the ruling is a "final judgment" within the meaning of Rule 54(b).  *See generally Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956) (where district court dismissed two of four counts in the complaint, there was "no doubt that each of the claims dismissed is a 'claim for relief' within the meaning of Rule 54(b), or that their dismissal constitutes a 'final decision' on individual claims"); *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992) ("If the decision 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim, then the decision is final.") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)) (alteration in original).

5

### B. There Is No Just Reason For Delay Of The Evergreen Plaintiffs' Appeal Of The Dismissal Of These Claims

In addition, there is no just reason to delay the Evergreen Plaintiffs' appeal. The Court's dismissal of the Evergreen Plaintiffs' Section 18 and state law claims involved pure questions of law – *i.e.*, the application of the statute of limitations to the Evergreen Plaintiffs' Section 18 claims, and the interpretation of SLUSA. These discrete legal issues are not relevant to any of the remaining claims asserted by the Evergreen Plaintiffs, and thus further discovery or proceedings in this case will not render an appeal of these rulings moot. Under these circumstances, certification under Rule 54(b) is appropriate. *See Fox v. Baltimore City Police Dep't,* 201 F.3d 526, 531 (4th Cir. 2000) (affirming district court's certification because "[t]he central question raised on appeal . . . is a pure question of law. We foresee nothing that could emerge from further proceedings that would either alter our analysis of this question or render it moot."); *Ginett*, 962 F.2d at 1097 (Rule 54(b) judgment was appropriate where "the district court need not address any issue, in the course of deciding the remaining claims, which could moot or force [the appellate court] to duplicate [its] decisionmaking"); *cf. Hill v. Henderson*, 195 F.3d 671, 672 (D.C. Cir. 1999) (Rule 54(b) certification may not be appropriate where the subject of the appeal may be mooted by the outcome of the issues that remain in the case).

Finally, discovery is proceeding on the Evergreen Plaintiffs' and the class plaintiffs' remaining claims. The parties have an interest in knowing which claims and defendants are "in play" in these actions, without fear that an appeal several years hence will bring dismissed defendants back into the litigation and necessitate a reopening of discovery. Accordingly, there is no just reason for delaying the Evergreen Plaintiffs' appeal. In fact, permitting it will promote judicial efficiency by allowing the parties to determine once and for all which claims are

proceeding in the litigation and which parties are defendants to the litigation relating to Fannie Mae's fraud.

## **CONCLUSION**

For the reasons set forth herein, the Evergreen Plaintiffs respectfully request that the Court:

(i) reconsider and revise its Dismissal Order so as to deny the motions by defendants Fannie Mae, Raines, Howard, and Spencer to dismiss the Evergreen Plaintiffs' Section 18 claim; and

(ii) modify its Dismissal Order to

(a) include a determination pursuant to Rule 54(b) that there is no just reason to delay the Evergreen Plaintiffs' appeal from the dismissal of their state law claims (and, if reconsideration is denied, their Section 18 claims, and

(b) direct the entry of final judgment pursuant to Rule 54(b) on the Evergreen Plaintiffs' state law claims (and, if reconsideration is denied, their Section 18 claims).

Dated: August 14, 2007

*/s/ Stuart M. Grant*
Stuart M. Grant (D.C. Bar # 450895)
Megan D. McIntyre
Christine M. Mackintosh
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market St.
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)
*Attorneys for the Evergreen Plaintiffs*