UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In Re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon |
| Evergreen Equity Trust, *et al.* v. Federal National Mortgage Association, *et al.*; | Case No. 1:06CV00082 (RJL) |
| and | |
| Franklin Managed Trust, *et al.* v. Federal National Mortgage Association, *et al.* | Case No. 1:06CV00139 (RJL) |

**FANNIE MAE AND THE DIRECTOR DEFENDANTS' MEMORANDUM IN OPPOSITION TO EVERGREEN PLAINTIFFS' MOTION FOR ENTRY OF A RULE 54(b) FINAL JUDGMENT DISMISSING A LIMITED SUBSET OF THEIR CLAIMS**

Fannie Mae and the Director Defendants in *Evergreen Equity Trust, et al. v. Federal National Mortgage Association, et al.*, who have been sued on identical claims in *Franklin Managed Trust, et al. v. Federal National Mortgage Association, et al.*, respectfully request that this Court deny the Evergreen Plaintiffs' Motion [#497] for a final judgment pursuant to Fed. R. Civ. P. 54(b) dismissing a subset of their claims.[1]

---

[1] The Evergreen plaintiffs' motion also seeks reconsideration of this Court's dismissal of their Section 18 claims against Fannie Mae, Raines, Howard and Spencer, but as the Evergreen plaintiffs do not seek reconsideration of the dismissal of their claims against the Director Defendants, this memorandum addresses only the request for entry of a final judgment pursuant to Fed. R. Civ. P. 54(b). The Evergreen plaintiffs' basis for seeking reconsideration, *i.e.*, the applicability of *American Pipe* tolling, is not applicable to the Director Defendants, as they were not named as defendants in the class complaint. Fannie Mae is filing a separate opposition addressing the *American Pipe* issue.

- 2 -

The Evergreen plaintiffs, but not the Franklin plaintiffs, ask this Court to enter a final judgment under Fed. R. Civ. P. 54(b) on a subset of the dismissed claims in the Evergreen lawsuit — but not the Franklin lawsuit. Although the Evergreen complaint contains claims under Section 10(b), Section 18, Section 20(a) and Section 20A of the federal securities laws — as well as state law claims of common law fraud, negligent misrepresentation and alleged violation of the Massachusetts deceptive trade practices act — the Evergreen plaintiffs seek a final judgment only as to the dismissal of their claims under state law and, depending on the Court's ruling on their motion for reconsideration, possibly their Section 18 claim. The remainder of Evergreen's claims, as well as the identical claims in the Franklin case, including the Franklin plaintiffs' Section 18 claim, common law fraud claim and negligent misrepresentation claim against the same parties, would be appealable only at the conclusion of this litigation. Such piecemeal appeals will undermine sound judicial administration, and Evergreen's motion should be denied.

## BACKGROUND

Beginning on September 23, 2004, securities actions were filed in this Court on behalf of purchasers of Fannie Mae securities, asserting, *inter alia*, claims pursuant to Section 10(b) of the Securities Exchange Act of 1934. This Court entered a Stipulated Order on December 16, 2004, consolidating all cases brought pursuant to the federal securities laws under the caption *In re Fannie Mae Securities Litigation*, Civil Action No. 04-cv-01639. Thereafter, the Evergreen plaintiffs and the Franklin plaintiffs filed virtually identical complaints seeking to "opt out" of the proposed securities class.[2]

---

[2] The Franklin complaint differs from the Evergreen complaint only in that it names KPMG as a defendant and substitutes a California state law claim for the Massachusetts state law claim. A significant difference between the Evergreen and Franklin complaints and the class complaint is that only the Evergreen and Franklin plaintiffs are suing the Director Defendants. Because the Director Defendants were not named as defendants in the class complaint, the Evergreen and Franklin plaintiffs acknowledge that *American Pipe* tolling does not apply to the Director Defendants.

- 3 -

By Order dated July 31, 2007 (the "Dismissal Order"), this Court dismissed many of the outstanding claims in <u>both</u> the Evergreen and Franklin suits. The briefing on the motions to dismiss that led to this order addressed the Evergreen and Franklin complaints in a single filing, and the Evergreen and Franklin plaintiffs filed a consolidated opposition to the motions. The Court's decision, moreover, analyzed and evaluated these claims together and did not generally distinguish between the Evergreen and Franklin claims. Because the Dismissal Order did not address all outstanding claims or parties in the Evergreen suit (or the Franklin suit), the Evergreen plaintiffs, but not the Franklin plaintiffs, now contend that this Court should modify its Dismissal Order to include entry of a final judgment on the Evergreen Plaintiffs' state law claims and, if reconsideration is denied, their Section 18 claims.

