UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation** | MDL No. 1668 |
| **In re Fannie Mae Securities Litigation** | Consolidated Civ. No. 1:04-cv-01639<br><br>Judge Richard J. Leon |

**MEMORANDUM REGARDING STATUS OF OFHEO'S PRODUCTION
OF DOCUMENTS AND REQUEST FOR FORBEARANCE OF
<u>DEADLINE FOR COMPLETION OF PRIVILEGE LOGS</u>**

OFHEO provides this memorandum regarding the status of its production of documents to Defendants. OFHEO expects to produce all non-privileged, non-exempt documents for the first 21 custodians by the December 21, 2007 deadline and same for the remaining 10 custodians by the January 4, 2008 deadline. Concurrently, OFHEO has determined that approximately 177,000 of the documents collected for the first 21 custodians are privileged under the attorney-client communication, attorney work product, and/or deliberative process privileges. Based upon the sheer volume of documents that have been identified as protected by a valid legal privilege, it is simply not possible, despite the efforts of dozens of lawyers, including many recently hired, to provide the robust and detailed privilege logs demanded by Defendants for each custodian by the January 4, 2007 deadline. Nevertheless, OFHEO will provide privilege logs on a rolling basis prior to January 4, 2008, and, based on current calculations, continue to provide on a rolling basis until completed, which is now expected to occur by February 29, 2008. As recently as its last appearance before the Court, OFHEO did not have sufficient data from which to extrapolate the time required to meet the privilege log deadline. Because it will meet the production deadlines mandated by the Court and it has taken extraordinary steps to comply

with the Court's order, OFHEO seeks a forbearance of the deadline for producing the remaining privilege logs.

### A. Document Production Will Be Completed By The Existing Deadlines

OFHEO's production of non-privileged, non-exempt documents will be completed by the deadlines established by the Court. To date, OFHEO has produced a total of 104,435 documents (254,221 pages) to Defendants pursuant to the Stipulated Order. An additional 43,904 documents (146,300 pages) will be produced tomorrow, December 20, bringing the total number of documents produced to 148,335 documents (400,521 pages). OFHEO expects to produce the remaining documents for the first 21 custodians by December 21, 2007, the interim deadline. This collection of documents represents all the non-privileged, non-exempt documents yielded by the Defendants' 400+ search terms, based on the results of OFHEO's document review.

### B. Extraordinary Efforts at Compliance

Not including electronic discovery experts, information technology staff, supervisory staff, and administrative support staff, OFHEO has employed and trained 30 attorneys to review all of the documents that have been produced to date. Many of these attorneys have worked for several weeks, six or seven days per week, for 10 or more hours per day. Because of the high volume of privileged documents, OFHEO has added another 20 attorneys to assist in the preparation of privilege logs, bringing the number of attorneys who are working full-time on this project to 50.

However, due to security requirements imposed by the Office of Personnel Management (OPM), the additional 20 attorneys were unable to begin work on OFHEO documents until very recently, as a detailed 80+ page security form was required to be completed, fingerprints checked by the FBI, and a background investigation was scheduled by OPM. This process,

which costs OFHEO thousands of dollars for each applicant, has been taking from one and a half to two weeks to complete for each attorney on the project. The Director of OFHEO does not have the authority to waive or circumvent these requirements. Also, the need to train the new arrivals requires that several experienced attorneys be diverted from the ultimate task. To date, 17 of these additional 20 attorneys have completed the background investigation and training and are working on the project.

### C.  Present Outlook for Completion

Given the sheer volume of documents yielded by the Defendants' search terms and the resulting strain on OFHEO's resources, it is impossible to complete the document review and prepare the robust and detailed privilege logs for the first 21 custodians by December 21, 2007. Based upon the rate at which the existing staff have been preparing log entries, it appears that those privilege logs could be completed by January 25, 2008, assuming conditions remain as they are at this time.

The search terms imposed by Defendants on the next 10 custodians have yielded an additional 130,000 documents, which OFHEO is reviewing under the terms of the Stipulated Order. Although OFHEO anticipates that all non-privileged documents will be produced by the January 4, 2008 deadline, the robust and detailed privilege logs for each of those custodians cannot be completed by January 4, 2008. Based upon the rate at which the existing staff has been preparing log entries, it appears that those robust and detailed privilege logs could be completed by February 29, 2008, assuming conditions remain as they are at this time.[1]

---

[1] OFHEO must factor several variables into the estimate of time that will be required to complete those logs. Even as recently as OFHEO's last appearance before the Court, OFHEO had insufficient data from which to estimate the time that would be required to perform the final
(continued...)

3

OFHEO is diligently proceeding with its review of the 500,000+ documents yielded through Defendants' 400+ search terms; however, as the agency has stated in prior correspondence and court filings, the deadlines adopted in the Stipulated Order were established based upon OFHEO's reasonable but incorrect assumptions as to the actual number of documents that would be recovered and would have to be reviewed, as well as the number and type of search terms that would be selected by Defendants. Therefore, OFHEO requests appropriate forbearance from the Court for the challenging dates that were set for production of privilege logs.

OFHEO does not believe that adding additional resources would accelerate the process significantly, if at all, due to the additional time and the diversion of management resources that would be necessary to bring additional attorneys on board, to obtain clearance for them to work on OFHEO documents, to find and configure appropriate space for them to work, and to purchase or lease and then configure the computers and software that will be necessary for them to contribute significantly to the effort. To the contrary, attempting to do so would likely be counterproductive.

