McGuireWoods LLP
Washington Square
1050 Connecticut Avenue N.W.
Suite 1200
Washington, DC 20036-5317
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

Charles Wm. McIntyre
Direct: 202.857.1742

# McGUIREWOODS

cmcintyre@mcguirewoods.com

October 10, 2007

**Via Hand Delivery**
Scott B. Schreiber
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

     Re:    <u>In re Fannie Mae Securities Litigation</u>, No. 1:04-cv-1639 (D.D.C.)

Dear Scott,

Thank you for speaking with us yesterday regarding D&T's document production in response to KPMG's subpoena. As I mentioned at the end of our call, to ensure that we both have the same understanding going forward, this letter documents what we discussed. Please let me know if your understanding differs in any way.

Broadly, the documents that D&T has produced to date in response to subpoenas from the Plaintiffs and Franklin Raines can be grouped into two categories: (1) documents relating to D&T's audit of the Restatement of Fannie Mae's financial statements; and (2) documents relating to D&T's engagement by OFHEO.

As to the first category of documents, you stated that, pursuant to an agreement with Plaintiffs' counsel, D&T has produced only Final Audit Workpapers relating to the 2004 audit of the Restatement. This means that there may be a significant volume of potentially responsive D&T documents not yet produced.

For example, except to the extent such documents were part of the Final Audit Workpapers, D&T has not produced documents (whether hard copy or electronic) from the files of the D&T employees who worked on the audit of the Restatement. You estimated that there are between 600 and 800 such employees. You have agreed to provide a list identifying certain D&T employees who worked on the audit of the Restatement, as well as the areas upon which those employees focused. We understand that this will not be a comprehensive list, but rather will cover the key D&T employees who worked on certain phases of the audit. We will also attempt to compile a similar list from the D&T workpapers produced to date. In addition, you stated that Plaintiffs' counsel is determining what additional documents it seeks from D&T. To facilitate D&T's production, we will coordinate our efforts with Plaintiffs' counsel. We look forward to receiving D&T's list as soon as possible, so that we may evaluate how to proceed regarding the draft audit workpapers and documents from the D&T employee files.

As to the second category – documents relating to the OFHEO engagement – you stated that there are three subcategories of documents. First, there are hard copies of documents from the files of all D&T employees who worked on the D&T engagement. You stated that D&T has

EXHIBIT A

October 10, 2007
Page 2

produced all non-privileged documents from such files. Second, there are e-mails and electronic documents from the employees who worked on the D&T engagement. Again, you stated that D&T has produced all such non-privileged documents. Third, there are documents from the "e-room" of D&T's engagement by OFHEO. You stated that you provided an index of these documents to counsel for Franklin Raines, that such counsel selected specific documents for production, and that D&T has produced those documents. You offered to provide that index to us as well, and to produce any additional non-privileged documents that we request from the index. We look forward to receiving that index.

In addition to these two general categories of documents, we also discussed the following discrete issues.

### D&T Policies, Procedures, and Manuals

You stated that any policy or procedure that D&T relied upon during the audit of the Restatement would be included in the Final Audit Workpapers already produced. I stated that we would be interested in responsive documents relating to relevant D&T policies even if those documents were not relied upon by D&T and therefore may not have been included within the Final Audit Workpapers. You said that, if KPMG identifies a select number of specific policies or procedures in which it is interested, you thought such an approach would be more acceptable to your client and you would discuss with your client producing such additional documents. We will discuss this as at least an initial approach with our client.

### Documents Relating to the Audit Committee and the 2004 Restatement

You stated that you need to confirm whether D&T has produced, as part of the Final Audit Workpapers, all D&T documents relating to the Audit Committee and the 2004 Restatement. You stated that you will either confirm that this is the case or produce any additional such documents.

### Billing Records

You stated that D&T had not yet produced billing records related to its work for Fannie Mae or OFHEO. You stated that you would be willing to produce such records. Please let us know when we can expect production.

### 2005 and 2006 Audits

You stated that D&T has not produced any documents relating to the 2005 and 2006 audits of Fannie Mae. You stated that D&T's current position is that it will not produce such documents. However, you also pointed out that D&T has produced other documents dated outside the putative class period. You said, if KPMG identifies specific categories of documents from the 2005 and 2006 audits that KPMG would like D&T to produce, D&T would consider producing such documents. We will discuss this as at least an initial approach with our client.

### Proprietary Documents

You stated that you have identified some responsive documents that you believe may be protected from production on the grounds that they contain proprietary information and/or trade

October 10, 2007
Page 3

secrets. You stated that you are currently reviewing such documents with D&T, and that, to the extent that you determine that any documents merit protection on these grounds, you will produce a log identifying these documents. You will produce any such documents that you determine do not merit protection. You stated that you will provide the log and/or produce the documents within two to three weeks.

*Privilege Log*

You stated that you are revising D&T's privilege log and that you will provide us a revised log when it is complete. We anticipate this will be soon.

*Production Schedule*

We discussed the fact that, under the proposed Case Management Order, the deadline for all fact discovery, including depositions, would be July 31, 2008. Also, as you know, depositions in this litigation are ongoing, and many of the documents that KPMG has requested from D&T are necessary to prepare for some of those depositions. Therefore, it is important that D&T's production proceed as quickly as possible so that KPMG may have the documents well in advance of the depositions. Please let me know if there is anything that we can do to facilitate the process.

Do not hesitate to contact me with any questions you may have.

Sincerely,

Charles Wm. McIntyre