# ARNOLD & PORTER LLP

**Scott B. Schreiber**
Scott.Schreiber@aporter.com

202.942.5672
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

September 28, 2007

**VIA HAND DELIVERY**

Charles Wm McIntyre, Esq.
McGuire Woods LLP
Washington Square
Suite 1200
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5317

Re:   *In re Fannie Mae Securities Litigation*, No. 1:04-cv-1639 (D.D.C.)

Dear Mr. McIntyre:

I am responding to your letter of September 24, 2007 regarding the objections of Deloitte & Touche LLP ("Deloitte") to KPMG LLP's ("KMPG") subpoena *duces tecum* in the above-referenced matter. We note that your letter provides Deloitte a two-day window in which to respond, notwithstanding that it took three weeks for you to respond to our letter of August 31, 2007.

As a preliminary matter, Deloitte intends to respond to the subpoena, despite its having been addressed to Deloitte & Touche USA LLP. There is thus no need for you to re-issue a subpoena.

Before receiving KPMG's subpoena, Deloitte had already produced nearly two million pages of final audit workpapers, both hard copy and electronic, and approximately 100,000 pages of documents relating to Deloitte's engagement by the Office of Federal Housing Enterprise Oversight ("OFHEO"). KPMG's subpoena sets forth 134 requests and Deloitte cannot relate each document produced to the various subpoena items, in part because KPMG's requests are overlapping with each other and duplicate the prior subpoenas, and in part because the documents produced are often responsive to more than one request. To facilitate the parties' ability to use these documents, Deloitte had produced fields along with the document images conveying the audit workpaper, preparer, and reviewer information for each document. Moreover, at your request, Deloitte provided KPMG counsel the audit workpaper index to permit you readily to navigate and organize the documents.

EXHIBIT E

# ARNOLD & PORTER LLP

Charles Wm. McIntyre Esq.
September 28, 2007
Page 2

With respect to the date of documents produced, all final audit workpapers relating to the audit of Fannie Mae's restated financial statements have been produced, irrespective of whether they fall within the putative class period. Deloitte's production of these audit workpapers shall not waive its right to object to the production of additional documents that fall outside the putative class period.

We will review our privilege log concerning the final audit workpapers for compliance with the applicable law. Please note that Deloitte asserted privilege as to these final audit workpapers on behalf of Fannie Mae, and will be asserting privilege as to select OFHEO documents on behalf of Fannie Mae and OFHEO. To the extent you would like to contest any of these privilege assertions, counsel from those parties will have to participate in any such discussions.

Finally, Deloitte disagrees with your assessment of its obligations with respect to its proprietary documents. Deloitte retains the right not to provide copies of certain selected documents that contain trade secrets and/or proprietary business information of Deloitte under the applicable law and under Paragraph 21 of the Second Amended Stipulated Protective Order.

Nothing in this letter is intended to waive or in any way modify the objections set forth by Deloitte in its August 31, 2007 letter. We would be happy to discuss KPMG's subpoena and Deloitte's objections.

Sincerely,

Scott B. Schreiber

SBS/jab
cc: Linda Beyer