**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |

| | |
|---|---|
| In re Fannie Mae Securities Litigation | Consolidated Civil Action Nos. 1:04-cv-01639<br><br>Judge Richard J. Leon |

## DEFENDANT FANNIE MAE'S RESPONSES TO DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FANNIE MAE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rules 5.2, 26.2(d), and 30.4 of the Rules of the U.S. District Court for the District of Columbia (the "Local Rules"), Defendant Federal National Mortgage Association ("Fannie Mae" or the "Company"), through undersigned counsel, submits the following objections and responses to Defendant KPMG LLP's First Set of Requests for Production of Documents to Defendant Fannie Mae. These responses shall be for the purposes of this action only and shall be subject to such admissibility objections as may be interposed in subsequent documents or proceedings. Fannie Mae also reserves the right to supplement its responses as necessary throughout discovery and after discovery has concluded.

### FORM OF PRODUCTION

Pursuant to the 2006 amendments to Rule 34 of the Federal Rules of Civil Procedure, Fannie Mae generally intends to produce responses to electronic discovery in the form the materials were kept in the regular course of business. This is how Fannie Mae has responded to



EXHIBIT
B

previous production requests.  As a convenience to all parties, Fannie Mae intends to electronically scan any hard copy documents and produce them in the .tif format supported by the XLS system.

## GENERAL OBJECTIONS

Fannie Mae asserts the following General Objections to Defendant KPMG LLP's First Set of Requests for Production of Documents:

1.      Fannie Mae objects to the definitions and instructions that apply to each and every request to the extent they purport to impose obligations on Fannie Mae beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of Practice of the United States District Court for the District of Columbia.

2.      Fannie Mae objects to each and every request to the extent that it requires production of documents that are not in the possession, custody or control of Fannie Mae.

3.      Fannie Mae objects to each and every request to the extent that it seeks information or documents that are subject to the attorney-client privilege, the work product privilege, examination privilege or any other applicable privilege.  Fannie Mae does not waive, and intends to preserve and is preserving, the attorney-client privilege, the work product privilege, the examination privilege and every other applicable privilege with respect to each and every document protected by such a privilege.

4.      Fannie Mae objects to each and every request to the extent that it seeks information or documents that are subject to OFHEO's assertion of the examination privilege. OFHEO has instructed the Company not to produce pursuant to 12 C.F.R. § 1703.40, which provides that "OFHEO reports of examinations, or any documents related thereto, are the property of OFHEO and are not to be disclosed to any person without the Director's prior written consent." These "documents are the property of OFHEO and cannot be released

without OFHEO's consent and . . . their production must be sought from OFHEO" pursuant to the procedures set forth in OFHEO's *Touhy* regulations (12 C.F.R. §§ 1703.33, 1703.34(b, c), and 1703.37(b)). 12 C.F.R. § 1703.40.

5.    Fannie Mae objects to each and every request to the extent that it seeks information or documents that reveal trade secrets.

6.    Fannie Mae objects to each and every request to the extent that it seeks the production of proprietary, confidential, private, personal, medical, or financial information.

7.    Fannie Mae objects to each and every request to the extent that the documents sought are publicly available or in the possession of other parties or persons, as those documents may be obtained by KPMG as easily or more easily from those sources than they might be obtained from Fannie Mae.

8.    Fannie Mae objects to each and every request to the extent that it is overbroad and unduly burdensome.

9.    Fannie Mae objects to each and every request to the extent that it is vague and ambiguous.

10.    Fannie Mae objects to each and every request to the extent that it is not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

11.    Fannie Mae objects to each and every request to the extent that it seeks information that is private or personal, including but not limited to, financial information, social security numbers, home addresses, tax records, and/or brokerage statements.

12.    In providing this response to Defendant KPMG LLP's First Set of Requests for Production of Documents, Fannie Mae does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

(a)    All objections as to competency, relevancy, materiality, authenticity and admissibility;

(b)    All rights to object on any grounds to the use of any of the responses herein or information in any subsequent proceedings, including the trial of this or any other action; and

(c)    All rights to object on any ground to any further document requests.

13.    Fannie Mae objects to each and every request to the extent that the time period it covers is overbroad, not relevant to a claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.  Unless otherwise specifically set forth herein, Fannie Mae further objects to the production of any documents created prior to January 1, 1998, or after February 23, 2006.  Fannie Mae will produce documents created after February 23, 2006 only to the extent they relate to the Restatement, only to the extent Fannie Mae does not otherwise object to their production, and only through December 6, 2006.

14.    Fannie Mae objects to each and every request to the extent that it seeks attorney work product created by Fannie Mae's attorneys in connection with, or in furtherance of, their representation of Fannie Mae in this action, or any other civil action or governmental or regulatory investigation or proceeding.

15.    Fannie Mae objects to each and every request to the extent that it is duplicative of any request set forth in Plaintiffs' First, Second, Third, Fourth, and Fifth Requests for Production of Documents to Defendant Fannie Mae, in response to which Defendant Fannie Mae has produced documents to Plaintiffs and all other parties via the shared production

database.  Fannie Mae also objects to each and every request to the extent it is duplicative of

any request set forth in Defendant Franklin D. Raines' First Set of Document Requests to

Defendant Fannie Mae, in response to which Defendant Fannie Mae has produced documents

to Raines and all other parties via the shared production database.

16.    Fannie Mae objects to Instruction No. 8, demanding Bates numbers, organized

by request, for documents already produced in response to Plaintiffs' document requests and

for documents that will be produced in response to any of KPMG's requests herein.  Because

all documents on the shared database are electronic and searchable, Fannie Mae need not

provide such information. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 300 F. Supp. 2d

43, 47 (D.D.C. 2004) (holding that if production is made to a searchable electronic database,

the producing party need not provide an index or match documents with specific discovery

requests).

17.    Fannie Mae objects to each and every request to the extent it seeks production

of an entire document when only a portion or portions of the document are responsive.  Fannie

Mae reserves the right to produce only those portions of documents that are responsive to

Defendant KPMG LLP's requests.

18.    Fannie Mae objects to each and every request to the extent it requires restoration

of electronically stored information from backup tapes because such documents are not

reasonably accessible due to undue burden and cost, pursuant to Federal Rule of Civil Procedure

26(b)(2).

19.    Fannie Mae incorporates the above General Objections into all of the specific

responses below.

20.    By responding to these requests, Fannie Mae does not adopt any of the

characterizations made by Defendant KPMG LLP in any of its Requests concerning the

documents it is seeking or facts that remain in dispute.  The fact that Fannie Mae has responded

to a particular request shall not be interpreted as implying that responsive documents exist or that

Fannie Mae acknowledges the propriety of the specific request.

## SPECIFIC RESPONSES
## TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

All organizational charts for Fannie Mae.

### RESPONSE TO REQUEST NO. 1

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 1 as overly broad, unduly burdensome, and duplicative of previous document requests.

Furthermore, Fannie Mae objects to Request No. 1 to the extent it seeks documents that are not

relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery

of admissible evidence, particularly to the extent it seeks "all organizational charts."  Fannie Mae

has already produced documents related to this request that are responsive to Lead Plaintiffs'

Requests for Production of Documents, and they are available to KPMG on the shared

production database.  Subject to and without waiving the foregoing objections, in addition to the

documents already produced, Fannie Mae will produce non-privileged organizational charts for

its Re-audit/Restatement leadership team and workstreams responsive to Request No. 1 to the

extent that they are in Fannie Mae's possession, custody or control, and can reasonably be

located.

## REQUEST FOR PRODUCTION NO. 2

All documents provided to, received from, or which relate to communications with OFHEO during the relevant time period.

## RESPONSE TO REQUEST NO. 2

In addition to the General Objections identified above, Fannie Mae objects to Request No. 2 as overly broad, unduly burdensome, and duplicative of previous document requests, particularly as to documents that do not pertain to the Special Examination. Furthermore, Fannie Mae objects to Request No. 2 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae has already produced documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents and they are available to KPMG on the shared production database. Fannie Mae further objects to Request No. 2 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Additionally, Fannie Mae further objects to producing any documents that OFHEO has instructed the Company not to produce pursuant to 12 C.F.R. § 1703.40, which provides that "OFHEO reports of examinations, or any documents related thereto, are the property of OFHEO and are not to be disclosed to any person without the Director's prior written consent." These "documents are the property of OFHEO and cannot be released without OFHEO's consent and . . . their production must be sought from OFHEO" pursuant to the procedures set forth in OFHEO's *Touhy* regulations (12 C.F.R. §§ 1703.33, 1703.34(b, c), and 1703.37(b)). 12 C.F.R. § 1703.40. Subject to and without waiving the foregoing objections, in addition to documents already produced, Fannie Mae will produce non-privileged documents responsive to Request No. 2 that are related to the Restatement to the

extent that they are in Fannie Mae's possession, custody or control and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 3

All documents provided to, received from, or which relate to communications with the SEC during the relevant time period.

### RESPONSE TO REQUEST NO. 3

In addition to the General Objections identified above, Fannie Mae objects to Request No. 3 to the extent it is overly broad and unduly burdensome, particularly to the extent it seeks documents to, from, or relating to the SEC which do not relate to the accounting at issue in the Restatement. Furthermore, Fannie Mae objects to Request No. 3 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, law enforcement privilege, examination privilege or other applicable privileges. Fannie Mae has already produced documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents which are available to KPMG on the shared production database. Accordingly, Fannie Mae objects to Request No. 3 to the extent it is duplicative of Plaintiffs' Requests for Production of Documents. Subject to and without waiving the foregoing objections, Fannie Mae will produce non-privileged documents responsive to Request No. 3 that are related to the Restatement to the extent that they are in Fannie Mae's possession, custody or control, have not already been produced, and can reasonably be located.

## REQUEST FOR PRODUCTION NO. 4

All documents provided to, received from, or which relate to communications with OFHEO concerning that agency's investigation and special examination of Fannie Mae and/or the Individual Defendants during the relevant time period.

## RESPONSE TO REQUEST NO. 4

In addition to the General Objections identified above, Fannie Mae objects to Request No. 4 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 4 to the extent it is vague with respect to an "investigation and special examination," seeks documents that are not relevant to claims or defenses in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 4 to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, examiner privilege or other applicable privileges. Additionally, Fannie Mae further objects to producing any documents that OFHEO has instructed the Company not to produce pursuant to 12 C.F.R. § 1703.40, which provides that "OFHEO reports of examinations, or any documents related thereto, are the property of OFHEO and are not to be disclosed to any person without the Director's prior written consent." These "documents are the property of OFHEO and cannot be released without OFHEO's consent and . . . their production must be sought from OFHEO" pursuant to the procedures set forth in OFHEO's *Touhy* regulations (12 C.F.R. §§ 1703.33, 1703.34(b, c), and 1703.37(b)). 12 C.F.R. § 1703.40. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 4 that are relevant to a claim or defense of any party in the consolidated civil proceeding to

the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 5

All subpoenas and document requests issued to Fannie Mae and/or the Individual Defendants by OFHEO concerning that agency's investigation and special examination of Fannie Mae and/or the Individual Defendants during the relevant time period.

