

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1625 Eye Street, NW | NEWPORT BEACH |
| BRUSSELS | Washington, D.C. 20006-4001 | NEW YORK |
| CENTURY CITY | TELEPHONE (202) 383-5300 | SAN FRANCISCO |
| HONG KONG | FACSIMILE (202) 383-5414 | SHANGHAI |
| LONDON | www.omm.com | SILICON VALLEY |
| LOS ANGELES | | TOKYO |

OUR FILE NUMBER
258,938-861

WRITER'S DIRECT DIAL
(202) 383-5382

November 29, 2007

WRITER'S E-MAIL ADDRESS
knewman@omm.com

C. Simon Davidson, Esq.
McGuire, Woods, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5317

Re:    *Fannie Mae Securities No. 1:04-CV-1639 (DDC)*

Dear C. Simon:

    I am in receipt of your November 21, 2007 letter to Mr. Epstein. As some of the privilege issues were initially raised in the securities litigation and have been the subject of several rounds of negotiation between our firm and the plaintiffs, I am responding in part to your letter. Mr. Epstein and I will coordinate with you to the extent any of the privilege issues differ for the malpractice litigation.

    Although I appreciate your desire "to identify as rapidly as possible any issues that the parties will be unable to resolve without court involvement," your letter seems to me to be a tad premature. E&Y, PwC, KPMG, and Fannie Mae are still producing documents and none of these parties to date, contrary to your assertions, has produced a final privilege log (other than those logs produced by Fannie Mae to OFHEO during the Special Examination, and KPMG's logs produced to the SEC). Fannie Mae has produced to date over 25 million pages and has withheld only a tiny percentage on the ground of privilege, while it continues to negotiate with Plaintiffs. Your co-counsel, Gibson Dunn & Crutcher, was invited by Mr. Epstein months ago to participate in those negotiations. We heard nothing from counsel for KPMG until this past month, when we began receiving demand letters and threats from you.

    With respect to your allegation that "prior requests for the basic background information regarding Fannie Mae's assertions of the protections of privilege and work product as they relate to E&Y" have gone unanswered, you need only read the prior correspondence between Fannie Mae and Plaintiffs to which I previously referred you. Plaintiffs and Fannie Mae have been negotiating privilege issues since April. In addition, you may also find the Paul Weiss Report, dated February 26, 2006 (beginning at page 582) and documents cited therein helpful as well as numerous documents in the shared database. In sum, Wilmer retained E&Y to assist Wilmer in



EXHIBIT
H

O'MELVENY & MYERS LLP

November 29, 2007, Page 2

---

its defense of Fannie Mae during the Special Examination and in anticipation of litigation with OFHEO.

    Your assertions regarding documents "Produced to the Government" or "Related to Paul Weiss" are just as infirm as they are premature. Again, our prior correspondence with Plaintiffs, that you have admittedly read, addresses at least in part our position and the caselaw upon which Fannie Mae relies. The legal analysis, given the relevant caselaw (which includes many more cases than the *one* cited in your letter), varies depending on the facts and circumstances of each document. In any event, we are considering your position on privilege issues and expect to reach a final decision on privilege claims in the near future.

                Sincerely,

                Kimberly A. Newman

cc:    Melanie Corwin
       Jerry Epstein
       Roberta Koss
       Andy Heaton
       Scott Schreiber
       Charles McIntyre