# EXHIBIT Y

# O

## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEWPORT BEACH
NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO

OUR FILE NUMBER
258,938-861

WRITER'S DIRECT DIAL
(202) 383-5382

WRITER'S E-MAIL ADDRESS
knewman@omm.com

September 27, 2007

**VIA FACSIMILE AND MAIL**

Melanie S. Corwin, Esq.
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

Re:   *Questions Regarding Fannie Mae's Privilege Logs*

Dear Melanie:

This letter responds to your letter dated September 11, 2007 to Amy J. Longo posing several questions regarding the privilege logs provided to Lead Plaintiffs by Fannie Mae on April 6, 2007. For ease of reference, we have identified each question you posed in bold italicized text, with our corresponding response below.

1. SRC Logs.

    - *On the disc that you sent, the first four logs provided each contain entries for 1,740 documents and appear to be exact duplicates. If they are not exact duplicates and are different in any way, please let me know.*

        o There appears to have been a technical glitch when burning these logs to the CD that we provided you in April. There are four distinct logs:

            1. Post-SRC Agreed Withhold Log, containing 1740 entries;

            2. Post-SRC Board Privilege Log, containing 71 entries;

            3. Post-SRC Agreed Redactions Log, containing 66 entries; and

            4. Post-SRC Personal Priv_Common Interest Log, containing 245 entries.

        We enclose a new CD containing these four logs.

O'MELVENY & MYERS LLP

Melanie S. Corwin, Esq., September 27, 2007 - Page 2

- *It is my understanding from your letter that the documents on these logs were not produced to OFHEO, the SEC, the Department of Justice, the PCOAB or any other regulators or governmental agencies. Please confirm that is accurate.*
    - To the best of our knowledge, the documents bearing the Bates numbers identified on the privilege logs were not produced to OFHEO, the SEC, the Department of Justice, the PCOAB or any other regulators or governmental agencies.

- *Please also let me know if these documents were provided to Paul Weiss in connection with its internal investigation.*
    - Pursuant to the Memorandum of Understanding ("MOU") entered into by and between the Special Review Committee of Fannie Mae's Board of Directors and OFHEO on April 8, 2005, the logged documents were reviewed for a determination as to whether they should be considered in connection with any of the investigations of the Company.

- *In addition, the logs contain a column titled "Production Date" with dates in several of the entries. I assume this means that the documents were produced to the Xerox database but with redactions. If that is incorrect, please let me know.*
    - This statement is incorrect. To the best of our knowledge, entries in the "Production Date" column signify the date upon which the document was produced by the Company to Paul Weiss for consideration under the MOU.

- *Are the documents on these logs the ones you indicated that Fannie Mae would produce if we agreed not to seek the documents on Fannie's Miscellaneous Log?*
    - No. After careful consideration pursuant to the terms of the MOU, the logged documents were withheld from regulators on account of their privileged status. Fannie Mae intends to maintain its assertion of privilege over these documents.

2.  <u>MOU Log</u>.

- *Another log on the disc was entitled "Privileged Log for Documents Produced to Paul Weiss that Parties Agree Should be Withheld Pursuant to MOU." Has Fannie Mae produced the "MOU" referenced in this log? If so, please provide the bates-numbers for that document.*
    - Fannie Mae has produced at least one version of the referenced MOU. This document can be found at FMCIV-02 02170168 - FMCIV-02 02170170.

- *Please also explain what "JD" stands for in the privilege claim column.*

O'MELVENY & MYERS LLP

Melanie S. Corwin, Esq., September 27, 2007 - Page 3

- o "JD" stands for "joint defense."

- *Please confirm whether the documents on this log were provided to OFHEO, the SEC, the Department of Justice, the PCOAB, or any other regulators or governmental agencies.*
    - o To the best of our knowledge, the documents bearing the Bates numbers identified on this privilege log were not provided to OFHEO, the SEC, the Department of Justice, the PCOAB, or any other regulators or governmental agencies.

- *Are the documents on this log the ones you indicated that Fannie Mae would produce if we agreed not to seek the documents on Fannie's Miscellaneous Log?*
    - o No. After careful consideration pursuant to the terms of the MOU, the logged documents were withheld from regulators on account of their privileged status. Fannie Mae intends to maintain its assertion of privilege over these documents.

3. <u>TPW-MOU Logs</u>.

- *Three additional logs were produced in .PDF format called TPW-MOU Log 1, TPW-MOU Log 2 and TPW-MOU Supp. (documents withheld per Special Review Committee). Please confirm whether the documents on this log were provided to OFHEO, the SEC, the Department of Justice, the PCOAB or any other regulators or governmental agencies.*
    - o To the best of our knowledge, the documents bearing the Bates numbers identified on the privilege logs were not provided to OFHEO, the SEC, the Department of Justice, the PCOAB or any other regulators or governmental agencies.

- *Also, there is no column on these logs that indicate which privilege is being asserted for each document (attorney client and/or work product).*
    - o The nature of the particular privilege claim is detailed in the "Description of Privilege" column. However, for ease of reference, we are enclosing on CD a revised log on which the privilege claim is indicated by "AC" (attorney-client privilege) or "WP" (work product privilege) designations.

- *Are the documents on this log the ones you indicated that Fannie Mae would produce if we agreed not to seek the documents on Fannie's Miscellaneous Log?*
    - o No. After careful consideration pursuant to the terms of the MOU, the logged documents were withheld from regulators on account of their privileged

O'MELVENY & MYERS LLP

Melanie S. Corwin, Esq., September 27, 2007 - Page 4

>   status. Fannie Mae intends to maintain its assertion of privilege over these documents.
>
> - ***Finally, would you please produce these logs in an Excel or Word format so they can be sorted and any deficiencies noted on the actual log.***
>
>     o   These logs were prepared by another law firm during OFHEO's Special Examination, as contemplated by the MOU. We have produced these logs to Lead Plaintiffs in the same format in which we received them.

4. <u>Draft Sample Log</u>.

In your September 11 letter, you requested that we produce a privilege log for Fannie Mae's March 20 production as well as for any other documents withheld by Fannie Mae for which a privilege log has not yet been provided. As we explained during our privilege-related discussions in March 2007, we awaited your response to our proposal to reach a global resolution of all privilege issues before we undertook the costly and time-consuming effort of further logging the privileged documents. As we have also previously explained, it will take a significant amount of time – perhaps months – to create such a large privilege log. While we will undertake to produce a privilege log as expeditiously as possible, this process has been unnecessarily prolonged by Lead Plaintiffs' five-month delay in responding to our proposal.

Please feel free to contact me should you have any questions. Thank you for your courtesy in this regard.

Very truly yours,

*Kimberly A. Newman*
Kimberly A. Newman
of O'MELVENY & MYERS LLP

Enclosure

cc:   James R. Cummins, Esq. (w/enc.)
      Karen A. Thomas, Esq. (w/enc.)
      Megan D. McIntyre, Esq. (w/enc.)
      Samuel K. Rosen, Esq. (w/enc.)
      Kevin M. Downey, Esq. (w/enc.)
      Alex G. Romain, Esq. (w/enc.)
      Steven M. Salky, Esq. (w/enc.)

O'MELVENY & MYERS LLP

Melanie S. Corwin, Esq., September 27, 2007 - Page 5

      Eric R. Delinsky, Esq. (w/enc.)
      David S. Krakoff, Esq. (w/enc.)
      Christopher F. Regan, Esq. (w/enc.)
      Andrew S. Tulumello, Esq. (w/enc.)
      Jeffrey W. Kilduff, Esq. (w/enc.)