## ARGUMENT

I. **THIS COURT SHOULD NOT DEVIATE FROM THE "NORM" TO ENTER FINAL JUDGMENT PURSUANT TO RULE 54(b) ON THE DISMISSAL OF THE EVERGREEN PLAINTIFFS' STATE LAW AND SECTION 18 CLAIMS**

In the ordinary course, judgments are not appealable until the conclusion of litigation as to all claims and all parties. Rule 54(b) of the Federal Rules of Civil Procedure contains a limited exception, however, that permits the district court to enter a final judgment on less than all claims or parties upon an express determination not only that the judgment is final, but also that there is "no just reason for delay." Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). Absent such an express determination, dismissed claims are not immediately appealable where claims or parties remain in the district court. *See Everett v. U.S. Airways Group, Inc.*, 132 F.3d 770, 773 (D.C. Cir. 1998).

The Supreme Court has cautioned that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the

remaining unresolved claims." *Curtiss-Wright*, 446 U.S. at 8. A Rule 54(b) final judgment is not to be granted "routinely." *Id.* at 10. Rather, it is only in "exceptional cases" that a district court may deviate from the "norm" and certify a less than totally final disposition of a case as a "final judgment" under Rule 54(b). *See Bldg. Indus. Ass'n of Super. Calif. v. Babbitt*, 161 F.3d 740, 743-44 (D.C. Cir. 1998); *see also Chaplaincy of Full Gospel Churches v. England*, 221 F.R.D. 255, 259 (D.D.C. 2004) (declining rule 54(b) certification because not an "exceptional" case).

II. **RULE 54(b) CERTIFICATION WOULD UNDERMINE SOUND JUDICIAL ADMINISTRATION AND LEAD TO PIECEMEAL APPEALS**

Paramount among the considerations in determining whether there are "no just reasons to delay" is the interest of the Court of Appeals in avoiding piecemeal appeals. *See Building Industry*, 161 F.3d at 744. When faced with a motion for Rule 54(b) certification, a district court must exercise its discretion "in the interest of sound judicial administration." *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 10). As the D.C. Circuit has explained, "[b]efore departing from the norm, that is, determining there are 'no just reasons to delay' and entering a final judgment on one of multiple claims, a district court '*must* take into account judicial administrative interests as well as the equities involved.'" *Building Industry*, 161 F.3d at 744 (emphasis in original). Consideration of these interest is "necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright*, 446 U.S. at 8 (citation omitted); *see also Building Industry*, 161 F.3d at 745.[3] A district court should consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such

---

[3] Avoiding such 'piecemeal' appeals is one of the principles that militates against certifying individual dismissed claims as final judgments within the meaning of Rule 54(b). *See Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 760 (D.C. Cir. 1997) ("Rule 54(b) mediates between the sometimes antagonistic goals of avoiding piecemeal appeals and giving parties timely justice.").

that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Building Industry*, 161 F.3d at 744 (quoting *Curtiss-Wright*, 446 U.S. at 8).

A greater recipe for piecemeal appeals than what Evergreen seeks here is difficult to imagine. The Franklin plaintiffs, who have not sought a Rule 54(b) final judgment as to the Court's dismissal of virtually identical claims, would be entitled to appeal the dismissal of their Section 18 and state law claims at the conclusion of the litigation — the very same issues that Evergreen seeks to appeal now.[4] Moreover, were the D.C. Circuit to hear the Evergreen appeal on its state law and Section 18 claims now, defendants would be entitled to argue not only the merits of the Court's Dismissal Order, but also any other ground in support of dismissal including, for example, the failure to plead scienter to support the common law fraud claim or the failure to allege actual reliance sufficient to support a Section 18 claim, issues that the D.C. Circuit would also likely be asked to decide in any appeal of the remaining issues in the Evergreen case (Section 10(b), Section 20(a), and Section 20A of the securities laws), not to mention any appeal from the securities class action or the Franklin action.

Evergreen's state law and Section 18 claims are hardly separable from the other claims remaining to be adjudicated. Rather, these claims are based on the same underlying events and circumstances as the remaining Evergreen claims, the remaining (and dismissed) Franklin claims, and the outstanding claims in the securities class action with which the

---

[4]  Indeed, the Franklin plaintiffs in their motion for reconsideration of this Court's Dismissal Order repeatedly refer to the Court's Dismissal Order as "an interlocutory order," *i.e.*, one that is not appealable until the conclusion of the case. *See* Franklin Memorandum of Law In Support of the Franklin Plaintiffs' Motion For Reconsideration Of The Court's Dismissal of Their Section 18 Claim As Against Defendants Fannie Mae, Raines, Howard and Spencer at 4 & n2 [#496].