**D. Efforts to Obtain Consent to the Relief Requested**

As part of OFHEO's continued good faith efforts to keep Defendants apprised of the document production process, OFHEO sent a letter on December 13, 2007, detailing its efforts as described above and seeking its consent to OFHEO's anticipated request for forbearance from the Court. A copy of the letter is attached as Exhibit A. Defendants did not respond to that letter

---

(...continued)
privilege review and prepare privilege log entries. Having several weeks of hard data, OFHEO is now in a position to provide much better estimates of the amount of time that will be required to review and log all the documents that have been identified as privileged.

for almost one week, until yesterday, December 18, at approximately 1:00 p.m., when they finally informed OFHEO that they would not agree to moving the deadlines for the privilege logs. A copy of Defendants' letter is attached as Exhibit B. Approximately one half hour later, Defendants filed their Request for Sanctions, to which OFHEO will respond in due course in accordance with the Court's rules.

OFHEO has already produced hundreds of thousands of documents. By January 4, 2007, OFHEO will have produced hundreds of thousands more. It will have spent millions of dollars (at present over $40,000 per day) and tens of thousands of staff hours on that task alone. The number of OFHEO attorneys committed to document review and production total approximately 50; that is, nearly the same number of full-time employees (53) in OFHEO's Office of Examination.[2] Nonetheless, Defendants continue to "twist the knife" by not only refusing to consent to the modest relief requested but by filing a premature motion for sanctions.

OFHEO will respond to Defendants' motion in a separate filing pursuant to the Court's rules. Notably, Defendants' contention that the requested continuance would cause prejudice is, at best, disingenuous. Defendants contend that the timeline proposed by OFHEO for completion of the privilege logs would delay the depositions because it will further delay what they anticipate to be "extensive" litigation over the privilege logs. If they anticipate such litigation to last "four to five months," then the depositions would need to be moved even if it were possible for OFHEO to produce all privilege logs by January 4, 2008.[3]

---

[2] As the Court is aware, OFHEO's congressional mandate is to examine the safety and soundness of the Federal Housing Enterprises, not to respond to third-party document requests by individuals who are accused of jeopardizing such safety and soundness.

[3] Defendants' threatened litigation over privilege issues is not only disingenuous but represents
(continued...)


The obvious motive for Defendants' aggressive and non-conciliatory approach is to obtain an order from this Court declaring OFHEO's privileges waived. In fact, it is apparent that the Defendants are seeking waiver of OFHEO's privileges as a procedural sanction because they know that there is simply no substantive legal basis to deny these valid assertions of privilege.

E.  Conclusion

Through its extraordinary efforts to comply with the Court orders, OFHEO has demonstrated good cause for the requested forbearance. Since entering the Stipulated Order, OFHEO has been candid and open with its projected goals and its ability to comply with Defendants' demands. OFHEO's projections are always aggressive and are based upon facts available at the time and reasonable assumptions about existing variables (*e.g.*, the number of search terms, the number of search term hits, the number of non-privileged documents, the number of pages to review, the number of routine software problems to be encountered). OFHEO has conducted an open document production process, informing the Court and

---

(...continued)
yet another delaying tactic on their part. The Defendants do not need all the privilege logs completed to begin raising their objections to privileged documents. As the Court is aware, on August 1, 2007, the Defendants <u>withdrew</u> their motion challenging OFHEO's assertions of privilege. At that time, the issue of whether OFHEO has valid claims of privilege was ripe for the Court's consideration. Nevertheless, Defendants withdrew their motion to compel after OFHEO and its General Counsel had expended considerable resources both responding to the motion and preparing an extremely detailed affidavit to substantiate the agency's assertion of the deliberative process privilege. Thus, Defendants fail to articulate any prejudice to themselves from the rolling production of privilege logs. Any delay in challenging OFHEO's claims of privilege were caused by Defendants, not OFHEO. Defendants will have tens of thousands of privilege log entries from which they can gauge the type of documents over which OFHEO is asserting privilege. Indeed, if their purpose were to expedite the process and they truly believed that OFHEO was making a significant number of incorrect privilege claims, they would have challenged privilege calls aggressively last summer, so as to clarify the applicable law and to reduce the number of documents that OFHEO would log. Instead they have continued their sandbagging approach, waiting until the last minute to raise issues that could have been resolved long ago.

Defendants at every step, including whenever OFHEO's projections have changed due to incorrect assumptions regarding the many variables that impact on meeting the Court's deadlines.  Despite its best estimates, OFHEO was incorrect in projecting that it could prepare the robust and detailed privilege logs by the current deadlines.  As a result, OFHEO increased its review team by two thirds (from 30 to 50) and has spared no expense to move the document production along in the most efficient and expeditious manner possible.

The record reflects that OFHEO has devoted extraordinary resources to its effort to fully comply with the Stipulated Order, and will continue to do so.  Indeed, OFHEO has now committed approximately the same level of resources to complying with the Stipulated Order as it has available to conduct the statutory on-site examinations of Fannie Mae and Freddie Mac.  Notwithstanding OFHEO's extreme efforts, OFHEO now knows that January 4, 2008, is not a viable deadline for OFHEO to complete robust and detailed privilege logs, and so has brought this fact to the attention of Defendants and the Court promptly.  Inasmuch as Defendants have refused to consent to an adjustment in the deadlines to reflect the actual work necessary to meet them, OFHEO now seeks an accommodation from the Court.

For good cause shown, OFHEO respectfully requests this Court's forbearance of the deadlines to complete the robust and detailed privilege logs.

December 19, 2007                           Respectfully submitted,

                                             /s/ _____
                                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                                            United States Attorney


                                             /s/ _____
                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                            Assistant United States Attorney

    /s/
_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7157
(202)514-8780
kenneth.adebonojo@usdoj.gov

Attorneys for OFHEO