### RESPONSE TO REQUEST NO. 5

In addition to the General Objections identified above, Fannie Mae objects to Request No. 5 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 5 to the extent it is vague with respect to an "investigation and special examination," seeks documents that are not relevant to claims or defenses in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 5 to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, examiner privilege or other applicable privileges. Additionally, Fannie Mae further objects to producing any documents that OFHEO has instructed the Company not to produce pursuant to 12 C.F.R. § 1703.40, which provides that "OFHEO reports of examinations, or any documents related thereto, are the property of OFHEO and are not to be disclosed to any person without the Director's prior written consent." These "documents are the property of OFHEO and cannot be released without OFHEO's consent and . . . their production must be sought from OFHEO" pursuant to the procedures set forth in OFHEO's *Touhy* regulations (12 C.F.R. §§ 1703.33, 1703.34(b, c), and 1703.37(b)). 12 C.F.R. § 1703.40. Fannie Mae states that it has produced non-privileged documents responsive to Request No. 5 that are relevant to a claim or defense of any party in the

consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to the documents already produced, Fannie Mae will produce non-privileged documents responsive to Request No. 5 to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 6

All documents provided to, received from, or which relate to communications with OFHEO concerning Fannie Mae's capital or concerning any of the financial statement items that were restated.

### RESPONSE TO REQUEST NO. 6

In addition to the General Objections identified above, Fannie Mae objects to Request No. 6 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 6 to the extent it is vague with respect to "financial statement items," seeks documents that are not relevant to claims or defenses in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 6 to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, examiner privilege or other applicable privileges. Additionally, Fannie Mae further objects to producing any documents that OFHEO has instructed the Company not to produce pursuant to 12 C.F.R. § 1703.40, which provides that "OFHEO reports of examinations, or any documents related thereto, are the property of OFHEO and are not to be disclosed to any person without the Director's prior written consent." These "documents are the property of OFHEO and cannot be released without OFHEO's consent and . .

. their production must be sought from OFHEO" pursuant to the procedures set forth in OFHEO's *Touhy* regulations (12 C.F.R. §§ 1703.33, 1703.34(b, c), and 1703.37(b)). 12 C.F.R. § 1703.40. Fannie Mae has produced documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents which are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to the documents already produced, Fannie Mae will produce non-privileged communications with OFHEO, if any, responsive to Request No. 6 that are related to the Restatement to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 7

All documents provided to, received from, or which relate to communications with the SEC concerning that agency's investigation of Fannie Mae and/or the Individual Defendants during the relevant time period.

### RESPONSE TO REQUEST NO. 7

In addition to the General Objections identified above, Fannie Mae objects to Request No. 7 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 7 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 7 to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, examiner privilege, law enforcement privilege, settlement privilege or other applicable privileges. Fannie Mae has already produced documents related to this request that are responsive to Lead Plaintiffs' and Defendant Raines' Requests for Production of Documents which are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition

to the documents already produced, Fannie Mae will produce non-privileged correspondence with the SEC to the extent that the documents are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 8

All subpoenas and document requests issued to Fannie Mae and/or the Individual Defendants by the SEC concerning that agency's investigation of Fannie Mae and/or the Individual Defendants during the relevant time period.

### RESPONSE TO REQUEST NO. 8

In addition to the General Objections identified above, Fannie Mae objects to Request No. 8 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 8 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 8 to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, examiner privilege or other applicable privileges. Fannie Mae states that it has produced non-privileged documents responsive to Request No. 8 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to the documents already produced, Fannie Mae will produce non-privileged documents responsive to Request No. 8, if any, to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

-13-

## REQUEST FOR PRODUCTION NO. 9

All documents provided to, received from, or which relate to communications with the Department of Justice concerning that agency's investigation of Fannie Mae and/or the Individual Defendants during the relevant time period.

## RESPONSE TO REQUEST NO. 9

In addition to the General Objections identified above, Fannie Mae objects to Request No. 9 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 9 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 9 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to the documents already produced, Fannie Mae will produce non-privileged correspondence with the Department of Justice, if any, to the extent that the documents are in Fannie Mae's possession, custody or control, and can reasonably be located.

## REQUEST FOR PRODUCTION NO. 10

All subpoenas and document requests issued to Fannie Mae and/or the Individual Defendants by the Department of Justice concerning that agency's investigation of Fannie Mae and/or the Individual Defendants during the relevant time period.

**RESPONSE TO REQUEST NO. 10**

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 10 as overly broad, unduly burdensome, and duplicative of previous document requests.

Furthermore, Fannie Mae objects to Request No. 10 to the extent it seeks documents that are not

relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery

of admissible evidence. Subject to and without waiving the foregoing objections, Fannie Mae

states that it is not aware of any documents that would be responsive to Request No. 10 at this

time.

**REQUEST FOR PRODUCTION NO. 11**

All documents provided to, received from, or which relate to communications

with any government agency or entity other than OFHEO, the SEC, or the Department of Justice,

or any division, department, affiliate, officer, or employee of such agency or entity, concerning

such agency or entity's investigation of Fannie Mae and/or the Individual Defendants during the

relevant time period.

**RESPONSE TO REQUEST NO. 11**

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 11 to the extent it is overly broad, unduly burdensome, and duplicative of previous document

requests. Furthermore, Fannie Mae objects to Request No. 11 to the extent it is not relevant to

claims or defenses in this case and is not reasonably calculated to lead to the discovery of

admissible evidence. Fannie Mae further objects to Request No. 11 to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine, examiner privilege,

law enforcement privilege, settlement privilege, or other applicable privileges. Additionally,

Fannie Mae further objects to producing any documents that OFHEO has instructed the

Company not to produce pursuant to 12 C.F.R. § 1703.40, which provides that "OFHEO reports of examinations, or any documents related thereto, are the property of OFHEO and are not to be disclosed to any person without the Director's prior written consent." These "documents are the property of OFHEO and cannot be released without OFHEO's consent and . . . their production must be sought from OFHEO" pursuant to the procedures set forth in OFHEO's *Touhy* regulations (12 C.F.R. §§ 1703.33, 1703.34(b, c), and 1703.37(b)). 12 C.F.R. § 1703.40. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 11 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 12

All subpoenas and document requests issued to Fannie Mae and/or the Individual Defendants by any government agency or entity other than OFHEO, the SEC, or the Department of Justice concerning that agency's or entity's investigation of Fannie Mae and/or the Individual Defendants during the relevant time period.

### RESPONSE TO REQUEST NO. 12

In addition to the General Objections identified above, Fannie Mae objects to Request No. 12 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae also objects to Request No. 12 to the extent it seeks documents from persons other than Fannie Mae. Furthermore, Fannie Mae objects to Request No. 12 to the extent it is not relevant to claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 12 to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine, examiner privilege, law enforcement privilege, or other applicable privileges.

### REQUEST FOR PRODUCTION NO. 13

All documents provided to, received from, or which relate to communications with the United States House of Representatives, the United States Senate, or any committee, subcommittee, division, department, member, affiliate, or employee thereof concerning any investigation or inquiry into the conduct and actions of Fannie Mae and/or the Individual Defendants during the relevant time period.

### RESPONSE TO REQUEST NO. 13

In addition to the General Objections identified above, Fannie Mae objects to Request No. 13 to the extent it is overly broad and unduly burdensome. Furthermore, Fannie Mae objects to Request No. 13 to the extent it is not relevant to claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Fannie Mae will produce testimony relating to the accounting issues involved in the Restatement and responsive to Request No. 13 to the extent that it is in Fannie Mae's possession, custody or control, has not already been produced, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 14

All subpoenas and document requests issued to Fannie Mae and/or the Individual Defendants by the United States House of Representatives, the United States Senate or any committee, subcommittee, division, department, member, affiliate, or employee thereof concerning any investigation or inquiry into the conduct and actions of Fannie Mae and/or the Individual Defendants during the relevant time period.

**RESPONSE TO REQUEST NO. 14**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 14 to the extent it is overly broad and unduly burdensome. Furthermore, Fannie Mae objects to Request No. 14 to the extent it is not relevant to claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Fannie Mae will produce subpoenas and document requests relating to the accounting issues involved in the Restatement and responsive to Request No. 14 to the extent that they are in Fannie Mae's possession, custody or control, have not already been produced, and can reasonably be located.

**REQUEST FOR PRODUCTION NO. 15**

All documents provided to, made available to, received from, or which relate to communications with Paul Weiss concerning the Rudman Investigation.

**RESPONSE TO REQUEST NO. 15**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 15 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae notes that it made all of its documents and records available to Paul Weiss. Furthermore, Fannie Mae objects to Request No. 15 to the extent it is vague with respect to the phrase "made available," seeks documents that are not relevant to claims or defenses in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 15 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 15 that are relevant to a claim or

-18-

defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 16

All document requests issued to Fannie Mae and/or the Individual Defendants by Paul Weiss concerning the Rudman Investigation.

### RESPONSE TO REQUEST NO. 16

In addition to the General Objections identified above, Fannie Mae objects to Request No. 16 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae further objects to Request No. 16 to the extent it calls for information outside the custody, possession or control of Fannie Mae. Furthermore, Fannie Mae objects to Request No. 16 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Paul Weiss has produced documents that are responsive to this request that are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 17

All documents and reports, including communications or discussions with Fannie Mae's Board of Directors or Fannie Mae's Audit Committee, concerning the activities, practices, procedures, or policies at issue in the Restatement.