Evergreen and Franklin cases are consolidated.[5] Thus, there is every indication that the Court of Appeals would be presented with the same issues more than once.

### III. THE POTENTIAL BENEFITS OF CERTIFICATION ARE NON-EXISTENT AND PLAINLY INSUFFICIENT TO OVERCOME THE STRONG POLICY AGAINST PIECEMEAL APPEALS

In deciding whether to grant a Rule 54(b) judgment on less than all claims, a district court may also take account of the equities involved. Here, Evergreen has identified no sufficiently important reason for granting Rule 54(b) certification. Indeed, Evergreen's brief identifies few if any potential benefits of immediately appealing some (but not all) of their claims, contending only that "[t]he parties have an interest in knowing which claims and defendants are 'in play' in these actions, without fear that an appeal several years hence will bring dismissed defendants back into the litigation and necessitate a reopening of discovery." Evergreen Brief at 6. Yet these considerations are present in almost every case in which some, but not all, parties or claims are dismissed on a Rule 12(b)(6) motion. They hardly deviate from the norm. None of the potential benefits suggested by Evergreen qualify as the sort of equities that a court will look to in deviating from the norm to permit appeal of a less than final disposition of the case, and cannot override the historic federal policy against piecemeal appeals.[6]

---

[5] In the Franklin plaintiffs' motion asking this Court to reconsider certain aspects of its Section 18 decision, the Franklin plaintiffs acknowledge that their complaint includes "claims similar to those raised in the Class Action," as well as other claims. *See* Franklin Memorandum of Law In Support of the Franklin Plaintiffs' Motion For Reconsideration Of The Court's Dismissal of Their Section 18 Claim As Against Defendants Fannie Mae, Raines, Howard and Spencer at 2.

[6] The potential benefits identified by Evergreen have been previously deemed insufficient to overcome the judicial administrative interest in avoiding piecemeal appeals. As an example, the D.C. Circuit in *Hill v. Henderson* recognized that "to be sure, the deferred review will generate a need for new and duplicative proceedings that immediate review would have avoided" but, nonetheless explained that "if review is deferred, it is less likely that the appellate court will face overlapping issues and circumstances on two occasions, and often the issues involved in the dismissal will be mooted by the outcome on the other counts . . . ." 195 F.3d 671, 672 (D.C. Cir. 1999). Based on this, the D.C. Circuit dismissed the appeal, citing the "strong policy against piecemeal appeals." *Id.* at 672-673. *See also Camm v. Kennickell*, 1988 WL 63066, at *1 (D.D.C. June 6, 1988) (sympathizing with the defendants' desire to

## CONCLUSION

For all the reasons set forth above, Fannie Mae and the Director Defendants respectfully request that the Court deny Evergreen's motion for entry of a Rule 54(b) final judgment dismissing its state law and Section 18 claims.

Dated: August 28, 2007                                  Respectfully submitted,


    /s/ Robert M. Stern                                          /s/ John J. Clarke, Jr.    
Jeffrey W. Kilduff (D.C. Bar No. 426632)        Earl J. Silbert (D.C. Bar No. 053132)
Robert M. Stern (D.C. 478742)                        Cristen Sikes Rose (D.C. Bar No. 473461)
Natasha Colton (D.C. Bar No. 479647)          DLA Piper US LLP
Michael J. Walsh, Jr. (D.C. Bar No. 483296)  1200 19th Street, NW
O'Melveny & Myers LLP                                  Washington, DC 20036
1625 Eye Street N.W.                                      T: 202/861-3900
Washington, DC 20006                                   F: 202/223-2085
T: 202/383-5300                                               -and-
F: 202/383-5414                                              John J. Clarke, Jr.
                                                                           DLA Piper US LLP
***Counsel for Defendants Fannie Mae,***           1251 Avenue of the Americas
***Kenneth Duberstein, William R. Harvey,***   New York, NY 10020-1104
***Taylor C. Segue III, H. Patrick Swygert, and*** T: 212/335-4500
***Manuel Justiz***                                                F: 212/884-8520