### RESPONSE TO REQUEST NO. 17

In addition to the General Objections identified above, Fannie Mae objects to Request No. 17 to the extent it is overly broad and unduly burdensome, especially as it seeks "all documents and reports" concerning the "activities, practices, procedures, or policies at issue in

the Restatement" and is not limited to communications with the Board or Audit Committee. Furthermore, Fannie Mae objects to Request No. 17 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae has already produced documents that are responsive to Lead Plaintiffs' Requests for Production of Documents. Accordingly, Fannie Mae objects to Request No. 17 to the extent it is duplicative of Plaintiffs' Requests for Production of Documents. Fannie Mae further objects to Request No. 17 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, in addition to the documents already produced, Fannie Mae will produce all Audit Committee or Board of Directors communications through May 1, 2007 related to the Restatement to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 18

All documents provided to, received from, or which relate to communications with the FASB concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

### RESPONSE TO REQUEST NO. 18

In addition to the General Objections identified above, Fannie Mae objects to Request No. 18 to the extent it is overly broad and unduly burdensome. Furthermore, Fannie Mae objects to Request No. 18 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Fannie Mae will produce non-privileged documents, if any, responsive to Request No. 18 that are relevant to a claim or defense of any

party in the consolidated civil proceeding to the extent that they are in Fannie Mae's possession, custody or control, have not already been produced, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 19

All documents provided to, received from, or which relate to communications with the Derivatives Implementation Group, also known as the DIG, concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

### RESPONSE TO REQUEST NO. 19

In addition to the General Objections identified above, Fannie Mae objects to Request No. 19 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 19 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 19 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 19 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 20

All documents provided to, received from, or which relate to communications with the NYSE concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

**RESPONSE TO REQUEST NO. 20**

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 20 to the extent it is overly broad and unduly burdensome. Furthermore, Fannie Mae objects

to Request No. 20 to the extent it seeks documents that are not relevant to claims or defenses in

this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject

to and without waiving the foregoing objections, Fannie Mae will produce non-privileged

documents, if any, responsive to Request No. 20 that are relevant to a claim or defense of any

party in the consolidated civil proceeding to the extent that they are in Fannie Mae's possession,

custody or control, have not already been produced, and can reasonably be located.

**REQUEST FOR PRODUCTION NO. 21**

All documents, regardless of date, that Fannie Mae provided to or received from

KPMG concerning the accounting activities, practices, procedures, or policies at issue in the

Restatement.

**RESPONSE TO REQUEST NO. 21**

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 21 as overly broad, unduly burdensome, and duplicative of previous document requests.

Furthermore, Fannie Mae objects to Request No. 21 to the extent it seeks documents that are not

relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery

of admissible evidence. Fannie Mae further objects to Request No. 21 on the ground that it calls

for the production of documents that are in the possession of KPMG. Additionally, Fannie Mae

objects to Request No. 21 to the extent it seeks documents protected by the attorney-client

privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to

and without waiving the foregoing objections, Fannie Mae states that it has already produced

non-privileged documents responsive to Request No. 21 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 22

All documents, regardless of date, that relate to communications Fannie Mae had with KPMG concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

### RESPONSE TO REQUEST NO. 22

In addition to the General Objections identified above, Fannie Mae objects to Request No. 22 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 22 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 22 on the ground that it calls for the production of documents that are in the possession of KPMG. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 22 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 23**

All documents, regardless of date, that relate to meetings at which Fannie Mae and KPMG were present concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

**RESPONSE TO REQUEST NO. 23**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 23 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 23 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Fannie Mae further objects to Request No. 23 on the ground that it calls for the production of documents that are in the possession of KPMG. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 23 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 24**

All documents, regardless of date, relating to any decision, discussion, or consideration by Fannie Mae about whether to provide to or withhold from KPMG information relating to Fannie Mae's accounting activities, practices, procedures, or policies, including, without limitation, the activities, practices, or policies at issue in the Restatement.

**RESPONSE TO REQUEST NO. 24**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 24 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae also objects to Request No. 24 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 24, if any, that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 25**

All documents, regardless of date, relating to any decision, discussion, or consideration by Fannie Mae to provide KPMG with misleading, inaccurate, or incomplete information relating to Fannie Mae's accounting activities, practices, procedures, or policies, including, without limitation, the activities, practices, or policies at issue in the Restatement.

**RESPONSE TO REQUEST NO. 25**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 25 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae also objects to Request No. 25 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Fannie Mae objects to the Request to the extent it seeks

documents protected by the attorney-client privilege, work-product doctrine, examination

privilege or other applicable privileges. Subject to and without waiving the foregoing objections,

Fannie Mae states that it has already produced non-privileged documents responsive to Request

No. 25, if any, that are relevant to a claim or defense of any party in the consolidated civil

proceeding to the extent that they were in Fannie Mae's possession, custody or control and could

reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 26

All documents, regardless of date, relating to any decision, discussion, or consideration

by Fannie Mae of whether to provide to or withhold from OFHEO, the SEC, the Department of

Justice, the United States Congress, any other government agency or entity or division,

department, affiliate, officer, or employee thereof, the FASB, or the NYSE information relating

to Fannie Mae's accounting activities, practices, procedures, or policies, including, without

limitation, the activities, practices, procedures, or policies at issue in the Restatement.

### RESPONSE TO REQUEST NO. 26

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 26 to the extent it is overly broad and unduly burdensome. Fannie Mae also objects to

Request No. 26 to the extent it seeks documents that are not relevant to claims or defenses in this

case and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore,

Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-

client privilege, work-product doctrine or other applicable privileges. Subject to and without

waiving the foregoing objections, Fannie Mae states it has produced non-privileged documents

responsive to Request No. 26, if any, that are relevant to a claim or defense of any party in the

consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or

control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 27

All documents and reports relating to internal audit reports produced by Fannie Mae's Office of Internal Auditing during the relevant time period, concerning the activities, practices, procedures, or policies at issue in the Restatement.

### RESPONSE TO REQUEST NO. 27

In addition to the General Objections identified above, Fannie Mae objects to Request No. 27 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 27 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 27 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Fannie Mae has already produced documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents, which are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to the documents already produced, Fannie Mae will produce non-privileged audit reports responsive to Request No. 27 that are related to the Restatement to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

**REQUEST FOR PRODUCTION NO. 28**

All documents and reports relating to investigations or inquiries by Fannie Mae's Office of Corporate Justice during the relevant time period, concerning the activities, practices, procedures, or policies at issue in the Restatement.

**RESPONSE TO REQUEST NO. 28**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 28 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 28 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 28 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Fannie Mae has already produced documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents which are available to KPMG on the shared production database. In addition to the documents already produced, and subject to and without waiving the foregoing objections, Fannie Mae will produce non-privileged reports issued by the Office of Corporate Justice or its successor, Fannie Mae's Investigations group, responsive to Request No. 28 that are related to the Restatement to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

**REQUEST FOR PRODUCTION NO. 29**

All documents and reports relating to investigations or inquiries by Fannie Mae's Office of Corporate Compliance during the relevant time period, concerning the activities, practices, procedures, or policies at issue in the Restatement.

**RESPONSE TO REQUEST NO. 29**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 29 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 29 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 29 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Fannie Mae has already produced documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents and which are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, Fannie Mae refers KPMG to its Response to Request No. 28.

**REQUEST FOR PRODUCTION NO. 30**

All documents produced or made available by Fannie Mae or the Individual Defendants to any party in connection with any civil litigation relating to the activities, practices, procedures, or policies at issue in the Restatement.

**RESPONSE TO REQUEST NO. 30**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 30 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 30 to the extent it is vague with respect to the phrase "made available," it is not relevant to claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Fannie Mae has already produced documents related to this request that are

responsive to Lead Plaintiffs' Requests for Production of Documents, and they are available to

KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 31

All documents produced or made available by Fannie Mae or the Individual Defendants

to OFHEO that were cited in the interim OFHEO Report.

### RESPONSE TO REQUEST NO. 31

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 31 as overly broad, unduly burdensome and duplicative of previous document requests.

Furthermore, Fannie Mae objects to Request No. 31 to the extent it is vague with respect to the

phrase "made available." Fannie Mae further objects to Request No. 31 to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine, examiner privilege

or other applicable privileges. Additionally, Fannie Mae further objects to producing any

documents that OFHEO has instructed the Company not to produce pursuant to 12 C.F.R.

§ 1703.40, which provides that "OFHEO reports of examinations, or any documents related

thereto, are the property of OFHEO and are not to be disclosed to any person without the

Director's prior written consent." These "documents are the property of OFHEO and cannot be

released without OFHEO's consent and . . . their production must be sought from OFHEO"

pursuant to the procedures set forth in OFHEO's *Touhy* regulations (12 C.F.R. §§ 1703.33,

1703.34(b, c), and 1703.37(b)). 12 C.F.R. § 1703.40. Subject to and without waiving the

foregoing objections, Fannie Mae has produced documents responsive to Request No. 31 and

they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 32**

All documents produced or made available by Fannie Mae or the Individual Defendants to OFHEO that were cited in the final OFHEO Report.

**RESPONSE TO REQUEST NO. 32**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 32 to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, examiner privilege or other applicable privileges. Additionally, Fannie Mae further objects to producing any documents that OFHEO has instructed the Company not to produce pursuant to 12 C.F.R. § 1703.40, which provides that "OFHEO reports of examinations, or any documents related thereto, are the property of OFHEO and are not to be disclosed to any person without the Director's prior written consent." These "documents are the property of OFHEO and cannot be released without OFHEO's consent and . . . their production must be sought from OFHEO" pursuant to the procedures set forth in OFHEO's *Touhy* regulations (12 C.F.R. §§ 1703.33, 1703.34(b, c), and 1703.37(b)). 12 C.F.R. § 1703.40. Fannie Mae objects to Request No. 32 to the extent it is duplicative of Plaintiffs' Requests for Production of Documents. Subject to and without waiving the foregoing objections, Fannie Mae has already produced documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents, and they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 33**

All documents produced or made available by Fannie Mae or the Individual Defendants to Paul Weiss that were cited in the Rudman Report.

**RESPONSE TO REQUEST NO. 33**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 33 to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other applicable privileges. Fannie Mae objects to Request No. 33 to the extent it is duplicative of Plaintiffs' Requests for Production of Documents. Subject to and without waiving the foregoing objections, Fannie Mae has produced documents responsive to Request No. 33, and they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 34**

All documents, including, without limitation, transcripts or other recordation concerning any statements, testimony, interviews, or depositions, whether oral or written, given by Fannie Mae or the Individual Defendants to OFHEO.

**RESPONSE TO REQUEST NO. 34**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 34 to the extent it is overly broad and unduly burdensome, particularly in seeking "all documents" concerning "any statement" given by Fannie Mae to OFHEO. Furthermore, Fannie Mae objects to Request No. 34 to the extent it seeks documents that are not relevant to claims or defenses in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 34 to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, examiner privilege or other applicable privileges. Additionally, Fannie Mae further objects to producing any documents that OFHEO has instructed the Company not to produce pursuant to 12 C.F.R. § 1703.40, which provides that "OFHEO reports of examinations, or any documents related thereto, are the property of OFHEO and are not to be disclosed to any person without the Director's prior written

-32-

consent." These "documents are the property of OFHEO and cannot be released without

OFHEO's consent and . . . their production must be sought from OFHEO" pursuant to the

procedures set forth in OFHEO's *Touhy* regulations (12 C.F.R. §§ 1703.33, 1703.34(b, c), and

1703.37(b)). 12 C.F.R. § 1703.40. Fannie Mae objects to Request No. 34 to the extent it is

duplicative of Plaintiffs' Requests for Production of Documents. Subject to and without waiving

the foregoing objections, OFHEO and Fannie Mae have produced transcripts responsive to

Request No. 34, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 35

All documents, including, without limitation, transcripts or other recordation concerning

any statements, testimony, interviews, or depositions, whether oral or written, given by Fannie

Mae or the Individual Defendants to the SEC.

### RESPONSE TO REQUEST NO. 35

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 35 to the extent it is overly broad and unduly burdensome, particularly in seeking "all

documents" concerning "any statements" given by Fannie Mae to the SEC. Furthermore, Fannie

Mae objects to Request No. 35 to the extent it seeks documents that are not relevant to claims or

defenses in this case, and is not reasonably calculated to lead to the discovery of admissible

evidence. Fannie Mae further objects to Request No. 35 to the extent it seeks documents

protected by the attorney-client privilege, work product doctrine, examiner privilege or other

applicable privileges. Fannie Mae has produced documents that are responsive to Lead

Plaintiffs' Requests for Production of Documents. Accordingly, Fannie Mae objects to Request

No. 35 to the extent it is duplicative of Plaintiffs' Requests for Production of Documents.

Subject to and without waiving the foregoing objections, Fannie Mae has produced transcripts

responsive to Request No. 35, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 36

All documents, including, without limitation, transcripts or other recordation concerning any statements, testimony, interviews, or depositions, whether oral or written, given by Fannie Mae or the Individual Defendants to Paul Weiss.

### RESPONSE TO REQUEST NO. 36

In addition to the General Objections identified above, Fannie Mae objects to Request No. 36 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 36 to the extent it seeks documents that are not relevant to claims or defenses in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae objects to Request No. 36 to the extent it is vague and ambiguous with respect to its request for "oral statements" made by Fannie Mae to Paul Weiss. Fannie Mae also objects to Request No. 36 to the extent it seeks documents in the possession of persons or entities other than Fannie Mae. Fannie Mae further objects to Request No. 36 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Paul Weiss has produced its interview memoranda and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 37

All documents, including, without limitation, transcripts or other recordation concerning any statements, testimony, interviews, or depositions, whether oral or written, given by Fannie Mae or the Individual Defendants to any government agency or entity other than OFHEO, the

SEC, or the Department of Justice, or any division, department, affiliate, officer, or employee of such agency or entity, concerning Fannie Mae's accounting activities, practices, procedures, or policies.

### RESPONSE TO REQUEST NO. 37

In addition to the General Objections identified above, Fannie Mae objects to Request No. 37 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 37 to the extent it is not relevant to claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 37 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae is not aware of any documents responsive to Request No. 37 at this time.

### REQUEST FOR PRODUCTION NO. 38

All documents, including, without limitation, transcripts or other recordation concerning any statements, testimony, interviews, or depositions, whether oral or written, given by Fannie Mae or the Individual Defendants to any non-governmental entity, including, without limitation, FASB and the NYSE, or any division, department, affiliate, officer, or employee of such entity, concerning Fannie Mae's accounting activities, practices, procedures, or policies.

### RESPONSE TO REQUEST NO. 38

In addition to the General Objections identified above, Fannie Mae objects to Request No. 38 to the extent it is overly broad and unduly burdensome, especially as it concerns "any statement" concerning accounting given to "any non-governmental entity." Fannie Mae further objects to Request No. 38 on the ground that it is vague and ambiguous. Furthermore, Fannie

Mae objects to Request No. 38 to the extent it is not relevant to claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 38 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae is currently unaware of any testimony given to FASB or the NYSE concerning Fannie Mae's accounting activities, practices, procedures, or policies.

### REQUEST FOR PRODUCTION NO. 39

All documents relating to Freddie Mac's accounting activities, practices, procedures, or policies.

### RESPONSE TO REQUEST NO. 39

In addition to the General Objections identified above, Fannie Mae objects to Request No. 39 to the extent it is overly broad and unduly burdensome, especially as it concerns "[a]ll documents" relating to Freddie Mac's accounting. Fannie Mae also objects to Request No. 39 to the extent it is duplicative of Plaintiffs' Requests for Production of Documents. Furthermore, Fannie Mae objects to Request No. 39 to the extent it is not relevant to claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 39 to the extent it calls for the production of documents outside the possession of Fannie Mae. Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 39 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in

addition to the documents already produced, Fannie Mae will produce non-privileged documents responsive to Request No. 39 that relate to the Restatement.

### REQUEST FOR PRODUCTION NO. 40

All documents relating to Freddie Mac's restatement of its previously issued consolidated financial statements.

### RESPONSE TO REQUEST NO. 40

In addition to the General Objections identified above, Fannie Mae objects to Request No. 40 to the extent it is overly broad and unduly burdensome. Furthermore, Fannie Mae objects to Request No. 40 to the extent it is not relevant to claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 40 to the extent it calls for the production of documents outside the possession of Fannie Mae. Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 40 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to the documents already produced, Fannie Mae will produce non-privileged documents responsive to Request No. 40 that relate to the Restatement.

### REQUEST FOR PRODUCTION NO. 41

All documents relating to Fannie Mae's actual or projected earnings per share during the relevant time period, including, without limitation, any policies, directives, memoranda, communications, correspondence, or other documents concerning objectives, goals, or targets for increasing earnings per share.

**RESPONSE TO REQUEST NO. 41**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 41 as overly broad, unduly burdensome, and duplicative of previous document requests. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 41 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 42**

All documents relating to Fannie Mae's executive compensation policies or practices.

**RESPONSE TO REQUEST NO. 42**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 42 to the extent it is overly broad and unduly burdensome, particularly as it seeks "[a]ll documents relating to" these matters. Fannie Mae also objects to Request No. 42 to the extent it is duplicative of Plaintiffs' Requests for Production of Documents. Furthermore, Fannie Mae objects to Request No. 42 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 42 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 42 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie

Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 43

All documents concerning meetings of Fannie Mae's Board of Directors and any of its committees, including, but not limited to, minutes of the meetings.

### RESPONSE TO REQUEST NO. 43

In addition to the General Objections identified above, Fannie Mae objects to Request No. 43 to the extent it is overly broad and unduly burdensome, particularly as it seeks "[a]ll documents" concerning the meetings of the Board and "any of its committees" without specifying or restricting the subject matter of the meetings. Fannie Mae also objects to Request No. 43 to the extent it is duplicative of Plaintiffs' Requests for Production of Documents. Furthermore, Fannie Mae objects to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 43 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine or other applicable privileges. Fannie Mae has already produced documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents and these are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to the documents already produced, Fannie Mae will produce non-privileged Board and Audit Committee minutes and materials responsive to Request No. 43 that relate to the Restatement, to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 44

All documents concerning any investigation authorized, directed, or required by Fannie

Mae's Board of Directors and/or any of its committees regarding Fannie Mae's accounting

activities, practices, procedures, or policies.

### RESPONSE TO REQUEST NO. 44

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 44 as overly broad, unduly burdensome, and duplicative of previous document requests.

Fannie Mae also objects to Request No. 44 to the extent it seeks documents that are not relevant

to claims or defenses in this case and not reasonably calculated to lead to the discovery of

admissible evidence.  Fannie Mae further objects to Request No. 44 to the extent it seeks

documents protected by the attorney-client privilege, work-product doctrine or other applicable

privileges.  Fannie Mae has produced non-privileged documents responsive to Request No. 44,

and those documents are available to KPMG on the shared production database.  Subject to and

without waiving the foregoing objections, in addition to the documents already produced, Fannie

Mae will produce non-privileged documents responsive to Request No. 44 to the extent that they

are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 45

All documents concerning the certification of Fannie Mae's financial statements by

Fannie Mae executives.

### RESPONSE TO REQUEST NO. 45

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 45 as overly broad, unduly burdensome, and duplicative of earlier document requests.

Fannie Mae also objects to Request No. 45 to the extent it seeks documents that are not relevant

to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 45 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae has already produced non-privileged documents related to this request through 2004, and those documents are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 46

All documents concerning any decision, discussion, communication, or consideration by Fannie Mae whether to accept, reject, endorse, or otherwise take any position regarding the Rudman Report or any of the findings or conclusions of the Rudman Report, including drafts of press releases issued by Stephen Ashley and Daniel Mudd.

### RESPONSE TO REQUEST NO. 46

In addition to the General Objections identified above, Fannie Mae objects to Request No. 46 as overly broad, unduly burdensome, and duplicative of earlier document requests. Furthermore, Fannie Mae objects to Request No. 46 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 46 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Fannie Mae has already produced non-privileged documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents and these are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, Fannie Mae will produce non-privileged documents responsive to Request No. 46 that are relevant to a claim or defense of any party in

the consolidated civil proceeding to the extent that they are in Fannie Mae's possession, custody

or control, have not already been produced, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 47

All documents concerning Fannie Mae's decision to engage KPMG as its external

auditor.

### RESPONSE TO REQUEST NO. 47

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 47 as overly broad, unduly burdensome, and duplicative of earlier document requests.

Furthermore, Fannie Mae objects to Request No. 47 to the extent it seeks documents that are not

relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery

of admissible evidence. Fannie Mae further objects to this request to the extent it seeks

documents created before January 1, 1998. Subject to and without waiving the foregoing

objections, Fannie Mae states that it has already produced non-privileged documents responsive

to Request No. 47 that are relevant to a claim or defense of any party in the consolidated civil

proceeding to the extent that they were in Fannie Mae's possession, custody or control and could

reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 48

All documents concerning engagement letters provided by KPMG to Fannie Mae.

### RESPONSE TO REQUEST NO. 48

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 48 as overly broad, unduly burdensome, and duplicative of previous document requests.

Fannie Mae also objects to Request No. 48 to the extent it seeks documents that are not relevant

to claims or defenses in this case and not reasonably calculated to lead to the discovery of

admissible evidence. Fannie Mae further objects to this request to the extent it seeks documents created before January 1, 1998. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 48 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 49

All documents concerning Fannie Mae's management representation letters provided to KPMG.

### RESPONSE TO REQUEST NO. 49

In addition to the General Objections identified above, Fannie Mae objects to Request No. 49 to the extent it is overly broad and unduly burdensome. Fannie Mae also objects to Request No. 49 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae objects to Request No. 49 to the extent it seeks production of documents that are or should be in the possession of KPMG. Fannie Mae further objects to this request to the extent it seeks documents created before January 1, 1998. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 49 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 50

All documents concerning communications by or with any Individual Defendant regarding Fannie Mae's accounting practices, procedures, or policies.

### RESPONSE TO REQUEST NO. 50

In addition to the General Objections identified above, Fannie Mae objects to Request No. 50 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 50 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 50 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 50 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 51

All documents concerning communications by or with any Individual Defendant regarding any decision, discussion, or consideration by Fannie Mae whether to provide information to or withhold information from KPMG regarding Fannie Mae's accounting practices, procedures, or policies.

### RESPONSE TO REQUEST NO. 51

In addition to the General Objections identified above, Fannie Mae objects to Request No. 51 as overly broad, unduly burdensome, and duplicative of previous document requests.

Furthermore, Fannie Mae objects to Request No. 51 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 51 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 51 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 52**

All documents concerning communications by or with any Individual Defendant regarding any decision, discussion, or consideration by Fannie Mae whether to provide KPMG with misleading, inaccurate, or incomplete information regarding Fannie Mae's accounting practices, procedures, or policies.

**RESPONSE TO REQUEST NO. 52**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 52 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 52 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that non-privileged documents responsive to Request No. 52, if any, have

already been produced to the extent that they were in Fannie Mae's possession, custody, or control and could be reasonably located, and are available to KPMG on the shared production database.

## REQUEST FOR PRODUCTION NO. 53

All documents concerning any investigation or inquiry by Fannie Mae regarding actions or decisions made by any Individual Defendant.

## RESPONSE TO REQUEST NO. 53

In addition to the General Objections identified above, Fannie Mae objects to Request No. 53 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae further objects to Request No. 53 on the ground that it is vague and ambiguous. Additionally, Fannie Mae objects to this request to the extent it calls for the production of documents outside of the possession of Fannie Mae. Furthermore, Fannie Mae objects to Request No. 53 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Additionally, Fannie Mae further objects to producing any documents that OFHEO has instructed the Company not to produce pursuant to 12 C.F.R. § 1703.40, which provides that "OFHEO reports of examinations, or any documents related thereto, are the property of OFHEO and are not to be disclosed to any person without the Director's prior written consent." These "documents are the property of OFHEO and cannot be released without OFHEO's consent and . . . their production must be sought from OFHEO" pursuant to the procedures set forth in OFHEO's *Touhy* regulations (12 C.F.R. §§ 1703.33, 1703.34(b, c), and 1703.37(b)). 12 C.F.R. §

1703.40.  Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 53 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 54

All documents concerning communications with Roger Barnes regarding Fannie Mae's accounting practices, procedures, or policies.

### RESPONSE TO REQUEST NO. 54

In addition to the General Objections identified above, Fannie Mae objects to Request No. 54 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae objects to Request No. 54 on the ground that it is vague and ambiguous.  Fannie Mae also objects to Request No. 54 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, Fannie Mae objects to this request to the extent that it seeks documents outside of the possession of Fannie Mae.  Fannie Mae further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other applicable privileges.  Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 54 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

-47-

**REQUEST FOR PRODUCTION NO. 55**

All documents concerning any investigation or inquiry by Fannie Mae regarding allegations or questions raised by Roger Barnes concerning Fannie Mae's accounting practices, procedures, or policies.

**RESPONSE TO REQUEST NO. 55**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 55 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae also objects to Request No. 55 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, privacy rights or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 55 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 56**

All documents concerning communications between or among any current or former Fannie Mae officer or director, Fannie Mae, the Individual Defendants, Janet Pennewell, Jonathan Boyles and/or Sampath Rajappa regarding Roger Barnes.

**RESPONSE TO REQUEST NO. 56**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 56 as overly broad, unduly burdensome, and duplicative of previous document requests.

-48-

Fannie Mae also objects to Request No. 56 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, privacy rights or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced all non-privileged documents from the Individual Defendants, Janet Pennewell, Jonathan Boyles, and Sampath Rajappa that could reasonably be located. Fannie Mae has produced non-privileged documents responsive to Request No. 56 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 57

All documents concerning communications with Michelle Skinner regarding Fannie Mae's accounting practices, procedures, or policies.

### RESPONSE TO REQUEST NO. 57

In addition to the General Objections identified above, Fannie Mae objects to Request No. 57 to the extent it is overly broad and unduly burdensome. Fannie Mae also objects to Request No. 57 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, privacy rights or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae refers KPMG to its Response to Request No. 58.

**REQUEST FOR PRODUCTION NO. 58**

All documents concerning any investigation or inquiry by Fannie Mae regarding

allegations or questions raised by Michelle Skinner concerning Fannie Mae's accounting

practices, procedures, or policies.

**RESPONSE TO REQUEST NO. 58**

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 58 as overly broad, unduly burdensome, and duplicative of previous document requests.

Fannie Mae objects to Request No. 58 to the extent that it seeks documents that are not relevant

to claims or defenses in this case, and not reasonably calculated to lead to the discovery of

admissible evidence. Additionally, Fannie Mae objects to Request No. 58 to the extent it seeks

information protected by the attorney-client privilege, work-product doctrine or other applicable

privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it

has already produced non-privileged documents responsive to Request No. 58 that are relevant to

a claim or defense of any party in the consolidated civil proceeding to the extent that they were

in Fannie Mae's possession, custody or control and could reasonably be located, and they are

available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 59**

All documents concerning communications between or among any current or former

Fannie Mae officer or director, Fannie Mae, the Individual Defendants, Janet Pennewell,

Jonathan Boyles and/or Sampath Rajappa regarding Michelle Skinner.

**RESPONSE TO REQUEST NO. 59**

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 59 to the extent it is overly broad and unduly burdensome. Fannie Mae also objects to

Request No. 59 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, privacy rights or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents from the Individual Defendants, Janet Pennewell, Jonathan Boyles, and Sampath Rajappa.

### REQUEST FOR PRODUCTION NO. 60

All documents concerning communications between or among any current or former Fannie Mae officer or director, Fannie Mae, the Individual Defendants, Janet Pennewell, Jonathan Boyles and/or Sampath Rajappa regarding any of the findings or conclusions of the interim OFHEO Report.

### RESPONSE TO REQUEST NO. 60

In addition to the General Objections identified above, Fannie Mae objects to Request No. 60 to the extent it is overly broad and unduly burdensome. Fannie Mae also objects to Request No. 60 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, privacy rights or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents from the Individual Defendants, Janet Pennewell, Jonathan Boyles, and Sampath Rajappa.

**REQUEST FOR PRODUCTION NO. 61**

All documents concerning communications between or among any current or former Fannie Mae officer or director, Fannie Mae, the Individual Defendants, Janet Pennewell, Jonathan Boyles and/or Sampath Rajappa regarding any of the findings or conclusions of the final OFHEO Report.

**RESPONSE TO REQUEST NO. 61**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 61 to the extent it is overly broad and unduly burdensome. Fannie Mae also objects to Request No. 61 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, privacy rights or other applicable privileges. Fannie Mae offers to meet and confer with KPMG's counsel to discuss a more reasonable scope for this Request.

**REQUEST FOR PRODUCTION NO. 62**

All documents concerning communications between or among any current or former Fannie Mae officer or director, Fannie Mae, the Individual Defendants, Janet Pennewell, Jonathan Boyles and/or Sampath Rajappa regarding any of the findings or conclusions of the Rudman Report.

**RESPONSE TO REQUEST NO. 62**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 62 as overly broad, unduly burdensome, and duplicative of earlier document requests. Furthermore, Fannie Mae objects to Request No. 62 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery

of admissible evidence.  Additionally, Fannie Mae objects to Request No. 62 to the extent it

seeks documents protected by the attorney-client privilege, work-product doctrine, examination

privilege or other applicable privileges.  Fannie Mae offers to meet and confer with KPMG's

counsel to discuss a more reasonable scope for this Request.

### REQUEST FOR PRODUCTION NO. 63

All documents contained in or concerning the personnel file(s) of Franklin Raines.

### RESPONSE TO REQUEST NO. 63

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 63 as overly broad, unduly burdensome, and duplicative of earlier document requests.

Furthermore, Fannie Mae objects to Request No. 63 to the extent it seeks documents that are not

relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery

of admissible evidence.  Fannie Mae further objects to Request No. 63 to the extent it is vague

and ambiguous, specifically with respect to the term "personnel file."  Fannie Mae also objects to

Request No. 63 to the extent that it seeks information that is privileged, private, personal or

financial.   Subject to and without waiving the foregoing objections, Fannie Mae has produced

non-privileged documents responsive to this request, and those documents are available to

KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 64

All documents contained in or concerning the personnel file(s) of Timothy Howard.

### RESPONSE TO REQUEST NO. 64 '

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 64 as overly broad, unduly burdensome, and duplicative of previous document requests.

Furthermore, Fannie Mae objects to Request No. 64 to the extent it seeks documents that are not

relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 64 to the extent it is vague and ambiguous, specifically with respect to the term "personnel file." Fannie Mae also objects to Request No. 64 to the extent that it seeks information that is privileged, private, personal or financial. Subject to and without waiving the foregoing objections, Fannie Mae has already produced non-privileged documents responsive to this request, and those documents are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 65**

All documents contained in or concerning the personnel file(s) of Leanne Spencer.

**RESPONSE TO REQUEST NO. 65**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 65 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 65 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 65 to the extent it is vague and ambiguous, specifically with respect to the term "personnel file." Fannie Mae also objects to Request No. 65 to the extent that it seeks information that is privileged, private, personal or financial. Subject to and without waiving the foregoing objections, Fannie Mae has already produced non-privileged documents responsive to this request, and those documents are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 66**

All documents contained in or concerning the personnel file(s) of Janet Pennewell.

**RESPONSE TO REQUEST NO. 66**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 66 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 66 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 66 to the extent it is vague and ambiguous, specifically with respect to the term "personnel file." Fannie Mae also objects to Request No. 66 to the extent that it seeks information that is privileged, private, personal or financial. Subject to and without waiving the foregoing objections, Fannie Mae has produced non-privileged documents responsive to this request, and those documents are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 67**

All documents contained in or concerning the personnel file(s) of Jonathan Boyles.

**RESPONSE TO REQUEST NO. 67**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 67 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 67 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to Request No. 67 to the extent it is vague and ambiguous, specifically with respect to the term "personnel file." Fannie Mae also objects to Request No. 67 to the extent that it seeks information that is privileged, private, personal or financial. Subject to and without waiving the foregoing objections, Fannie Mae has produced

non-privileged documents responsive to this request, and those documents are available to

KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 68

All documents contained in or concerning the personnel file(s) of Sampath Rajappa.

### RESPONSE TO REQUEST NO. 68

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 68 as overly broad, unduly burdensome, and duplicative of previous document requests.

Furthermore, Fannie Mae objects to Request No. 68 to the extent it seeks documents that are not

relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery

of admissible evidence. Fannie Mae further objects to Request No. 68 to the extent it is vague

and ambiguous, specifically with respect to the term "personnel file." Fannie Mae also objects to

Request No. 68 to the extent that it seeks information that is privileged, private, personal or

financial. Subject to and without waiving the foregoing objections, Fannie Mae has produced

non-privileged documents responsive to this request, and those documents are available to

KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 69

All documents contained in or concerning the personnel file(s) of Roger Barnes.

### RESPONSE TO REQUEST NO. 69

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 69 as overly broad, unduly burdensome, and duplicative of previous document requests.

Fannie Mae further objects to Request No. 69 to the extent it is vague and ambiguous,

specifically with respect to the term "personnel file." Fannie Mae also objects to Request No. 69

to the extent it seeks documents that are not relevant to claims or defenses in this case and not

reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, privacy rights or other applicable privileges. Fannie Mae also objects to Request No. 69 to the extent that it seeks information that is privileged, private, personal or financial. Subject to and without waiving the foregoing objections, Fannie Mae has produced non-privileged documents responsive to this request, and those documents are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 70

All documents contained in or concerning the personnel file(s) of Michelle Skinner.

### RESPONSE TO REQUEST NO. 70

In addition to the General Objections identified above, Fannie Mae objects to Request No. 70 to the extent it seeks discovery regarding matter that is not relevant to claims or defenses in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae also objects to this request as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae further objects to Request No. 70 to the extent it is vague and ambiguous, specifically with respect to the term "personnel file." Additionally, Fannie Mae objects to Request No. 70 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine or other applicable privileges. Fannie Mae also objects to Request No. 70 to the extent that it seeks information that is private, personal or financial. Fannie Mae has already produced to all parties documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents, and these are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 71**

All documents relating to any assessment or evaluation of Fannie Mae's internal controls, including, without limitation, any documents created or produced in connection with any certification or sub-certification of compliance with the provisions of the Sarbanes-Oxley Act of 2002.

**RESPONSE TO REQUEST NO. 71**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 71 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 71 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Fannie Mae has produced documents related to this request that are responsive to Lead Plaintiffs' and Defendant Raines' Requests for Production of Documents and those documents are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to documents that Fannie Mae has already produced, Fannie Mae will produce its 2005 SOX Conclude binder.

**REQUEST FOR PRODUCTION NO. 72**

All documents relating to closing meetings for each quarterly review and audit during the relevant time period.

**RESPONSE TO REQUEST NO. 72**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 72 to the extent it is overly broad and unduly burdensome. Fannie Mae further objects to

Request No. 72 on the ground that it is vague and ambiguous. Furthermore, Fannie Mae objects to Request No. 72 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it produced closing notes related to quarterly reviews and the audit, and these documents are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 73

All documents concerning Fannie Mae's Derivatives Accounting Guidelines.

### RESPONSE TO REQUEST NO. 73

In addition to the General Objections identified above, Fannie Mae objects to Request No. 73 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae further objects to Request No. 73 to the extent it seeks documents that are not relevant to claims or defenses in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 73 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine or other applicable privileges. Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 73 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition

to the documents already produced, Fannie Mae will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 74**

All documents concerning Fannie Mae's Hedge Accounting Policy Manual(s).

**RESPONSE TO REQUEST NO. 74**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 74 to the extent it is overly broad and unduly burdensome. Additionally, Fannie Mae objects to Request No. 74 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae will produce the Hedge Accounting Policy Manual, to the extent that this was not previously produced.

**REQUEST FOR PRODUCTION NO. 75**

All documents concerning Fannie Mae's Financial Accounting Policy Manual(s) or Fannie Mae's Financial Accounting Policy Guide(s).

**RESPONSE TO REQUEST NO. 75**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 75 as overly broad, unduly burdensome, and duplicative of previous document requests. Additionally, Fannie Mae objects to Request No. 75 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine or other applicable privileges. Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 75 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to the documents that Fannie Mae has

already produced, Fannie Mae will produce Accounting Policy Guides and Manuals, to the extent that these were not previously produced.

### REQUEST FOR PRODUCTION NO. 76

All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under SFAS 133.

### RESPONSE TO REQUEST NO. 76

In addition to the General Objections identified above, Fannie Mae objects to Request No. 76 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to Request No. 76 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 76 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Fannie Mae has already produced documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents, and those documents are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, Fannie Mae will produce non-privileged documents responsive to Request No. 76 that are related to the Restatement to the extent that they are in Fannie Mae's possession, custody or control, have not yet been produced, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 77

All documents reflecting any tests of anticipated effectiveness, measures of ineffectiveness, or analyses or estimates of possible ineffectiveness of derivatives or hedging

transaction from January 1, 2000 through December 31, 2004, including, without limitation, all documents relating to or relied upon in preparing Fannie Mae's letters to the SEC dated October 19, November 3, and November 24, 2004.

### RESPONSE TO REQUEST NO. 77

In addition to the General Objections identified above, Fannie Mae objects to Request No. 77 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae further objects to Request No. 77 to the extent it calls for production of documents in the possession of KPMG. Furthermore, Fannie Mae objects to Request No. 77 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 77 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 77 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 78

All documents reflecting the absence of documents, failure to maintain documents, or destruction of documents concerning any tests of anticipated effectiveness, measures of ineffectiveness, or analyses or estimates of possible ineffectiveness of derivatives or hedging transaction from January 1, 2000 through December 31, 2004.

**RESPONSE TO REQUEST NO. 78**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 78 as overly broad, unduly burdensome, and duplicative of previous requests. Furthermore, Fannie Mae objects to Request No. 78 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 78 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 78 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 79**

All documents concerning the calculation of ineffectiveness associated with termouts performed in the second and third quarters of 2004, as referenced in Fannie Mae's letter to the SEC dated November 24, 2004.

**RESPONSE TO REQUEST NO. 79**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 79 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae further objects to Request No. 79 to the extent it calls for production of documents in the possession of KPMG. Furthermore, Fannie Mae objects to Request No. 79 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to

Request No. 79 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 79 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 80

All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under SFAS 149.

### RESPONSE TO REQUEST NO. 80

In addition to the General Objections identified above, Fannie Mae objects to Request No. 80 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae further objects to Request No. 80 to the extent it calls for production of documents in the possession of KPMG. Furthermore, Fannie Mae objects to Request No. 80 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 80 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Fannie Mae has already produced documents related to this request that are responsive to Lead Plaintiffs' Requests for Production of Documents, and these are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to the documents that Fannie Mae has already produced, Fannie Mae will produce non-privileged accounting policy

documents responsive to Request No. 80 that are related to the Restatement to the extent that

they are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 81

All documents concerning Fannie Mae's development, implementation, and application

of policies, practices, and procedures for accounting under SFAS 91.

### RESPONSE TO REQUEST NO. 81

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 81 as overly broad, unduly burdensome, and duplicative of previous document requests.

Fannie Mae further objects to Request No. 81 to the extent it calls for production of documents

in the possession of KPMG. Furthermore, Fannie Mae objects to Request No. 81 to the extent it

seeks documents that are not relevant to claims or defenses in this case and not reasonably

calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to

Request No. 81 to the extent it seeks documents protected by the attorney-client privilege, work-

product doctrine, examination privilege or other applicable privileges. Fannie Mae has already

produced documents related to this request that are responsive to Lead Plaintiffs' Requests for

Production of Documents, and these are available to KPMG on the shared production database.

Subject to and without waiving the foregoing objections, in addition to the documents Fannie

Mae has already produced, Fannie Mae will produce non-privileged accounting policy

documents created after January 1, 1998 responsive to Request No. 81 that are related to the

Restatement to the extent that they are in Fannie Mae's possession, custody or control, and can

reasonably be located.

**REQUEST FOR PRODUCTION NO. 82**

All documents concerning Fannie Mae's forecast of the prepayment rates for its asset portfolio from 1995 through the present.

**RESPONSE TO REQUEST NO. 82**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 82 as overly broad, unduly burdensome, and duplicative of previous requests. Furthermore, Fannie Mae objects to Request No. 82 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents created between January 1, 1998 and December 2004, responsive to Request No. 82 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

**REQUEST FOR PRODUCTION NO. 83**

All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under SFAS 115.

**RESPONSE TO REQUEST NO. 83**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 83 as overly broad, unduly burdensome, and duplicative of earlier document requests. Fannie Mae further objects to Request No. 83 to the extent it calls for production of documents

-66-

in the possession of KPMG.  Furthermore, Fannie Mae objects to Request No. 83 to the extent it

seeks documents that are not relevant to claims or defenses in this case and not reasonably

calculated to lead to the discovery of admissible evidence.  Additionally, Fannie Mae objects to

Request No. 83 to the extent it seeks documents protected by the attorney-client privilege, work-

product doctrine, examination privilege or other applicable privileges.  Fannie Mae has already

produced documents related to this request that are responsive to Lead Plaintiffs' Requests for

Production of Documents, and these are available to KPMG on the shared production database.

Subject to and without waiving the foregoing objections, in addition to the documents Fannie

Mae has already produced, Fannie Mae will produce non-privileged accounting policy

documents responsive to Request No. 83 that are related to the Restatement to the extent that

they are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 84

All documents concerning Fannie Mae's development, implementation, and application

of policies, practices, and procedures for accounting under SFAS 125.

### RESPONSE TO REQUEST NO. 84

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 84 as overly broad, unduly burdensome, and duplicative of previous requests.  Fannie Mae

further objects to Request No. 84 to the extent it calls for production of documents in the

possession of KPMG.  Furthermore, Fannie Mae objects to Request No. 84 to the extent it seeks

documents that are not relevant to claims or defenses in this case and not reasonably calculated

to lead to the discovery of admissible evidence.  Additionally, Fannie Mae objects to Request

No. 84 to the extent it seeks documents protected by the attorney-client privilege, work-product

doctrine, examination privilege or other applicable privileges.  Subject to and without waiving

the foregoing objections, in addition to all the documents Fannie Mae has produced, Fannie Mae

will produce non-privileged accounting policy documents responsive to Request No. 84 that are

related to the Restatement to the extent that they are in Fannie Mae's possession, custody or

control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 85

All documents concerning Fannie Mae's development, implementation, and application

of policies, practices, and procedures for accounting under SFAS 140.

### RESPONSE TO REQUEST NO. 85

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 85 as overly broad, unduly burdensome, and duplicative of previous document requests.

Fannie Mae further objects to Request No. 85 to the extent it calls for production of documents

in the possession of KPMG. Furthermore, Fannie Mae objects to Request No. 85 to the extent it

seeks documents that are not relevant to claims or defenses in this case and not reasonably

calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to

Request No. 85 to the extent it seeks documents protected by the attorney-client privilege, work-

product doctrine, examination privilege or other applicable privileges. Fannie Mae has already

produced documents related to this request that are responsive to Lead Plaintiffs' Requests for

Production of Documents, and these are available to KPMG on the shared production database.

Subject to and without waiving the foregoing objections, in addition to all the documents Fannie

Mae has produced, Fannie Mae will produce non-privileged accounting policy documents

responsive to Request No. 85 that are related to the Restatement to the extent that they are in

Fannie Mae's possession, custody or control, and can reasonably be located.

**REQUEST FOR PRODUCTION NO. 86**

All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under FIN 45.

**RESPONSE TO REQUEST NO. 86**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 86 to the extent it is overly broad and unduly burdensome. Fannie Mae further objects to Request No. 86 to the extent it calls for production of documents in the possession of KPMG. Furthermore, Fannie Mae objects to Request No. 86 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 86 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, in addition to the documents Fannie Mae has already produced, Fannie Mae will produce non-privileged accounting policy documents responsive to Request No. 86 that are related to the Restatement to the extent that they are in Fannie Mae's possession, custody or control, have not yet been produced, and can reasonably be located.

**REQUEST FOR PRODUCTION NO. 87**

All documents concerning the calculation or estimation of Fannie Mae's SFAS 91 quarterly or annual amortization catch-up sensitivities.

**RESPONSE TO REQUEST NO. 87**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 87 as overly broad, unduly burdensome, and duplicative of previous document requests.

Fannie Mae further objects to Request No. 87 to the extent it calls for production of documents in the possession of KPMG. Furthermore, Fannie Mae objects to Request No. 87 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 87 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 87 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database. In addition to all the documents Fannie Mae has already produced, Fannie Mae will produce non-privileged accounting policy documents responsive to Request No. 87 that are related to the Restatement to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

## REQUEST FOR PRODUCTION NO. 88

All documents concerning Fannie Mae's calculation of estimated prepayment speeds, SFAS 91 adjustments, factor changes, interest rate paths, and other data used to estimate amortization of premiums and discounts on loans and securities or catch-up adjustments during the relevant time period.

## RESPONSE TO REQUEST NO. 88

In addition to the General Objections identified above, Fannie Mae objects to Request No. 88 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae further objects to Request No. 88 to the extent it calls for production of documents

in the possession of KPMG. Furthermore, Fannie Mae objects to Request No. 88 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to Request No. 88 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, in addition to all the documents Fannie Mae has produced, Fannie Mae will produce non-privileged accounting policy documents responsive to Request No. 88 that are related to the Restatement to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 89

All documents concerning the results of Fannie Mae's estimates of prepayment speeds compared to historical results or to estimates of others.

### RESPONSE TO REQUEST NO. 89

In addition to the General Objections identified above, Fannie Mae objects to Request No. 89 to the extent it is overly broad and unduly burdensome. Fannie Mae further objects to Request No. 89 to the extent it calls for production of documents in the possession of KPMG. Furthermore, Fannie Mae objects to Request No. 89 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, in addition to all the documents Fannie Mae has produced, Fannie Mae will produce non-privileged accounting policy documents responsive to Request No. 89 that are related to the

Restatement to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 90

All documents concerning Fannie Mae's estimate of amortization of expense for the period ending December 31, 1998 or deferral by Fannie Mae of the approximately $200 million of estimated expense in 1998.

### RESPONSE TO REQUEST NO. 90

In addition to the General Objections identified above, Fannie Mae objects to Request No. 90 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae further objects to Request No. 90 to the extent it calls for production of documents in the possession of KPMG. Furthermore, Fannie Mae objects to Request No. 90 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 90 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 91

All documents concerning Fannie Mae's compliance or non-compliance with GAAP, including, without limitation, any memoranda, correspondence, electronic mail, or other

documents relating to any discussion or consideration of whether any Fannie Mae activity, policy, or practice was or was not compliant with GAAP.

**RESPONSE TO REQUEST NO. 91**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 91 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae further objects to Request No. 91 on the ground that it is vague and ambiguous. Fannie Mae objects to Request No. 91 to the extent it calls for production of documents in the possession of KPMG. Fannie Mae also objects to Request No. 91 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 91 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database. Fannie Mae further refers KPMG to its Responses to Request Nos. 92 through 98.

**REQUEST FOR PRODUCTION NO. 92**

All documents concerning Fannie Mae's decision to restate its financial statements for errors relating to the accounting treatment of debt and derivatives under SFAS 133, including, without limitation, documents relating to:

> (a) designation of derivatives either as cash flow or as fair value hedges;
>
> (b) accounting for foreign exchange derivatives;
>
> (c) recording of financial instruments as derivatives;
>
> (d) valuation of option-based and foreign exchange derivatives; and

(e) calculation of interest expense.

**RESPONSE TO REQUEST NO. 92**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 92 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae also objects to Request No. 92 to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae will produce non-privileged documents responsive to Request No. 92 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they are in Fannie Mae's possession, custody or control, have not yet been produced, and can reasonably be located.

**REQUEST FOR PRODUCTION NO. 93**

All documents concerning Fannie Mae's decision to restate its financial statements for errors associated with accounting treatment of mortgage loan and security commitments under SFAS 133 and SFAS 149, including, without limitation, documents relating to:

> (a) accounting treatment of mortgage loan and security commitments prior to the adoption of SFAS 149;
>
> (b) accounting treatment of mortgage loan and security commitments after the adoption of SFAS 149;
>
> (c) calculation of SFAS 149 transition adjustment in 2003;
>
> (d) accounting treatment of security commitments that were not classified as securities prior to July 1, 2003; and
>
> (e) valuation of mortgage loan and security commitments.

**RESPONSE TO REQUEST NO. 93**

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 93 as overly broad, unduly burdensome, and duplicative of previous requests.  Furthermore,

Fannie Mae objects to Request No. 93 to the extent it seeks documents that are not relevant to

claims or defenses in this case and not reasonably calculated to lead to the discovery of

admissible evidence.  Fannie Mae also objects to Request No. 93 to the extent it seeks documents

protected by the attorney-client privilege, work-product doctrine, examination privilege or other

applicable privileges.  Subject to and without waiving the foregoing objections, Fannie Mae will

produce non-privileged documents responsive to Request No. 93 that are relevant to a claim or

defense of any party in the consolidated civil proceeding to the extent that they are in Fannie

Mae's possession, custody or control, have not yet been produced, and can reasonably be

located.

**REQUEST FOR PRODUCTION NO. 94**

Documents concerning Fannie Mae's decision to restate its financial statements for errors

associated with accounting treatment of investments in securities under SFAS 115, SFAS 125,

and SFAS 140, including, without limitation, documents relating to:

  (a) classification of securities for SFAS 115 purposes;

  (b) valuation of securities;

  (c) classification of dollar roll repurchase transactions;

  (d) assessment of securities for impairment; and

  (e) assessment of interest-only securities and lower credit quality investments

    for impairment.

**RESPONSE TO REQUEST NO. 94**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 94 as overly broad, unduly burdensome, and duplicative of previous requests. Furthermore, Fannie Mae objects to Request No. 94 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae will produce non-privileged documents responsive to Request No. 94 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they are in Fannie Mae's possession, custody or control, have not yet been produced, and can reasonably be located.

**REQUEST FOR PRODUCTION NO. 95**

All documents concerning Fannie Mae's decision to restate its financial statements for errors associated with mortgage-backed security trust consolidation and sale accounting under SFAS 125 and SFAS 140, including, without limitation, documents relating to:

> (a) consolidation of mortgage-backed security trusts; and

> (b) accounting for transfer of assets to mortgage-backed security trusts.

**RESPONSE TO REQUEST NO. 95**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 95 as overly broad, unduly burdensome, and duplicative of previous requests. Furthermore, Fannie Mae objects to Request No. 95 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of

admissible evidence.  Additionally, Fannie Mae objects to the Request to the extent it seeks

documents protected by the attorney-client privilege, work-product doctrine, examination

privilege or other applicable privileges.  Subject to and without waiving the foregoing objections,

Fannie Mae will produce non-privileged documents responsive to Request No. 95 that are

relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that

they are in Fannie Mae's possession, custody or control, have not yet been produced, and can

reasonably be located.

### REQUEST FOR PRODUCTION NO. 96

All documents concerning Fannie Mae's decision to restate its financial statements for

errors associated with financial guaranties and master servicing under FIN 45, SFAS 91, SFAS

125, and SFAS 140, including, without limitation, documents relating to:

(a) amortization of guaranty and master servicing contracts;

(b) valuation of guaranty assets and guaranty obligations;

(c) accounting for buy-ups;

(d) accounting for lender-provided credit enhancements;

(e) recording of adjustments to guaranty assets and guaranty obligations based

on the amount of Fannie Mae mortgage-backed securities held in

consolidated balance sheets;

(f) accounting treatment of guaranty assets and guaranty obligations

associated with guaranties to mortgage-backed security trusts in which

Fannie Mae was the transferor of the trust's underlying loans;

(g) recognition of master servicing assets and related deferred profit;

(h) assessment of guaranty assets for impairment; and

(i) assessment of buy-ups for impairment.

**RESPONSE TO REQUEST NO. 96**

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 96 as overly broad, unduly burdensome, and duplicative of previous requests. Furthermore,

Fannie Mae objects to Request No. 96 to the extent it seeks documents that are not relevant to

claims or defenses in this case and not reasonably calculated to lead to the discovery of

admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks

documents protected by the attorney-client privilege, work-product doctrine, examination

privilege or other applicable privileges. Subject to and without waiving the foregoing objections,

Fannie Mae will produce non-privileged documents responsive to Request No. 96 that are

relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that

they are in Fannie Mae's possession, custody or control, have not yet been produced, and can

reasonably be located.

**REQUEST FOR PRODUCTION NO. 97**

All documents concerning Fannie Mae's decision to restate its financial statements for

errors associated with amortization of cost basis adjustments under SFAS 91, including, without

limitation, documents relating to:

>      (a) calculation of prepayments speeds at Fannie Mae;

>      (b) aggregation of assets for amortization purposes; and

>      (c) analysis of cumulative catch-up adjustments.

**RESPONSE TO REQUEST NO. 97**

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 97 as overly broad, unduly burdensome, and duplicative of previous requests. Furthermore,

Fannie Mae objects to Request No. 97 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae will produce non-privileged documents responsive to Request No. 97 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they are in Fannie Mae's possession, custody or control, have not yet been produced, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 98

All documents concerning Fannie Mae's decision to restate its financial statements for errors that do not fall within any of the categories listed in the foregoing document requests, including, without limitation, documents relating to:

     (a) accounting for partnership investments;

     (b) classification of loans held for sale;

     (c) provision for credit losses;

     (d) early funding options and corresponding forward commitments;

     (e) collateral associated with derivatives contracts;

     (f) accounting for reverse mortgages;

     (g) accounting for dollar rolls;

     (h) Fannie Mae's Account 1622;

     (i) the Low Income Housing Tax Credit ("LIHTC");

     (j) accrued interest on delinquent loans;

(k) amortization of prepaid mortgage insurance;

(l) computation of interest income;

(m) amortization of Fannie Mae's mortgage insurance contract;

(n) stock-based compensation;

(o) calculation of earnings per share;

(p) presentation of business segments; and

(q) fair value disclosure of financial instruments.

## RESPONSE TO REQUEST NO. 98

In addition to the General Objections identified above, Fannie Mae objects to Request No. 98 as overly broad, unduly burdensome, and duplicative of previous requests. Furthermore, Fannie Mae objects to Request No. 98 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae will produce non-privileged documents responsive to Request No. 98 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they are in Fannie Mae's possession, custody or control, have not yet been produced, and can reasonably be located.

## REQUEST FOR PRODUCTION NO. 99

All documents related to the quantification of the financial effect of the changes in the accounting for each issue identified in the Restatement.

**RESPONSE TO REQUEST NO. 99**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 99 to the extent it is overly broad and unduly burdensome. Fannie Mae also objects to Request No. 99 to the extent it is vague and therefore subject to varying interpretations. Fannie Mae also objects to the Request in that it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine or other applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae will produce non-privileged documents responsive to Request No. 99 that are sufficient to show the financial effect of the relevant accounting issues to the extent that they are in Fannie Mae's possession, custody or control, have not yet been produced, and can reasonably be located.

**REQUEST FOR PRODUCTION NO. 100**

All documents concerning any audit difference or audit adjustment that KPMG posted or proposed to Fannie Mae.

**RESPONSE TO REQUEST NO. 100**

In addition to the General Objections identified above, Fannie Mae objects to Request No. 100 as overly broad, unduly burdensome, and duplicative of previous document requests. Fannie Mae also objects to Request No. 100 to the extent it seeks documents that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 100 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent

that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 101

All documents concerning Fannie Mae's decision to terminate KPMG as its external auditor.

### RESPONSE TO REQUEST NO. 101

In addition to the General Objections identified above, Fannie Mae objects to Request No. 101 as overly broad, unduly burdensome, and duplicative of previous document requests. Furthermore, Fannie Mae objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine, examination privilege or other applicable privileges. Fannie Mae states that it has already produced non-privileged documents responsive to Request No. 101 that are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent that they were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database. Subject to and without waiving the foregoing objections, in addition to all the documents Fannie Mae has produced, Fannie Mae will produce responsive documents to the extent that they are in Fannie Mae's possession, custody or control, and can reasonably be located.

### REQUEST FOR PRODUCTION NO. 102

All documents concerning Fannie Mae's evaluations or assessments of KPMG's work for Fannie Mae.

### RESPONSE TO REQUEST NO. 102

In addition to the General Objections identified above, Fannie Mae objects to Request No. 102 as overly broad, unduly burdensome, and duplicative of previous requests. Fannie Mae

further objects to Request No. 102 to the extent it calls for production of documents in the

possession of KPMG. Fannie Mae objects to this request on the ground that it is vague and

ambiguous. Furthermore, Fannie Mae objects to the Request to the extent it seeks documents

protected by the attorney-client privilege, work-product doctrine, examination privilege or other

applicable privileges. Subject to and without waiving the foregoing objections, Fannie Mae

states that it has already produced non-privileged documents responsive to Request No. 102 that

are relevant to a claim or defense of any party in the consolidated civil proceeding to the extent

that they were in Fannie Mae's possession, custody or control and could reasonably be located,

and they are available to KPMG on the shared production database.

### REQUEST FOR PRODUCTION NO. 103

All documents concerning Fannie Mae's document retention policy.

### RESPONSE TO REQUEST NO. 103

In addition to the General Objections identified above, Fannie Mae objects to Request

No. 103 as overly broad, unduly burdensome, and duplicative of previous document requests.

Fannie Mae further objects to this request on the ground that it is vague and ambiguous in that it

does not specify which of Fannie Mae's document retention policies to which its request applies.

Fannie Mae also objects to Request No. 103 to the extent it seeks documents that are not relevant

to claims or defenses in this case and not reasonably calculated to lead to the discovery of

admissible evidence. Additionally, Fannie Mae objects to Request No. 103 to the extent it seeks

documents protected by the attorney-client privilege, work-product doctrine or other applicable

privileges. Subject to and without waiving the foregoing objections, Fannie Mae states that it

has already produced non-privileged documents responsive to Request No. 103 that are relevant

to a claim or defense of any party in the consolidated civil proceeding to the extent that they

were in Fannie Mae's possession, custody or control and could reasonably be located, and they are available to KPMG on the shared production database.

## SPECIFIC RESPONSES
## TO REQUESTS FOR TANGIBLE THINGS

### TANGIBLE THING REQUESTED NO. 1

All current and historical systems used by Fannie Mae in its accounting for FAS 133, including DEBTS, FAS 133 Accounting Prototype, STAR, Hedge Integrated Trading System ("HITS"), PVM, and Hedge Accounting Tracking System ("HATS"), as these systems are defined in Fannie Mae's 2003 Derivatives Accounting Guidelines. To the extent that the systems cannot be produced for technological reasons, compliance with this request may be achieved pursuant to Federal Rules of Civil Procedure 26(b) and 34(a) by granting access to these systems for inspection by KPMG representatives.

### RESPONSE TO REQUEST NO. 1

In addition to the General Objections identified above, Fannie Mae objects to Request No. 1 as overly broad and unduly burdensome. Fannie Mae also objects to Request No. 1 to the extent it seeks tangible things that are not relevant to claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae objects to Request No. 1 to the extent it seeks records protected by the attorney-client privilege, work-product doctrine or other applicable privileges, and objects to the extent it seeks access to proprietary software systems.

Dated: June 7, 2007

Respectfully submitted,

**ON BEHALF OF DEFENDANT FANNIE MAE**

**JENNER & BLOCK LLP**

Jeffrey W. Kilduff
Brian D. Boyle
Robert M. Stern
Natasha Colton
Michael J. Walsh, Jr.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
202-383-5300 (voice)
202-383-5414 (fax)

Seth Aronson
O'Melveny & Myers LLP
400 South Hope Street, 15th Floor
Los Angeles, CA 90071-2899
213-430-6000 (voice)
213-430-6407 (fax)

_____/s/ Jerome L. Epstein_____
Jerome L. Epstein (DC Bar No. 412824)
Martina E. Vandenberg (DC Bar No. 476685)
Jenner & Block LLP
601 13th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-639-6062 (voice)
202-639-6066 (fax)

## CERTIFICATE OF SERVICE

I certify that on June 7, 2007, I caused to be served a copy of these objections on the following counsel of record by electronic and U.S. mail.

Kevin M. Downey, Esq.
Joseph M. Terry, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5091

***Counsel for Defendant Franklin D. Raines***

Andrew S. Tulumello, Esq.
Melanie L. Katsur, Esq.
Claudia Osorio, Esq.
Gibson Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

***Counsel for Defendant KPMG LLP***

James R. Cummins, Esq.
Melanie Corwin, Esq.
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
-and-
Jeffrey C. Block, Esq.
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02169

***Counsel for Lead Plaintiffs***

Steven M. Salky, Esq.
Eric Delinsky, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036-5802

***Counsel for Defendant J. Timothy Howard***

David S. Krakoff, Esq.
Mark W. Ryan, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006-1101

***Counsel for Defendant Leanne G. Spencer***

Richard H. Klapper, Esq.
Michael T. Tomaino, Jr., Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004-2498

***Counsel for Defendant Goldman Sachs***

Megan D. McIntyre
Grant & Eisenhoffer P.A.
1201 North Market Street
Wilmington, DE 19801

***Counsel for Evergreen and Franklin Plaintiffs***

Rhonda D. Orin. Esq.
Anderson Kill & Olick, L.L.P.
2100 M Street, NW., Suite 50
Washington, DC 20037

**Counsel for Leslie Rahl**


James Hamilton, Esq.
David Ackerman, Esq.
Bingham McCutchen, LLP
2020 K Street, NW
Washington, DC 20006

**Counsel for Joe Pickett**

William A. Krohley, Esq.
Christopher Palermo, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

**Counsel for John Wulff**

James Wareham, Esq.
James Anklam, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, NW
Washington, DC 20005

**Counsel for Daniel Mudd**

Michael L. Navarre, Esq.
Ratliff Law Firm
600 Congress Avenue
Suite 3100
Austin, Texas 78701

**Counsel for Manuel Justiz**


Julia Guttman, Esq.
Nick Brady, Esq.
Baker Botts LLP
The Warner
1299 Pennsylvania Ave
Washington DC 20004

**Counsel for Jamie Gorelick**


John J. Clarke, Jr., Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020
-and-
Edward S. Scheideman, III, Esq.
DLA Piper US LLP
1200 Nineteen Street, NW
Washington, DC 20036

**Counsel for Stephen Ashley, Ann Korologos
and Donald Marron**


Rachelle Barstow, Esq.
Bonnie Altro, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

**Counsel for Thomas P. Gerrity**

Biz Van Gelder, Esq.
Mark Sweet, Esq.
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006

**Counsel for Frederic Malek and Anne
Mulcahy, and for Thomas Gerrity in the
Evergreen Action**

Randal J. Baron, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

***Counsel for Co-Lead Plaintiff Wayne County Employees Public Retirement System***

Douglas S. Johnston, Jr., Esq.
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201

***Counsel for Co-Lead Plaintiff Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust***

Mr. Samuel K. Rosen, Esq.
Weschler Harwood LLP
488 Madison Ave.
New York, NY 10022

***Counsel to ERISA Plaintiffs***

/s/ Jerome L. Epstein
Jerome L. Epstein