***Counsel for Defendants Stephen B. Ashley,***
***Ann Korologos, and Donald B. Marron***


    /s/ Julia E. Guttman                                         /s/ Barbara Van Gelder    
Julia E. Guttman (D.C. Bar No. 412912)        Barbara Van Gelder (D.C. Bar No. 265603)
Nicholas A. Brady (D.C. Bar No. 482612)     Wiley Rein LLP
Kyle A. Clark                                                      1776 K Street, N.W.
Baker Botts LLP                                                 Washington, D.C. 20006
1299 Pennsylvania Ave, N.W.                         T: 202/719-7000
Washington, D.C. 20004                                  F: 202/719-7207
T: 202/639-7706
F: 202/585-1047                                                ***Counsel for Defendants Frederic V. Malek***
                                                                           ***and Anne Mulcahy and for Defendant Tom***
***Counsel for Defendant Jamie S. Gorelick***    ***Gerrity in the Evergreen Action***

---

put the lawsuit behind them but holding that their desire did not over come the judicial preference against piecemeal appeals); *Chaplaincy of Full Gospel Churches v. England*, 221 F.R.D. 255, 259 (D.D.C. 2004) (citing *Camm* with approval).

<mark>
</mark>

| | |
|---|---|
| _____/s/ Carolyn M. Welshhans_____ | _____/s/ Rhonda D. Orin_____ |
| Carolyn M. Welshhans (D.C. Bar No. 489120) | Rhonda D. Orin (D.C. Bar No. 439216) |
| Dechert LLP | Anderson Kill & Olick, P.C. |
| 1775 I Street NW | 2100 M Street, NW |
| Washington, D.C. 20006 | Suite 650 |
| T: 202/261-3396 | Washington, DC 20037 |
| F: 202/261-3333 | T:  202/218-0049 |
| -and- | F:  202/218-0055 |
| William K. Dodds | -and- |
| Neil A. Steiner | John H. Doyle, III |
| Dechert LLP | Anderson Kill & Olick, P.C. |
| 30 Rockefeller Plaza | 1251 Avenue of the Americas |
| New York, NY 10112 | New York, NY 10020 |
| T: 212/698-3822 | T:  212/278-1000 |
| F: 212/698-3599 | F:  212/272/1733 |
| | |
| ***Counsel for Defendant Tom Gerrity in the Franklin Action*** | ***Counsel for Defendant Leslie Rahl*** |
| | |
| _____/s/ James Hamilton_____ | _____/s/ Carolyn E. Morris_____ |
| James Hamilton (D.C. Bar No. 108928) | James D. Wareham (D.C. Bar No. 411799) |
| David I. Ackerman (D.C. Bar No. 482075) | James Anklam (D.C. Bar No. 414122) |
| Bingham McCutchen LLP | Carolyn E. Morris (D.C. Bar No. 463865) |
| 2020 K Street, NW | Paul, Hastings, Janofsky & Walker LLP |
| Washington, DC 20006 | 875 15th Street, NW |
| T:  202/373-6000 | Washington, DC 20005 |
| F:  202/373-60001 | T:  202/551-1700 |
| | F:  202-551-1705 |
| ***Counsel for Defendant Joe K. Pickett*** | |
| | ***Counsel for Defendant Daniel H. Mudd*** |
| | |
| | ***Of-Counsel for Defendant Manual J. Justiz:*** |
| | Shannon H. Ratliff |
| | Texas Bar No. 16573000 |
| | Michael L. Navarre |
| | Texas Bar No. 00792711 |
| | Ratliff Law Firm, P.L.L.C. |
| | 600 Congress Avenue, Suite 3100 |
| | Austin, Texas 78701 |
| | T:  512/493-9600 |
| | F:  512/493-9625 |

- 9 -

## CERTIFICATE OF SERVICE

     I certify that on August 28, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter who are registered on the CM/ECF.

                                                 /s/ Nicholas A. Brady
                                                  Nicholas A. Brady

UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In Re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon |
| Evergreen Equity Trust, *et al.* v. Federal National Mortgage Association, *et al.*;<br><br>and<br><br>Franklin Managed Trust, *et al.* v. Federal National Mortgage Association, *et al.* | Case No. 1:06CV00082 (RJL)<br><br><br>Case No. 1:06CV00139 (RJL) |

## [PROPOSED] ORDER

The Court hereby **ORDERS** that Evergreen Plaintiffs' motion for entry of a Rule 54(b) final judgment is denied.

**IT IS SO ORDERED** on this _____ day of _____, 2007.

_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE